**RECEIVED**
03/08/23
DEBORAH S. HUNT, Clerk

**CASE NO. 21-5882**

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

### BRENDA KAY LEAVY,

*Plaintiff-Appellant*

v.

### FEDEX CORPORATION,

*Defendant-Appellee*

---

### On Appeal from the United States District Court

### Western District of Tennessee, Western District

### Civil Action No. 2:19-cv-02705-JFT-tmp

---

### MOTION TO VACATE ORDER

---

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN  38141
(901) 495-3561
*Pro Se*

1

## STATEMENT OF THE CASE AND GROUNDS TO VACATE THE ORDER

Pursuant to Civil Rule 60, Brenda K. Leavy ("Leavy"), *Pro Se,* is filing a Motion to Vacate and Void the Order that the Sixth Circuit Appellate Court ("Sixth Circuit") entered on December 20, 2022, by BOGGS, THAPAR, and READLER, Circuit Judges, in her Disability Discrimination lawsuit against Federal Express Corporation ("FedEx").

The Sixth Circuit has the power to vacate the Order that was entered against Leavy on the grounds that the District Court deprived Leavy of her right to a jury trial when they manipulated her to accept a Magistrate Judge, with a conflict of interest. When Leavy again asked for a jury trial, she was denied a proper chance to present her side of the action.

Leavy filed a Civil Rights Employment Disability Discrimination lawsuit against FedEx, with **Jury Demand**, in federal court on October 16, 2019. Upon belief that the District Court leveraged Leavy's *pro se* status against her, discrimination has followed her to the Sixth Circuit seated in assignment of the appeal to the sole control of central staff. That assignment taking place with no disclosure that she would not have equal access to the three-judge panel. Central staff are not duly appointed appellate judges. Leavy was denied a jury trial at the District Court and denied access to judicial analysis at the Sixth Circuit. Therefore, Leavy was deprived of her constitutional right to due process both at the District Court and the Sixth Circuit.

While the Sixth Circuit happily welcomes and accepts the required $500 filing fee from Leavy, it should treat her with the same degree of respect that it affords FedEx. Disallowing Leavy from the same processes afforded to FedEx violates the Fourteenth Amendment of the Constitution. This Order sets the precedent that FedEx

is above the law. However, under the legal laws and protections against discrimination in the United States, which are enforced by the Equal Employment Opportunity Commission, it is illegal to discriminate against employees in the workplace because of cancer.

FedEx hired Leavy in June of 1992. Leavy enjoyed twenty-six (26) years of employment with FedEx until her illegal termination on October 5, 2018. Leavy served as the Executive Administrative Assistant for Ms. Karen Galambos, Staff Vice President of Human Resources, for approximately two years before her unlawful termination. During her tenure with FedEx, Leavy received positive annual performance evaluations throughout her employment and was never disciplined.

Leavy was diagnosed with breast cancer in February 2018, which is disability that is a protected right under the Civil Rights laws. Title I of the Americans with Disabilities Act ("ADA") prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability," including Leavy. 42 U.S.C. §12112(a). The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of a qualified individual with a disability, absent an undue hardship on the operation of the business" 42 U.S.C. §12112(b)(5)(A). FedEx did not engage in the mandatory interactive process and failed to provide Leavy, a protected employee, with a reasonable accommodation. Instead, FedEx terminated her. The ADA law is crystal clear in its meaning and does not provide as exceptions to the power of federal judges or its staff.

Leavy is an African American woman, and she know her history. The Thirteenth Amendment to the U.S. Constitution freed her people from slavery and yet this has never been enough. Leavy know that under the landmark "*Brown v.*

3

*Board of Education*, Topeka, 347 U.S. 483 (1954)" decision separate and unequal is a Civil Rights Violation.  This standard applies to denial of judicial analysis simply because Leavy filed *pro se*. Poor, disadvantaged, *pro se* persons are a protected class routinely discriminated against under what is known as the Appellate Triage Model.

Former law school professor Penelope Pether described what Leavy believe she experienced.

She wrote: "…that the corpus of clerk and staff attorney-authorized opinions is not merely likely to be sloppy or wrong, but that it has structurally subordinating effects.  On the rare occasion that they register the kind of second-class treatment that is likely to produce injustice, they (federal courts) do not make the connection between flawed procedure and its result: systemic injustice somehow becomes invisible. FJC Report; supra note 82. "Sorcerers, Not Apprentices: How Judicial Clerks and Staff Attorney's Impoverish U.S. Law;" 39 Ariz. St. L.J. 1 (2007); Penelope Pether.

The Sixth Circuit enforced the Order against Leavy without acknowledging the facts, issues and legal arguments of her appeal. She was not given an opportunity to be heard at any time before the Order was entered.


## UNANSWERED APPEAL QUESTIONS

Leavy filed a Pro Se Appellant Brief with the Court of Appeals for the Sixth Circuit on April 6, 2022.  (R. 13, PageID 1-59.)  As valid appeal questions…Leavy specifically requested that she wanted the following laws applied to her appeal: Family and Medical Leave Act ("FMLA") of 1993 (FMLA), 29 U.S.C. §§ 2601-2654 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213

(2012), which was amended by the ADA Amendments Act of 2008 ("Amendments Act" or "ADAAA").

Questions submitted to the Error Correction Mandate of the appeals process centered on whether Leavy experienced discrimination because of her breast cancer disability and request for reasonable accommodation; and whether FedEx complied with its obligations of the ADA by engaging in the mandatory interactive process to accommodate Leavy, a qualified employee with a known disability, under the FMLA and ADA laws.

The Sixth Circuit author never addressed the following appeal question: It being that FedEx denied Leavy a benefit to which she is "entitled" to, when it acted unlawfully and refused to comply with the FMLA regulations; and thus, wrongfully terminating her employment interfered with her FMLA leave §2615(a)(1).

In merely rubber stamping the District Court Order, the Sixth Circuit failed to address the fact that FedEx failed to provide Leavy with the Notice of Requirement. 29 C.F.R. §825.305(a). *Wallace v. FedEx Corp.*, 764 F.3d 571, 590 (6th Cir. 2014). FedEx did not assign anyone to explain to Leavy the FMLA "Eligibility Notice," 29 C.F.R §825.300(b); the "Rights and Responsibilities Notice," 29 C.F.R §825.300(c); or a "Designation Notice," 29 C.F.R §825.300(d). The District Court should have given deference to 29 C.F.R. §825.305. FedEx's noncompliance with §825.305(c) substantially prejudiced Leavy. (R. 39-9, PageID 443-449.)

The Sixth Circuit did not make its ruling based the following Appeal Questions:

    i.    Whether the District Court erred in ignoring the material fact that after Leavy requested accommodation, FedEx refused to comply with the Written Notice Requirements of 29 C.F.R. §825.305 to provide her a

reasonable accommodation, in violation of the ADA. FedEx did not engage in the mandatory interactive process. (42 U.S.C. §12112(b)(5)(A).

ii.  Whether the District Court erred in omitting the critical material facts and evidence that Leavy suffers from breast cancer, a qualified disability that is protected from discrimination under the FMLA and ADA laws.

iii. Whether the District Court erred in granting FedEx summary judgment by misapplying the summary-judgment standard and ADA precedents. The District Court analyzed Leavy's "Failure to Accommodate under the ADA" claim under the reduction-in-force standard by using the McDonnell Douglas burden shifting, which applies to indirect evidence cases.

The appeal courts do not exist to rubber stamp district court decisions. They are the peoples' courts and the people rich or poor, black or white, sophisticated and articulate or not have an equal right to be heard on every appeal question involving their rights. Leavy's appeal questions were not addressed on facts and content. Leavy's' Fourteenth Amendment right to due process was violated when the Sixth Circuit denied her an opportunity to tell her side of the case. On the day Leavy's appeal was sent down a "less than track" due process was blocked in that her Appeal Questions were never answered.

Violations of law in how these laws were wrongly applied by the District Court Order were not answered. Appeal questions were ignored. The Sixth Circuit did not fairly or evenly apply its Error Correction responsibility. Leavy has the right to be heard on every appeal question involving her rights. The Sixth Circuit author, despite the lies put forth by central staff, is most certainly not a judge. This is a Void Order for failure to apply ADA precedent, failure to answer the appeal questions, and denial of access to judicial analysis. No judicial analysis equates to no due process. Separate and unequal is a Civil Rights Violation. *Brown v. Board of Education.*

6

## LEAVY'S RIGHT TO DUE PROCESS OF LAW VIOLATED

The Order does not address violation of the Seventh Amendment, right to trial by a jury, which assures that ordinary people decide what the law is, and not the king and his minions. This is raised as an appeal question on Document 13, Page 37 of the *Pro Se* Appellant's Brief.

The Seventh Amendment to the United States Constitution guarantees the right to a trial by jury in any civil lawsuit involving claims valued at more than $20. While judges would have recognized this offense and most certainly would have addressed it, the staff member writing the Order did not.  Why?  This person was far more concerned with her assigned task of dispensing as quickly as possible with as many *pro se* cases as possible, saving the workload of judges.  Two divergent and contrary goals working against justice makes the Appellate Triage Model a vehicle for tyranny.

In a summary judgment, all reasonable inferences must be drawn in Leavy's favor as the non-moving party. See *Maty v. Grasselli Chemical Co.,* 303 U.S. 197 (1938). The Maty decision stated: "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."  The U.S. Supreme Court made it clear in the Maty decision that cases must be resolved on their merits. However, Leavy was denied due process so that this case can be heard on its merits, as the law favors.

The Fourteenth Amendment states that government cannot deprive "any person of life, liberty, or property, without due process of law." Chief Justice William Howard Taft explained the purpose behind the clauses in *Truax v. Corrigan* (1921) as follows: "The due process clause requires that every man shall

7

have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society.

The District Court dismissed Leavy's case with prejudice while ignoring the laws, critical material facts and relevant evidence that Leavy presented – ensuring her claim could never be heard again by another judge, without addressing the issues. Such acts are clear violations of Leavy's constitutional right to due process.

The Sixth Circuit concealed the bias, judicial misconduct, and deprivation of due process of the District Court judges by simply restating their rulings, similarly ignoring the same facts, issues and legal arguments on Appeal that would otherwise require the District Court's decision to be reversed. The Sixth Circuit selectively omitted information that would reveal the real issue Leavy's case is being appealed.

On appeal, Leavy understand today that her *Pro Se* Appellant's Brief was delegated to central staff. That there was a separate and unequal track of assignment, coming with automatic denial of the right to be heard at oral arguments. Leavy's First Amendment to the U.S. Constitutional right to petition her government (the Sixth Circuit) for redress of grievances under its error and scope of responsibility was violated.  Leavy believe that this separate and unequal assignment was triggered by her *pro se* status. Discrimination against *pro se* appellants is a "lynching without the noose" ... to quote Clarence Thomas.  Leavy is a human being and she deserve equal justice.

The Sixth Circuit issued an Order that appears well-reasoned to the naked eye but contains only the unsupported facts and arguments of FedEx.  The Sixth Circuit

omitted Leavy's relevant facts and evidence that would otherwise show the absurdity of their rulings. The three-judge panel is not exercising any oversights or quality control over what they have rubber stamped have violated their constitutional oaths of office and stripped Leavy of her constitutional rights. A judgment of a court without hearing the party or giving him/her an opportunity to be heard is not a judicial determination of his rights. *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal. The Sixth Circuit has made a complete mockery of due process.

The Order as written is lacking in judicial analysis. This leads Leavy to believe that her Appeal was assigned to central staff absent any judicial or administrative oversight as to quality and preservation of rights. If actual judicial analysis had been applied, the three-judge-panel would have been faithful to ADA precedent. Access to judicial analysis, as that process is traditionally and lawfully understood, was denied to Leavy. Lack of judicial analysis seated in delegation of Leavy's appeal to central staff equate to no due process.

Leavy has a constitutional right to tell her story to an impartial tribunal, a group of people who are not part of the legal/governmental system— who are ordinary citizens like herself. Upon belief that actual judges would have recognized and addressed Leavy's right of access to a jury trial without any deception or manipulation on the part of the District Court to deter her from this right. Leavy has never had an opportunity to be heard, first at the District Court and then on appeal at the Sixth Circuit.

According to rules of judicial conduct called canons, Judges have a duty to respect the inexperience of a *pro se* litigant and help them understand the legal process (but not the law). Canon 3 of the Code of Judicial Conduct (SCR 63) requires

judges to remain faithful to the law, to be unswayed by partisan interests, public clamor, or fear of criticism, to perform judicial duties without bias or prejudice, and to disqualify themselves where they are acting as lawyers in a proceeding. Judges are also to be efficient, patient, and to ensure that litigants receive a fair trial. None of those standards, however, are of much help when unrepresented litigants are denied the right of access to the three-judge panel.

Leavy did not consent to the referral of her case to a Magistrate Judge for trial and entry of a final judgment. However, the District Court directed her to trial by Magistrate Judge. They did so without fully explaining what a magistrate judge is; taking place outside the open forum of a courtroom with no right to appear. The Sixth Circuit has been so negligent toward the ADA precedents that Leavy has been "deprived equal protection of the laws." The Fourteenth Amendment's promise of "liberty" encompasses, among other things, "those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)).  Decisions affecting individuals are made by a jury of peers.

Discrimination is evident in that an actual three-judge-panel would have recognized that the District Court judge was obligated to do more than rubber stamp the work of the Magistrate Judge under his supervision as in: *Hernandez v. Estelle*: "…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." And…"objections to such proposed findings and recommendations as provided by rules of the court.  A judge of the District Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations as provided by rules of the court.  And… to which objection is made;" 28 U.S. Code 636 § (b)(1)(C).  The district court treated Leavy's Objections as if it were never made.

Rule 3.  Appeal as of Right.  How taken.  Rule 3: (a)(3) An appeal from a judgement by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgement.  Leavy's appeal was not taken in the same way.  Stripping Procedural Due Process safeguards and equal treatment, "taken in the same way" did not exist. What is so "equal" about this type of judicial conduct?

When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends the rule of law. ... Because due process has been violated, the Order that violated it should be overturned or struck void. That this is not respected, honored, or evidenced is again proof that the three-judge panel were not present, except in name only. Separate and unequal in the assignment of Leavy's appeal to the sole control of central staff is a Civil Rights Violation. For these reasons it is incumbent upon the Sixth Circuit to void the current Order and address the appeal questions in keeping with law, precedent, and procedural due process safeguards.

## SUMMARY JUDGMENT INAPPROPRIATELY GRANTED TO FEDEX

At summary judgment, Leavy supported her claims with evidence that: (1) she was disabled; (2) she was "otherwise qualified for the position; (3) FedEx knew of her disability; (4) FedEx denied her request for continuous accommodation; and (5) FedEx forced Leavy to work beyond her medical restrictions.

FedEx has acknowledged its mistake in its Reply Brief to Leavy's *Pro Se* Appellant Brief. "FedEx concedes for purposes of this Appeal that Ms. Leavy was disabled under the ADA." FedEx's Brief (R. 17, Page 19.) FedEx concluded that "Ms. Leavy was "otherwise qualified for the position and that FedEx knew of her

11

disability." Leavy contends that because it is undisputed that she is disabled and qualified for her position, she falls under the ADA and is entitled to all the protections the statue offers. However, Leavy's appeal has not been "taken" nor has it ever been heard.

As another example, the staff-authored Order failed to address that.... Once Leavy has established a *prima facie* case, FedEx "bear[s] the burden of proving that . . . a proposed accommodation will impose an undue hardship upon the employer." *Monett*e, 90 F.3d at 1186. Once Leavy requested an accommodation, FedEx had an affirmative duty to engage in an interactive process. *Hostettler*, 895 F.3d at 857.

FedEx did not argue in District Court or the Sixth Circuit the affirmative defense that "not making reasonable accommodations to Leavy, a qualified individual with a known disability, would create an undue hardship on the operation of the business." (42 U.S.C. §12112(b)(5)(A)). FedEx has not met its burden.

Leavy has established a *prima facie* case of disability discrimination. However, the Sixth Circuit refuse to enforce the ADA protections that Leavy is rightfully entitled to. The Sixth Circuit failed to respect and comply with the obligations of the ADA precedent and did not act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

In the U.S. legal system, there is a principle that compels judges to respect the precedent established by prior decisions on similar cases. This principle is known as "*stare decisis*". This means that courts should adhere to precedent, and not stir the pot on matters already settled.

In Leavy's appeal, her rights were shredded when the Sixth Circuit wrote a dismissal so flawed that it contradicted the authority of the FMLA and the ADA laws. Disregarding the content of Leavy's *Pro Se* Appellant Brief, the resultant dismissal was so flawed that it ruled against the Sixth Circuit's own Ruling in *Atkins v. Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7, 2018), which was written by now Acting Chief Judge Jeffrey Sutton.

Atkins's basis for the Sixth Circuit's reconsideration appears to be that the District Court was in clear error in making its determination. Consequently, Atkins asserted that Dolgencorp failed to accommodate her as a matter of law. Accordingly, Leavy's case has the same argument as Atkins; ADA - failure to accommodate an employee's disability and refusal to engage in the interactive process as a matter of law… but different conclusion.

In *Atkins*, Chief Judge Sutton wrote: "Happily for us, doctrine lines up with common sense in this setting. A defendant may use a legitimate, nondiscriminatory rationale as a shield against *indirect* or *circumstantial* evidence of discrimination. *See Ferrari v. Ford Motor Co*., 826 F.3d 885, 891-92 (6th Cir. 2016). But a neutral policy is of no moment when an employee presents *direct* evidence of discrimination. *See id.* And failing to provide a protected employee a reasonable accommodation constitutes direct evidence of discrimination. *See Kleiber*, 485 F.3d at 868. Hence "failure to consider the possibility of reasonable accommodation for known disabilities, if it leads to discharge for performance inadequacies resulting from disabilities, amounts to discharge solely because of the disabilities." *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc*. 119 F.3d 453, 460 (6th Cir. 1997)(en banc) quotations omitted."

13

Chief Judge Sutton reversed summary judgment in favor of Coldwater, holding that Morrissey established that she has a disability and had requested an accommodation, just as Leavy has established that she has a disability and requested an accommodation."  Doing so in favor of Leavy and in keeping with established ADA precedent… Chief Judge Sutton would never have ruled against himself.

Just as Dolgencorp, FedEx's failure to engage in the mandatory interactive process automatically constitutes a failure to accommodate, which is direct evidence of discrimination, where Leavy proved that a reasonable accommodation would have been possible.  Ignoring ADA precedent is considered an abuse of the Sixth Circuit's authority and was without legal justification.

Under *Kleiber,* the Sixth Circuit applies the "direct evidence" test to resolve failure to accommodate claims. 485 F.3d at 868 ("[C]laims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence . . . of discrimination. FedEx did not reasonably accommodate Leavy, so she was not required to establish anything more for her claim to be viable because she produced direct evidence of discrimination, failure to accommodate.

The Sixth Circuit has gone against ADA laws, stare decisis, with no compelling reason to deviate from the ADA precedent. The decision in Leavy's case is not consistent with the application of the law of "failure to engage in the interactive process and failure to provide a reasonable accommodation" with the cases in the Sixth Circuit. Leavy has cited case law in numerous published cases from the Sixth Circuit to substantiate that the law weighs heavily in her favor.  *See  Kleiber v. Honda of Am. Mfg., Inc*., 485 F.3d 862, 868 (6th Cir. 2007) (quoting 42 U.S.C. §12112(b)(5)(A); *Brumley v. United Parcel Serv., Inc*., 909 F.3d 834, 839 (6th Cir. 2018); *Hostettler v. Coll. of Wooster,* 895 F.3d 844, 852 (6th Cir. 2018); *Atkins v.*

14

*Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7, 2018); *Morrissey v. Laurel Health Care Co.,* No. 18-1704 (6th Cir. 2019); *Fisher v. Nissan North Am., Inc.,* 951 F.3d 409, 416 (6th Cir. 2020); and *King v. Steward Trumbull Mem. Hosp., Inc.,* No. 19-cv-720, 2021 WL 1578076, at *1 (N.D.).

Proof that this was a substandard staff-authored order is evident in that whomever it was that wrote the Order, certainly not a judge, did not follow nor recognize ADA precent set in previous cases ruled on by the Sixth Circuit. Substandard staff-authored opinions are for the most part never published. Published equates to binding – able to be quoted with authority. Not capable of being published communicates a "less than" ruling that has no lasting worth. Not worth the paper it is produced on since judges never had a hand in drafting the outcome. If judges cannot trust these opinions, why should we?

The recent decision by the U.S. Sixth Circuit Court of Appeals in *Atkins v. Dolgencorp, LLC,* No. 17-6278 (6th Cir. Aug. 7, 2018) is instructive in showing that an employer's failure to accommodate an employee's disability and refusal to engage in the interactive process is direct evidence of disability discrimination. "[A]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process." *Barnett v. U.S. Air, Inc*., 228 F.3d at 116 (9th    Cir. 2000) (en banc) (footnote omitted) (quoting 42 U.S.C. § 12112(b)(5)(A)).

The record in this matter is completely bare of any evidence that FedEx engaged in the mandatory interactive process to determine the existence and

feasibility of a reasonable accommodation. Therefore, summary judgment in favor of FedEx was inappropriate on Leavy's Disability and Reasonable Accommodation claim.

## Denial of Petition for Re Hearing En Banc

Leavy filed a Petition for Rehearing En Banc on January 3, 2023, because there is nothing frivolous about cancer and violation of the ADA – and Leavy wanted the opportunity to be heard.  Upon belief that Leavy's petition was never actually circulated to all judges of the court, the Sixth Circuit denied Leavy's petition by similarly ignoring every fact and argument that didn't support the District Court's ruling.  This is yet another indication that judges, protected from criticism are not equally involved in determinations impacting "less than" *pro se* appellants. This is more evidence that track two of the Appellate Triage Model comes with automatic denial of other rights related to any filing that highlight the prejudice and bias applied to any *pro se* appeal. Track two is a civil rights violation.

Unfortunately, again Leavy was denied a proper chance to present her side of the case when the Petition for Rehearing En Banc was treated in an unequal manner; never actually read by judges.  This begs the question if employees having control over initial screening, are shielding a substandard staff authored from accountability per denial of judicial review. Leavy's appeal has never had an opportunity to be heard. Every person is entitled to an opportunity to be heard in a court of law upon every question involving his/her rights or interests, before he/she is affected by any judicial decision on the question. *Earle v McVeigh*, 91 US 503, 23 L Ed 398.

## **CONCLUSION**

As Leavy's constitutional right, a jury should determine the credibility of the witnesses, and whether FedEx's termination of Leavy was motivated by her breast cancer disability and request for reasonable accommodation, or whether FedEx's proffered reasons for terminating Leavy were justified and proper under the law. It should be up to the jury to decide the facts and reach a verdict, within the guidelines of the law as determined by the judge.

Leavy's most heartfelt and sincere request is that the Sixth Circuit will vacate the substandard staff-authored Order, enforce her constitutional rights to be heard on appeal, as stated in the Fourteenth Amendment, allowing Leavy access to a three-judge-panel to hear and rule on her *pro se* Appellant's Brief.

DATED this 8th day of March 2023.

Respectfully submitted,

/s/ Brenda Kay Leavy
Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cove
Memphis, TN  38141

17

## CERTIFICATE OF SERVICE

I, the undersigned, herby certify that on this 8th day of March 2023, the foregoing document has been served via first class U.S. Mail, postage prepaid, upon:

Barak J. Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd floor
Memphis, TN 38125

/s/Brenda Kay Leavy
Brenda Kay Leavy

18