RECEIVED
RECEIVED

JAN 0  2024
JAN 0 5 2024

KELLY L. STEPHENS, Clerk
KELLY L. STEPHENS, Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **BRENDA KAY LEAVY,** | ) | |
| | ) | **District Court Case No.: 19-cv-2705** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **Appellate Case No.: 21-5882** |
| **v.** | ) | |
| | ) | |
| **FEDEX CORPORATION,** | ) | **ORAL ARGUMENT DEMAND** |
| | ) | |
| **Defendant-Appellee.** | ) | |

## PLAINTIFF-APPELLANT'S MOTION FOR VOID JUDGMENT

**1.)** *Pro Se* Appellant Brenda Kay Leavy ("Leavy") is respectfully filing this Motion for a Void Judgment of the staff-authored Order, auto-approved by a three-judge panel on December 20, 2022. Leavy was denied Oral Arguments for the express purpose of concealing corruption; Rule 34(a)(2)(C). After revealing her breast cancer diagnosis, FedEx Corporation ("FedEx") left Leavy with no job and no money to afford an attorney. Leavy had no choice but to proceed *pro se*. It is therefore necessary to invoke the United States holding in *Haines v. Kerner* 404 U.S. 519, 520 (1972), Wherein the supreme court held that a motion drafted by a *Pro Se* litigant is to be held to a less stringent standard than one formally drafted by a trained/professional lawyer. This *pro se* status was repeatedly leveraged against Leavy via District Court and Sixth Circuit cooperation.

**2.)** Leavy was never told that there was NOT adequate Article 111 judge-capacity at the Sixth Circuit. Nor that because of this limited capacity, her *Pro Se* Appellate Brief that was filed on 04/04/2022. (PJE) [Entered: 04/06/2022 11:06 AM] would not be decided carefully, correctly, or lawfully. Lack of disclosure meant that Leavy could not defend against the Sixth Circuit staff priority to shield the District Court from errors and violations of U.S. Code. Including omission of Consent Jurisdiction under 28 US Code § 636 (b)(2)(c). And as cited in *Hernandez v. Estelle: ...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law: 28 U.S. Code § 636 (b)(1)(A).*

**3.)** Leavy filed Notice of Appeal at the District Court, for forward to the Sixth Circuit; Docket No.: [54] 09/13/2021. There was a filing delay of three days. On 09/16/2021 [56] the District Court sent what they describe as a "Modified" Notice of Appeal to the Sixth Circuit. Leavy did not modify her Notice of Appeal. "Modified" worked as Orwellian double-speak for what was withheld. What substituted for Leavy's Notice of Appeal qualifies as a forgery. Leavy's Notice of Appeal was replaced with a form letter and other general information.

**4.)** There are two District Court Dockets. Both work as fraud devices. Docket-One, ***Exhibit-1*** offers no context. This was the only docket available to Leavy. One-to-three-word descriptions kept Leavy ignorant of what was taking place behind the scenes. The cleaned up coverup Docket-Two; ***Exhibit-2*** seeks to conceal District Court violations. Just as Judge Fowlkes orchestrated no due process in favor of the FedEx Defendant obstacles were placed before the Leavy-Appeal denying her a meaningful right to be heard on appeal.

**NOTICE OF DENIAL**

**5.)** NOTICE OF DENIAL Rule 24(a)(4) exposes each of the obstacles launched against the Leavy-Appeal for reasons that have nothing to do with law and justice. Exhibit-2: (A) denies a motion to proceed in Forma Pauperis. (B) certifies that the appeal is not taken in good faith. (C) finds that the party is not otherwise entitled to proceed in Forma Pauperis. As a chain of attack upon the appeal, each of these operated absent disclosures and in violation of: *The district court clerk must immediately notify the parties and the court of appeals when the district court does any of the following.* Not only was Leavy not *"immediately"* notified, but the existence of the Notice of Denial was carefully and consistently concealed from her.

**6.)** On the same day that Leavy filed Notice of Appeal 09/13/2021 [54] she simultaneously filed [55] Pro Se Motion to Proceed in forma pauperis. 10/21/2021 Docket Entry [60], ***Exhibit 3,*** Judge Fowlkes filed ORDER: DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL.

**7.)** 10/28/2021, Entry [61]; ORDER DENYING FEDEX BILL OF COSTS, which was signed by Thomas Gould, directly and blatantly contradicts Judge Fowlkes ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL. ***Exhibit-4***. Mr. Gould found that upon objective review of the same documentation provided to Judge Fowlkes, Leavy was indeed indigent; had submitted her appeal in good faith. This Order

64   reads: *In support of her claim of indigency, Plaintiff relies on her Application to Proceed in District*
65   *Court.* Finding that Leavy prosecuted her case in *good faith,* the losing party is *indigent,* the losing
66   party is *disproportionately less wealthy.* Concluding: *"Given this negative cashflow,* and
67   *Plaintiff's breast cancer diagnosis, the Clerk Finds that Plaintiff has satisfied her burden of*
68   *demonstrating that an award of costs would be an extreme financial hardship, and that she is*
69   *incapable of paying the court costs at this time or in the future and that it would be inequitable to*
70   *impose costs.* Judge Fowlkes is responsible for both outcomes. He is over the Clerk of Court,
71   Thomas Gould. By signature of the one and omitting signature of the other, Judge Fowlkes
72   nevertheless approved both contradictory findings. Both Orders rely on same documentation
73   provided by Leavy.

74       **8.)** Sixth Circuit and District Court collusion then held the Leavy-Appeal hostage over a
75   six-month period until she paid the $505.00 filing fee. Judge Fowlkes placed a significant financial
76   obstacle before the *Pro Se* Appellant to which the Sixth Circuit cooperated. As another obstacle,
77   Case manager Patricia Elder (Ms. Elder") and her supervisor Anne Brown (Ms. Brown), then
78   walked the Appeal through the pretense of addressing the appeal while failing utterly to disclose
79   the existence of Judge Fowlkes' essentially "secret" certified Notice of Denial. *Id.*

80       **9.)** Leavy was told by Ms. Elder that her Appeal would not be heard by the three-judge
81   panel until her indigent claims were "reconsidered." According to Ms. Elder this could take up to
82   a year. Leavy was finally able to borrow $505.00. Despite contradictory rulings, she handed this
83   "extorted" sum over to the District Court on 03/10/2022. Doing so six months after the Appeal
84   was filed after the three-day delay on 09/13/2021.

85       **10.)** At the same time Ms. Elder and her supervisor Ms. Brown concealed that there was
86   no right of Appeal on basis of Article 111, Judge Fowlkes having buried his certified "Notice of
87   Denial" within the dual-purpose ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE
88   TO PROCEED IN FORMA PAUPERIS ON APPEAL. This filing juxtaposed with the finding
89   that Leavy was indeed indigent qualified as essential due diligence reading.

90       **11.)** The District Court and the Sixth Circuit colluded in concealing from Leavy the Judge
91   Fowlkes' "Notice of Denial," denial of Right to Appeal, Rule 24(a)(4)(B). After Leavy borrowed
92   money to pay the filing fee, the Sixth Circuit went forward with the Appeal without telling Leavy
93   that Judge Fowlkes had provided them with pretext to subvert the *Pro Se* Appellant's Brief absent

94  all qualified disclosure to Leavy. It was the job of Case Managers Ms. Elder, Ms. Brown, and
95  others to obstruct due process (the error correction duty of the appeals process). 03/08/23. Docket
96  Entry [29-1]. Leavy filed a Motion to Vacate the Court's December 20, 2022, Order. ***Exhibit-5***.
97  In acts of coverup, averting Sixth Circuit staff accountability and recognition of cross-court
98  preference messaging from the District Court, the Notice of Denial was then used by Ms. Elder
99  under direction of the administrative hierarchy to block Leavy's right to be heard.  On 03/08/23,
100  that same day that Leavy filed the Motion to Vacate, Ms. Elder immediately denied Leavy's
101  Motion.  A cease-and-desist letter issued from this court, yet again failing to disclose the Notice
102  of Denial.  As a tool of intimidation this letter postures that the appeal is closed, when the appeal
103  has not been answered; Letter of 03/08/2023, Docket Entry [29-2].

**12.)**  The Sixth Circuit Clerk's Office (bureaucratic infrastructure) used the Notice of
105  Denial as pretext to walk the appeal through the pretense of addressing appeal questions (facts and
106  content) for the sole purpose of deceiving the *pro se* appellant to the extent that she could not
107  defend her Constitutional rights on appeal.  The day Case Manager Ms. Elder took on that job, she
108  and the Sixth Circuit embarked on a conspiracy for the sole purpose of shielding the District Court.

**13.)**  Trading on the huge disparity of power and position, Leavy remained intentionally
110  and callously ignorant of the existence of the Notice of Denial; Federal Rules of Appellate
111  Procedure Rule 24(a)(4) *Notice of District Court Denial*. *The District Court must immediately*
112  *notify the parties and the court of Appeals*.  Judge Fowlkes chose not to notify Leavy.  Rather, he
113  employed a vehicle and wordage that when read by the *pro se* Plaintiff would not be understood
114  as having a fatal impact upon Leavy's Right of Appeal.  Upon belief that clandestine use of
115  language directed at disadvantaging Leavy also served as cross-court "preference" messaging.

**14.)** The Sixth Circuit provided no disclosure that Judge Fowlkes had communicated to the
117  Sixth Circuit that upon the Fowlkes-**Certification** Leavy's appeal had been classified as not viable
118  to be heard on appeal.  There were many opportunities for disclosure.  Upon belief, they expected
119  that the fee-obstruction would be enough for Leavy's appeal to die on the vine of inaction.  The
120  chain of events that followed required that Leavy remain ignorant of the dual-purpose intent of
121  this filing.

**15.)**  Judge Fowlkes did not file a separate Notice of Denial.  He embedded this Notice at
123  the end of ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN

124   FORMA PAUPERIS ON APPEAL; 10/21/2021 Docket Entry [60]. A separate Notice of Denial
125   did not appear in the District Court or the Sixth Circuit Dockets. The Sixth Circuit aided in
126   ongoing concealment and violation of FRCP Rule 24; "*the District Court must immediately notify*
127   *all the parties."*

128       **16.)** Heading: ORDER DENYING PLAINTIFF REQUEST TO PROCEED IN FORMA
129   PAUPERIS ON APPEAL; ***Exhibit-3*** does not convey that this is also a certified Notice of Denial.
130   District Court Docket-One (Exhibit 1) and replacement Docket-Two (Exhibit-2) do not read as
131   additionally being a certified Notice of Denial. Not reading these words anywhere where they
132   should have appeared, compounded by no district court "clerk" notification left Leavy
133   intentionally ignorant, disadvantaged, then confused and frustrated as she followed the appeal
134   trajectory deprived of appeal essential information.

135       **17.)** As an ex parte communication directed to the Sixth Circuit future staff-author of the
136   appeal, Judge Fowlkes wrote: "..., *the undersigned Court determined that all of Plaintiff's*
137   *objections either lacked merit, factual support or legal authority;* Exhibit-3, Page-2. And: ..., *the*
138   *Court deems any appeal of this matter as frivolous. Therefore, the Court* ***CERTIFIES*** *under*
139   *Federal Rule of Appellate Procedure 24(a) that Plaintiff's appeal would not be taken in good*
140   *faith,"* Page-3. Unlike Leavy the staff-author would recognize "certified" denial of the right to
141   appeal under the authority of Rule 24. Empowered to answer the Leavy-Appeal despite "Notice
142   of Denial, the staff author, who is not an appellate judge, had their marching orders.

143       **18.)** It is no accident that Judge Fowlkes has singularly cited Rule 24(a). Judge Fowlkes
144   strategically does not write that in compliance with Rule 24 "Notice" was sent to all parties. He
145   does not write this because in stating so he would be lying. Lying by omission is still a lie. A lie
146   by omission or otherwise is a fraud upon the District Court, the Sixth Circuit and upon the *pro se*
147   Plaintiff.

148       **ELEVATION OF LOCAL POLICIES ABOVE THE BILL OF RIGHTS**

149       **19.)** In the absence of Sixth Circuit oversight. In the same vein that Judge Fowlkes was
150   able to successfully bury the Certified Notice of Disclosure, violating Federal Rules of Appellate
151   Procedure, Rule 24; "*must immediately notify the parties.* The District Court blocked due process
152   when they elevated local Rules (policies) of the District Court above the *pro se* "Jury Demand."

153  And thus, above the Bill of Rights.  This represents a core violation that the Sixth Circuit is duty
154  bound to have recognized and in so doing, preserved equal rights for the *pro se* Plaintiff.

155     **20.)**  Local rules are cited as authority for the Magistrate intrusion absent consent
156  jurisdiction.  28 U.S. Code § 636(c)(1) reads: "*Upon consent of the parties, pursuant to their*
157  *specific written request…*" Most dockets would read something like: "*The parties have consented*
158  *to the jurisdiction of the United States magistrate judge under 28 U.S.C. § 636(c).*" No such
159  reference appears.  Filing *pro se* Leavy does not know that consent is required.  She is never told
160  that a magistrate judge is NOT an Article 111 judge.

161     **21.)** The captioned heading appearing on the facing page of Leavy vs. FedEx Corporation,
162  filed 10/16/2019 (R. 1, Page ID 1-6.) stated: "*Jury Demand.*" On the day that Leavy filed her case
163  on 10/16/ 2019 the District Court went to work obstructing access to the open forum of a
164  courtroom.  An unnumbered first Docket entry (Exhibit-1) reads: "*Clerks Referral to the*
165  *Magistrate Judge.*" The next six-docket-entries, all dated 10/16/2019 lay out the pattern trajectory
166  by which due process will be subverted by the District Court and District Court Judge John T.
167  Fowlkes.  This too escapes notice of the Sixth Circuit staff-author assigned to write the dismissal.

168     **22.)** First Docket, Exhibit-1 reads as: 10/16/2019 [4] "**Notice LR 16.2.**" As a complete
169  and utter lie. The next docket entry, 10/16/2019 [5] reads: **Notice LR 72.1 – "Right Consent to**
170  **jurisdiction by Magistrate Judge."** Concealment of U.S. Code 28 § 636 perfected the Magistrate
171  Assignment absent *pro se* consent.  Elevation of local rules subverted § 636.  Not reading the
172  quintessential § 636 reference Leavy remained ignorant that consent was required.  As her case
173  moved forward with no date for a trial set, Leavy remained equally ignorant of the magistrate-
174  intrusion held in the background until his ambush Report and Recommendations was issued.

175     **23.)** It was incumbent upon the Sixth Circuit to read the record.  Upon doing so they would
176  know that District Court local polices have no standing above 28 U.S.C. § 636.  They would realize
177  that in quashing a federal Code the Sixth Circuit was launching its plan to deny due process.  Doing
178  so in overwhelming favor to the FedEx Defendant.

179     **24.)**  Judge Fowlkes empowered the undisclosed Magistrate to decide on the pleadings and
180  record alone.  This served to quash the *pro se* Jury Demand.  Leavy was deprived of her right of
181  access to Due Process under the Fourteenth Amendment.  The Supreme Court has held that some
182  form of hearing is required before an individual is finally deprived of a property [or liberty]

183    interest. _Baldwin v. Hale_, 68 U.S. (1 Wall.) 223, 233 (1863). "A judgment of a court without a
184    hearing is not a judicial determination of rights," _Sabariego v Maverick_, 124 US 261, 31 L Ed 430,
185    8 S Ct 461, "and is not entitled to respect in any other tribunal."

186    **25.)**  Quashing the jury demand absent all meaningful oversight and disclosure, Brenda
187    Kay Leavy vs. FedEx Corporation was assigned to LR 16.2 Differential Case Management.  The
188    jury demand made Leavy's case ineligible for a system of operation working to supplant US Code,
189    federal operating laws, and the Constitution.  _Assignment: "Cases are assigned to this track by_
190    _the Clerk of Court based on the nature of the suit and are those that usually are resolved on the_
191    _Pleading or the record."_  The Differential Case Management Assignment worked as a bait and
192    switch con.

193    **26.)**  The second coverup Docket, Exhibit-2, is directed to the Sixth Circuit. A specific
194    "Differential Case Management" assignment, not recognized by the _Pro Se_ Plaintiff, should read
195    as a red flag to the Sixth Circuit.  To this end, reference is withheld from Docket-One, Exhibit-1.
196    The _pro se_ Plaintiff is positioned not to recognize how the Differential Case Management
197    assignment decimates the Jury Demand.  By intent the following language appears in the
198    replacement Second Docket but is strategically withheld from the first and only Docket available
199    to Leavy. Reading in part: **10/16/2019 [4] NOTICE OF CASE TRACKING ASSIGNMENT**
200    **PURSUENT TO LOCAL RULES 16.2, this case had been assigned to the Standard Track.**

201    **27.)**  The above language NOT appearing in Docket-One (Exhibit-1) would have alerted
202    Leavy to wonder what a "standard track" was and how it might impact her due process rights.
203    Showing the degree to which the _pro se_ status is leveraged against the jury demand, Leavy
204    expresses and wants to know when a trial date will be set.  No party at the District Court enlightens
205    her that access to the open forum of a courtroom with a jury seated was predetermined as not
206    possible on day-one, under the Differential Case Management elevation of local policy above the
207    Bill of Rights.  The only Docket-One disclosure offered to Leavy and coming as an ignored red
208    flag to the Sixth Circuit, comes a mere three words.  Reading: **[4] Notice LR 16.2.**  Notice of what?

209    **28.)**  A coordinated series of behind-the-scenes machinations by Judge Fowlkes and the
210    administrative infrastructure at the District Court engineered a case trajectory which averted due
211    process. Leavy's case was not assigned to the Standard Track.  It was assigned to the never

212  disclosed Administrative Track; LR 16.2(b)(1). This track provided license for Magistrate Judge

213  Tu Pham to write dismissal conclusions absent a hearing and absent § 636 consent authority.

214  **VIOLATION of CONSENT JURISDICTION under U.S. CODE 28 § 636**

215  **29.)**  After the 12/17/2019 [13] scheduling conference the District Court confirms "That

216  parties do not consent to a trial before the Magistrate Judge;" and claims that "This case is set for

217  a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by

218  separate Order. The parties anticipate the trial will last approximately 3 days." ***Exhibit-6.***  There

219  was no agreement for the Magistrate intrusion.   Leavy was never given an opportunity to agree or

220  not agree.  All disclosure regarding the Magistrate was withheld.

221  **30.)**  Just as there was no qualified disclosure as to how the Local Rules – Differential Case

222  Management would subvert due process, there was no consent jurisdiction for assignment to the

223  Magistrate-Track.  Known to supervising Article 111 Judge Fowlkes, Magistrate Judge Tu Pham

224  lacked jurisdiction to conduct proceedings and enter a final judgment in Leavy's case. See: *Yeldon*

225  *v. Fisher*, 710 F.3d 452 (2d Cir. 2013). *"And furthermore, since 'the lack of consent is a*

226  *jurisdictional defect that cannot be waived,' the Court of Appeals found the magistrate lacked*

227  *authority to enter final judgment under 28 U.S.C. § 636(c)(1), and that the Court consequently*

228  *lacked jurisdiction to review that judgment."* The Second Circuit therefore vacated the judgment,

229  holding that Yeldon had not consented to the appointment of a magistrate judge. This cannot be

230  ignored; its fact recorded.  Judgment is a void judgment if the court that rendered judgment lacked

231  jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due

232  process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v.

233  U.S., 620 F.Süpp. 892 (D.S.C. 1985).

234  **31.)**  Under 28 U.S. Code § 636(c)(2) the Clerk of Court did not notify Leavy of *"the*

235  *availability of a magistrate to exercise such jurisdiction."* The Clerk of Court, Thomas Gould, did

236  not send such notification.  No action has been taken by the Sixth Circuit.  The Sixth Circuit has

237  refused to hear and has returned prior rehearing-filings.  Letter to Chief Judge Sutton has not been

238  answered.  The Sixth Circuit is concealing networked corruption from the District Court to the

239  Sixth Circuit.

240

241                          **VOID JUDGEMENT**

242     **32.)**  Because Leavy is *pro se*, the Sixth Circuit Court of Appeals has a higher standard

243  when faced with a motion for rehearing in whatever form that takes, including Motion for a Void

244  Judgement now before the Sixth Circuit.  There is no statute of limitations on a void judgment.

245  *See Hazel-Atlas Co. Id*, showing no statute of limitations applies to void judgments, because the

246  case was voided 12 years after the original judgment.  See also *V.T.A., Inv. Airco, Inc.* 597 F. 2d

247  220 (10th Cir. 1979). If a judgment is void, the slate must be wiped clean, *Armstrong v. Mano,* 380

248  U.S. 545, 552 (1962).

249     **33.)**  Conveniently for the District Court, in ongoing abuse of the *pro se* status, the Sixth

250  Circuit did not rule that per repeated violations under 28 U.S. Code § 636 the magistrate Summary

251  Judgement Order adopted by Judge Fowlkes and dismissed "with prejudice" is void on its face as

252  a matter of law, "having no power to enforce."

253     **34.)**  Judge Fowlkes slandered, biased, and prejudiced the *Pro Se* Appeal when he wrote:

254  *Therefore, the Court CERTIFIES under Federal Rule of Appellate Procedure 24(a) that Plaintiff's*

255  *appeal would not be taken in good faith;"*  Exhibit-3.  Certification is *"the process of giving*

256  *someone or something an official document stating that a specified standard has been satisfied"*

257  (Black's Law Dictionary).  A certification works as a fraud device when it functions to evade

258  transparency, disclosure, accountability, and all meaningful oversight. It is not the Leavy-Appeal

259  that is made in bad faith.  Judge Fowlkes "certification" is made in bad faith.

260     **35.)**  Former law school professor Penelope Pether described what Leavy additionally

261  experienced. She wrote: *"…that the corpus of clerk and staff attorney-authorized opinions is not*

262  *merely likely to be sloppy or wrong, but that it has structurally subordinating effects.  On the rare*

263  *occasion that they register the kind of second-class treatment that is likely to produce injustice,*

264  *they (federal courts) do not make the connection between* <u>*flawed procedure and its result: systemic*</u>

265  <u>*injustice somehow becomes invisible.*</u> "Sorcerers, Not Apprentices: How Judicial Clerks and Staff

266  Attorney's Impoverish U.S. Law;" 39 Ariz. St. L.J. 1 (2007); Penelope Pether.

267     **36.)**  It is not remotely reasonable to believe that the three-judge panel read the *Pro Se*

268  Appellant's Brief. Nor that they compared the *Pro Se* Appellant's Brief with the staff-authored

269  Order.  The following principal applies on appeal: *White v. Bloom*, 621 F.2d 276 states *"A court*

270  *faced with a motion to dismiss a pro se complaint must read the complaint's allegations*

271   *expansively.*" Article 111 judges are to be watchful over theft of Constitutional Rights whether the
272   *Pro Se* citizen recognizes those violations in the moment or not.  The Sixth Circuit knows the law.
273   The *pro se* citizen cannot recognize each violation of law as it materializes.

274         **37.)** The Sixth Circuit Order is void on the following grounds.  **1.)** Constitutional Violations
275   under the First, Seventh, and Fourteenth Amendments not addressed on appeal.  **2.)** Sixth Circuit
276   failure to disclose the separate and unequal Delegation Assignment to the sole custody and control
277   of central staff.  **3.)** Failure to verify if all parties had been notified of the Judge Fowlkes "certified
278   Notice of Denial.  **4.)** Failure to exercise due diligence oversight of whatever staff member wrote
279   the appeal, auto-approved by an unengaged three-judge panel.  **5.)** Failure to verify if consent for
280   the magistrate was in place; violation of 28 U.S. Code § 636.  **6.)**  Failure to address due process
281   violations.  **7.)**  Failure to address subversion of Procedural Due Process safeguards (failure to
282   disclose) per use of local polices (rules) suborning higher federal rules, U.S. Code, and the
283   Constitution.  **8.)** Failure to address violations of Consent Jurisdiction; the absence of which would
284   have been red-flag apparent upon a cursory due diligence review of the District Court Docket(s).
285   **9.)** Failure to address violation of Federal Rules of Civil Procedure 60(b)(3)(4).  **10.)** No qualify
286   control over the staff-authored Order for having violated established precedent.

287                      **THE BAIT AND SWITCH SUMMARY JUDGEMNT FIX**

288         **38.)** A magistrate cannot preside over Summary Judgement. *Notwithstanding any law to*
289   *the contrary: A judge may designate a magistrate... except ... for summary judgement.* 28 U.S.
290   Code § 636 (b)(1)(A).  Any law "to the contrary" would most certainly include local District Court
291   operating policies deceptively labeled "rules" utilized to prey upon *pro se* disparity.

292         **39.)** At mediation, in an aside-exchange of words, mediator, Mr. Carl Jacobson, told
293   Leavy she could not win, and should accept a settlement offer of $1,750. After a further exchange
294   of words and upon Leavy declining this offer he urged Leavy to file for Summary Judgement.
295   Leavy was manipulated to file first, placing her in the disadvantaged position.   Leavy filed for
296   Summary Judgement 07/06/2020 [26].  FedEx filed for Summary Judgement 07/25/2020 [31].

297         **40.)**  At the time of mediation Leavy did not know what Summary Judgement was.  She
298   did not recognize that in urging her toward Summary Judgement and telling her that she would
299   lose if a trial took place mediator-Jacobson was no longer operating as a neutral third-party.  He

was operating as an agent of the District Court working to quash the jury demand.  At the time of mediation Magistrate Tu Pham's name had still not come up.  No jury trial in favor of the FedEx defendant appears to be the goal. The magistrate positioned to rue under the local rules on pleadings and record absent due process, absent a hearing, absent a jury trial, and absent § 636 authority.

**41.)**  The Summary Judgement fix yet again leveraged *pro se* ignorance.  The Summary Judgement preference worked as illegally manipulated admission of record that Leavy did not have faith in her own case when nothing could be further from the truth.  That she filed for Summary Judgement rather than hold out for the jury trial would additionally bias her appeal, adding additional pretext (use of) Judge Fowlkes secretly certified, Notice of Denial claims.  Summary Judgement: *A judgement granted on a claim or defense about which there is no genuine issue of material fact… This procedural device allows speedy disposition of a controversy without the need for a trial;* Black's Law Dictionary. No jury trial in opposition to the Leavy's Jury Demand appears to be what Judge Fowlkes and the District Court administrative infrastructure had been working to accomplish. Summary Judgement assigned to the Magistrate, absent disclosure, worked to distance Judge Fowlkes from what he methodically and consistently orchestrated, i.e., NO DUE PROCESS in favor of the FedEx defendants.

**42.)**  Leavy was so successfully deceived that she still believed she would have her day in court with a jury seated, defendant's present, and an impartial Article 111 judge seated on the bench.  Any physical appearance at hearing where she might state this expectation, requiring an on-record response from the Magistrate and, or from Judge Fowlkes, was a risk this District Court was not willing to take.  Tested during the status conference meeting held on 07/16/2020 [27], Judge Fowlkes asked: *…and ah, I've also assuming that ah, assuming that the motions for Summary Judgements are denied this would be a jury trial is this correct?"* Leavy Replied: *"Yes your honor."* Leavy's affirmative response served as motivation to rush forward the 02/18/2021 Summary Judgement fix; no hearing, no record, and no Magistrate authority.

**43.)**  An Order issued after an in-person Summary Judgement hearing, which never took place, is not the same as the magistrate's Report and Recommendations which addresses the *Pro Se* Complaint of 10/16/2021, which also never took place. Coverup Docket Two, Exhibit-2 is addressed not to Leavy since it is not available over pacer until after Judge Fowlkes perfects that

330  Leavy will never be heard.  Docket One is addressed to the inside-echo chamber upon expectation
331  that he and this District Court will never be held accountable for quashing every Constitutional
332  protection due Brenda Kay Leavy and her case.

333  **44.)** Magistrate Judge Tu Pham's Report and Recommendations for dismissal, also
334  operating as his assumptive ruling on Summary Judgement, though it is not titled as such was
335  docketed and issued on 02/18/2021 [48].  Only then did Leavy read his name for the first time.  If
336  a separate ruling on Summary Judgement exists, the identifying moniker does not appear in First
337  Docket, Exhibit-1 which by design and intent tells the pro se Plaintiff next to nothing.  Leavy is
338  obstructed from linking Summary Judgement with the dismissal absent a hearing.  This is pattern-
339  omission seen also in that U.S. Code 28 § 636 is not referenced in Docket One.  Nor is the name
340  of Magistrate Tu Pham referenced upon his assignment.  Information available in coverup Docket
341  Two comes too late for Leavy. Coverup Docket Two.  Reading in part, *ORDER adopting 48 Report*
342  *and Recommendations; denying 26 Motion for Summary Judgement.  Signed by Judge T. Fowlkes,*
343  *Jr.* -- Nothing required of a Summary Judgement proceeding took place.

344  **45.)** Because the First Docket deceives by omission and intent, confused about the
345  Magistrate ambush, Leavy asked the District Court, *"if there will be a Motion Hearing before*
346  *Judge Fowlkes makes a ruling on Leavy v FedEx Corporation motion for Summary Judgments."*
347  Emails of 3/09/2021. **Exhibit-7**.  Leavy stated that *"I do not want my case to be thrown out without*
348  *being heard because I am a victim of discrimination, which has ruined my life, and have submitted*
349  *the proof which the Court is ignoring. **Let me know how to ensure that I am heard**."* Ross Herrin,
350  Jr., case manager to US District Court judge, John T. Fowlkes replied to Leavy's email.  *"Judge*
351  *Fowlkes will enter a ruling based upon your objections as well as the Magistrate Judges*
352  *findings.  **A motion hearing will not be held prior to the Judges ruling."*** The District Court and
353  the FedEx Defendants appear to be equally resistant to any due process forum in which Leavy can
354  speak and leave behind a transcript footprint aiding in any future appeal.

355  **46.)** Upon being told that because of Covid the jury trial may be a long way off. Still sick
356  and in danger of losing her home, Leavy floated a request for a Bench Trial. Email 07/20/2020.
357  **Exhibit-8**. This request was never addressed by District Judge Fowlkes' clerk, Ross Herrin. Judge
358  Fowlkes did not call the parties into a hearing to clear things up for the *pro se* Plaintiff.  Rather the
359  Summary Judgement dismissal was rushed forward.

**47.)** It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." Leavy asked for a transcript of a hearing presumptively claimed to have taken place. Was there any direct communication with FedEx that excluded Leavy? She got an answer. Email of 9/20/2023. ***Exhibit-9***. Ross Herrin replied: **"there is nothing to transcribe since there was not a hearing."** This is proof that Leavy received no notice of a hearing, and she was unjustly deprived of a hearing, because as Mr. Herrin made clear "there was not a hearing." And as always with polite solicitude as though this covers for the quashing of every Constitutional protection to which Leavy was entitled, Herrin closed with: **"I hope I have not added further confusion in my explanation."**

**48.)** As a pattern of conduct, theft of rights per the Magistrate Assignment has impacted other *pro se* victims at this district court. Including: <u>Thelma Gray; Gray v. Memphis Shelby County Education Association (2:23-cv-02100) asking for removal of Magistrate Judge Tu Pham and return of "District Court Judge John T. Fowlkes to Return to the Case."</u> And Stephen G. Olita against Magistrate Judge Tu Pham for lack of consent jurisdiction (2:22-cv-02161.)

**49.)** The District Court lied when they postured to the Sixth Circuit that Leavy was heard though there is no transcript that supports anything remotely like due process having taken place. Again, it was incumbent upon the Sixth Circuit to read the record. See ***Exhibit-10***. TRANSCRIPT ORDER filed by Leavy - no hearings held in District Court. It is also a lie when the Sixth Circuit continued to maintain the fiction that after being assigned to the separate and unequal Appellate Triage Delegation Track, the appeal was fully briefed by appellate judges. *"The Order was created by the appellate panel of Circuit Judge Danny J. Boggs, Circuit Judge Amul R. Thapar and Circuit Judge Chad A. Readler"* is right up there with former President Bill Clinton proclaiming, *"I did not have sex with that woman." **Exhibit-11.*** ENTRY OF JUDGMENT.

**50.)** Regardless of the type of Summary Judgment there is a standardized rule framework which, as a matter of quality control in answering the Pro Se Appellant's Brief escaped notice. Either by intent or in ignorance, escaping the skill level of whatever staff-author wrote the dismissal Order: *At Summary Judgement all factual issues must be considered/discussed."* Especially *"all disputed/contested genuine issues of material facts."* "Discussed" an impossibility as orchestrated by Judge Fowlkes since the Magistrate findings were produced in a vacuum absent a hearing. As a thread running throughout the Sixth Circuit failed to address obvious and

consistent denial of Due Process, absent the protection of Procedural Due Process, and via a mix of lies (by commission and omission).    Every Order issued from the Sixth Circuit is a Void Judgement.

**51.)**    The Summary Judgement fix, quashing the Jury Demand, intentional or not, overwhelmingly favored FedEx.  Summary Judgement violations are seen in:

- **Whole record**: The entire record ("whole set/totality of circumstances", not just a "subset"), must be considered, regarding each/every issue. <u>This did not take place</u>.
- **In context**: All issues must be considered in holistic relationship with one another, within the whole-record environment (not context-free line-by-line isolation); patterns may emerge. <u>Rights-stealing patterns did emerge and were ignored by the Sixth Circuit.</u>
- **Nonmovant trumps movant**: Tenets 1–3 must be interpreted/construed in the light most favorable/advantageous to nonmovant (never to movant), and belief/credit awarded thereto *(as to whether a dispute exists, not as to who wins the dispute, though either interpretation unambiguously satisfies the only question at summary judgment, which is whether or not a dispute exists).* <u>The less than pro se status was leveraged against Leavy.  Leavy was illegally and heartlessly manipulated during mediation to position herself as the movant; filing first.</u>

## <u>FRAUD UPON THE COURT</u>

**52.).**  Ruling in *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993), the United States Court of Appeals for the Sixth Circuit set forth five elements of fraud.  These include:

- <u>FRAUD ENGAGED ON THE PART OF an officer of the court</u>. The Appeal was delegated to the sole custody of central staff. Central staff have their own Code of Conduct. No staff member is immune from fraud even when told to engage in fraud by others in more powerful positions of authority.  It is a fiction that the three-judge panel applied the Error Correction requirements to Leavy's Appeal. The delegation of Leavy's appeal to the custody and control of central staff precluded this.
- Leavy asked Ms. Elder for the name of the party that wrote the appellate dismissal Order; 02/22/2023 CORRESPONDENCE; ***Exhibit-12***. Ms. Elder could not answer Leavy.  Ms. Elder deferred to her superior Anne Brown. Leavy received a letter from Anne C. Brown,

which overtly lies. ***Exhibit-13.***   Delivery of the District Court preference for concealment of rule-breaking operated via communication channels that breached the jurisdictional divide between the District Court and the Sixth Circuit. *Pro Se* ignorance was repeatedly leveraged against Leavy in concealment that central staff had hijacked Article 111 judicial duty and responsibility. Oral Argument was denied for purposes of protecting the Void staff-authored Order auto approved by the three-judge panel. Appellate communications that impede a defense operate as fraud.  There was no transparency in disclosure to which every American citizen is entitled and to which federal courts are Constitutionally bound.

- <u>FRAUD THAT IS directed to the judicial machinery itself</u>**.** The Appellate Triage Delegation Track "machinery" quashed unfettered access to Article 111 judges. Nowhere in the Constitution does it say that staff members can usurp the power and authority of the judiciary. Concealment of the delegation practices, no TRUTH IN OPERATIONS DISLCOSURE perpetuated ongoing fraud.

- <u>FRAUD THAT IS intentionally false, willfully blind to the truth, or is in reckless disregard for the truth.</u> Sixth Circuit failed to disclose the Judge Fowlkes certified "Notice of Denial." "Notice of Denial" influenced the undisclosed assignment to the Appellate Triage delegation track.  The Sixth Circuit aided in keeping the *Pro Se* Plaintiff in a position where she was incapable of defending her Constitutional rights to be heard on appeal.

- <u>FRAUD THAT IS INTENTIONALLY FALSE….</u>   The second-class fiat court operations churned out a dismissal under "***flawed procedure***" as a conduit to conceal law-breaking by the District Court and the Sixth Circuit.  Doing so in flagrant disregard of duty, truth, and the Bill of Rights. Not heard equates to: "***invisible*.**"

- <u>FRAUD BY</u> …engaged under the Sixth Circuit administrative infrastructure acting on cross-court communication preferences from the District Court worked as: "**concealment when one is under a duty to disclose;**" cooperative incitement to commit fraud was not reported to any oversight body beyond the Sixth Circuit level.

- <u>FRAUD THAT DECEIVES THE COURT</u>.  The three-judge panel was positioned by the limited court to robo-approve a staff-authored Order they had no time for. No Article 111 judicial analysis meant Constitutional violations perpetrated by the District Court escaped the Error Correction primary duty of the appeals process. Corruption engaged by the

449    District Court was not only ignored but communicated as allowable since there is no
450    measurable accountability that has restored Leavy's meaningful right to be heard on appeal.

451    <u>**CROSS-COURT COMMUNICATION**</u>

452    **53.)** The Sixth Circuit Court of Appeals has jurisdiction pursuant to 28 U.S.C. §1291 over
453    the final judgment of the District Court. Neither the District Court nor the Sixth Circuit disclosed
454    to Leavy that Cross-Court directive-type communications were ongoing.  Continuing after the
455    appeal was filed, docketed, assigned to a Case manager and in name only assigned to a three-judge
456    panel.

457    **54.)** Ex parte communication between courts *"is done or made at the instance and for the*
458    *benefit of one party only, and without notice to, or argument by, anyone having an adverse*
459    *interest;"* Black's Law Dictionary. The District Court had a lot to hide. Bias to shield District
460    Court violations with bureaucrats given access over the staff-authored work product robbed Leavy
461    of the primary Error Correction duty of the Appeals process.

462    **55.)** *"Without notice"* the Leavy-Appeal was assigned to the control of central staff whose
463    conflict tainted job is to limit the workload of Article 111 judges.  Absent judicial involvement,
464    the administrative infrastructure delivered *for the benefit of one party* (Judge Fowlkes, Magistrate
465    Tu Pham, the District Court and ultimately "intentionally or not" for the FedEx Defendant).
466    Appellate Triage assignments denying oral argument gagged Leavy while also working to conceal
467    District Court violations perfected in this denial of access to the three-judge panel; "*…or argument*
468    *by, anyone having an adverse interest."* Denial of Oral Argument shielded collusion to catch and
469    kill the appeal without addressing content and facts raised by Leavy within the *Pro Se* Appellant's
470    Brief.

471    **56.)** FedEx leveraged assignment to the Appellate Triage Track writing what would not
472    have passed the smell test had the three-judge panel been engaged beyond a cursory review, buying
473    what the staff-author of the Order was selling.  FedEx could not go to the lengths they did with the
474    District Court, knowing that they would be back before the Sixth Circuit needing credibility intact.
475    Pandering to the inferior skill level of a staff-author who, for all Leavy knows, might not even
476    have been a staff-attorney.

477    **(a)** In their Summary Judgement Brief FedEx wrote, and Magistrate Tu Pham accepted,
478    that "Leavy's breast cancer is a *"temporary condition."* Therefore, *"<u>not a disability</u>*

479    *that is protected under ADA."* **Exhibit-14.** FedEx cited *Alderdice v. American Health*
480    *Holding, Inc.*, 118 F.Supp.2d 856 (S.D. Ohio 2000. A three-judge panel would have
481    recognized outdated and overturned case law. They would have seen this for the dirty
482    trick that it is; selling false authority to the disadvantaged *Pro Se* Plaintiff.
483    Additionally, to the staff-author of the dismissal positioned as biased to dismiss.

**(b)** Contradicting what they easily sold to Judge Fowlkes, FedEx wrote to the Sixth
485    Circuit that: "FedEx concedes for purposes of this appeal that *Ms. Leavy was disabled*
486    *under the ADA."* **Exhibit-15**. *Because it is undisputed that Leavy is disabled and*
487    *qualified for her position, she falls under the ADA and is entitled to all the protections*
488    *the statute offers.*

**(c)** Addressing another appeal, substantially a twin to Leavy's appeal, the staff-authored
490    Order overtly contradicted *Atkins v. Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7,
491    2018), written by now Acting Chief Judge Jeffrey Sutton. *Atkins* asserted that
492    *Dolgencorp* failed to accommodate the Plaintiff as a matter of law stating: *"Happily*
493    *for us, doctrine lines up with common sense in this setting. A defendant may use a*
494    *legitimate, nondiscriminatory rationale as a shield against indirect or circumstantial*
495    *evidence. See Ferrari v. Ford Motor Co., 826 F.3d 885, 891-92 (6th Cir. 2016). But a*
496    *neutral policy is of no moment when an employee presents direct evidence of*
497    *discrimination. See id. And failing to provide a protected employee a reasonable*
498    *accommodation constitutes direct evidence of discrimination."*

**(d)** The staff-authored Order failed to address whether the District Court unjustly deprived
500    Leavy of her right to a jury trial.

**(e)** Did not address whether they failed to apply facts to laws related to the Family and
502    Medical Leave Act ("FMLA") of 1993 (FMLA), 29 U.S.C. §§ 2601-2654 and the
503    Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2012).

**(f)** Leavy was entitled to the same constitutional protections as any citizen represented by
505    law firms. In the lack of judicial oversight, this conduct creates an unreasonable risk
506    to any future pro se appeal assigned to the undisclosed Appellate Triage Delegation
507    Track.

508    **(g)** The Sixth Circuit staff-authored dismissal Order failed to address if the District Court
509        was in error for having failed to address whether FedEx met its responsibilities "*to*
510        *know its obligations under the ADA.*"

511    **(h)** The Order contradicted long established ADA precedent. The *EEOC* sued several
512        employers, including *United Labor Agency* (23-cv-00283) in the U.S. District Court
513        for the Northern District of Ohio for allegedly denying an employee with breast cancer
514        reasonable accommodations and forcing her to resign. For the EEOC, Debra M.
515        Lawrence, Philadelphia regional attorney wrote: "*the action violates the Americans*
516        *with Disabilities Act (ADA)." "It is an employer's responsibility to know its*
517        *obligations under the ADA.*"

518    **(i)** The Sixth Circuit failed to exercise fundamental common-sense due diligence. Failed
519        to verify whether Magistrate Tu Pham had authority under U.S. Code 28 § 636. The
520        Sixth Circuit collaborated to conceal the secret Notice of Denial, denial of Right to
521        Appeal, Rule 24(a)(4)(B); withheld from Leavy and buried in another filing. Failed to
522        recognize Procedural Due Process violations. Did not recognize that the Jury Trial
523        request was systematically stripped from Leavy, no hearing, elevation of local policy
524        above the Constitution. Leavy is *pro se*. She is unrepresented. It was incumbent upon
525        the Sixth Circuit to verify Bill of Rights foundational underpinnings.

526    **57.)** Meshing of the jurisdictional divide per the administrative infrastructures would not
527    have been possible had a fully engaged three-judge panel been involved. Communication moving
528    from the Sixth Circuit to the District Court to the FedEx Legal department is seen in the record of
529    both courts laid out in the following sequence. Leavy does not claim to be a forensic investigator
530    nor an attorney, but the following record shows improper communications. The following record
531    deserves investigation.

532    **58.)** Sixth Circuit dismissal 12/20/2022 [19] Order filed. 12/20/2022 [20] ENTRY OF
533    JUDGMENT. *Id.* Though the Order had already been sent directly and simultaneously to both
534    Plaintiff and Defendant, also immediately captured by the PACER system the following appears
535    on the last page of the staff-authored Order of 12/20/2022. In part closing with: "*US Mail Notice*
536    *of Docket Activity: "Notice will be sent to Brenda Kay Leavy."* Then: "*A copy of this notice will*
537    *be issued to: Mr. Barak Jonathan Babcock. Mr. Thomas Gould;" **Exhibit-16.*** The District Court

538    and Thomas Gould have no jurisdictional authority over the appeal. Other than serving unknown
539    purposes, such notification is not required nor is it appropriate.

540    **59.)** This last page of the ORDER docketed [19] was then sent separately to the District
541    Court attention: The heading reads as it normally would. **Document [63] Filed 12/20/2022 Page**
542    **11 of 11 PageID 698.** Captured by the District Court as messaging a separate notification,
543    Reference nineteen, "19" refers to the docket entry. Two, "2" is the extraneous and upon first
544    glance a nonessential communication which has isolated page-11 as messaging for purposes not
545    immediately transparent and yet escaping oversight of the Sixth Circuit and the District Court.
546    The isolated page-11 provides the District Court with an excuse by which they will communicate
547    with the far more powerful FedEx Defendant. The District Court will take upon themselves the
548    unnecessary "Notice" responsibility of the Sixth Circuit Clerk's Office. How far this
549    communication went… if it extended to offsite meetings and in-time ad hock updates requires
550    investigation.

551    **60.)** Before the District Court makes use of the isolated page-11, Exhibit-15, they go to
552    the trouble of creating for themselves another layer of distance from the Sixth Circuit. They take
553    the isolated page-11 and create send/receive distance providing a pretext-conduit for District Court
554    involvement. Administrative manipulation of a record for purposes not immediately known and
555    beyond the ability of the *Pro Se* Plaintiff to decipher works as deception. Via the trajectory of
556    page-11 the District Court steps into the breach strategically opened by the Sixth Circuit.

557    **61.)** The *"U.S. District Court Western District of Tennessee,"* took the isolated page-11
558    and created its own *"Notice Electronic Filing."* ***Exhibit-17.*** Upon belief that Mr. Gould acted as
559    an intermediate between the Sixth Circuit administrative infrastructure, Judge Fowlkes, Magistrate
560    Judge Tu Pham, and Babcock (FedEx Legal Department.) Upon belief that Clerk of Court, Thomas
561    Gould acting on behalf of Judge Fowlkes could then communicate at the close of this pivotal
562    juncture something like "threat over" and upon belief, "benefit due."

563    **62.)** Exhibit-17 works as pretext. It is generated from the District Court help desk:
564    cmecfhelpdesk@tnwd.uscourts.gov. The help desk creates a layer of distance between the Sixth
565    Circuit Court of Appeals and the District Court. Exhibit-17 is forwarded from the help desk to:
566    courtmail@tnwd.uscourts.gov. As over-kill and upon belief as a smokescreen the District Court
567    Clerk's Office then sent Exhibit-17 electronically to nine FedEx employees. As the senior FedEx

568  litigator Barak Babcock's name does not appear first.  Names: Robin Hutton, Jennifer Wright,
569  Letticia Jackson, Barak Babcock, CS Ressler, Stefanie Chapman, Joseph Reafsnyder, Mindy
570  Thornton and S. Daniel.  Leavy's name appears last. Leavy is not the intended recipient.  Leavy is
571  copied for appearances sake.

572      **63.)** After Leavy received the email communication she contacted the Sixth Circuit Clerk's
573  office.  She asked why notifications from the Sixth Circuit were coming through the District Court.
574  Leavy was informed: **"we work together."** The District Court continuing to hold sway over the
575  outcome of an appeal is flagrant conflict of interest gamesmanship.  Cross-Court communication
576  blending the judicial with the administrative functions looks like corruption because it is
577  corruption.

578      **64.)** Comes letter from Deborah Hunt captioned as: Document [64] 12/20/2022 (which is
579  a District Court Docket No.) Page 1 of 1 Letter of: Judgment of the Sixth Circuit *Exhibit-18.*
580  Reading: *"THIS CAUSE was heard on the record from the District Court."*  On the record from
581  the district court is back-door admission that the Sixth Circuit knows and yet failed to address,
582  decimation of the Jury Demand.  "...*and was submitted on the briefs without oral argument.*"
583  Next comes the letter from Ms. Elder addressed to Mr. Thomas M. Gould.  *Exhibit 19.*  Docket
584  [28] Filed February 28, 2023.  Sixth Circuit protection of District Court violations of federal code
585  and their own failure to apply the Error Correction duty to the Leavy-Appeal was perfected in
586  auto-denial of Oral Argument.  This in turn provided plausible deniability to the three-judge panel
587  having exercised no due diligence nor oversight. No due process first at the district court, traveling
588  forward as pattern to the Sixth Circuit operated to abort and subvert the U.S. Constitution.

589      **65.)** *"Cause heard on the record from the District Court"* gives a nod to the Differential
590  Case Management scam used as a fraud device, which the Sixth Circuit staff-authored Order
591  strategically never addressed.  On the record and pleadings alone served to bypass and quash due
592  process. The extenuating impact of what the Leavy-Appeal was subjected to communicates
593  approval for circumventing Constitutional rights in elevation of a fraud device, i.e., District Court
594  internal operating polices, euphemistically and deceptively labeled "rules."

595      **66.)** Determined to be heard Leavy then filed notice that she planned to file a rehearing
596  Order.  Leavy filed the timely En Banc Petition to be Reheard.  01/03/2023 [23]. The same
597  administrative infrastructure at the Sixth Circuit networked to its counterpart at the District Court

598  built on the communication "pretext" already established.  The En Banc Petition was caught and

599  killed.  Denial of Petition for En Banc Rehearing. ***Exhibit-20***.  It could not be allowed circulation

600  to all judges of the Court without exposing mutual goals centered on denying the *Pro Se* Plaintiff

601  a voice in any setting that produced the risk of a record.

602  **67.)**  To this end communication of 02/28/2023, from Sixth Circuit Clerk of Court Deborah

603  S. Hunt to the District Court Clerk of Court, Thomas Gould, ***Exhibit-19***, announces the successful

604  quashing of the En Banc Petition not circulated to all judges of the court. *"Dear Mr. Gould:*

605  *"Enclosed is a copy of the mandate filed in this case." "Enclosure Case: 21-5882 Document* [28]

606  *Filed 02/28/2023."*  There is absolutely no need for these communications.  A bribe is not always

607  about money.  Some unknown incentive made cross-court jurisdictional messaging worth the

608  risk.  "Appearance" is enough, and yet Leavy is exposing more than appearance upon which the

609  Sixth Circuit is required to address this Motion for a Void Judgement. **"Extreme Facts,"**

610  **"Appearance,"** and violations under the **"due process clause of the Fourteenth**

611  **Amendment."**  See Supreme Court ruling in: ***Caperton v. A.T. Massey Coal Co., 556 U.S. 868***

612  ***(2009).***

## CONCLUSION

614  **68.)**  The Supreme Court ruled that: *"No provision of the Constitution is designed to be*

615  *without effect;" And: "Anything that is in conflict is null and void of law;" "Clearly, for a*

616  *secondary law to come in conflict with the supreme Law was illogical, for certainly the supreme*

617  *Law would prevail over all other laws and certainly our forefathers had intended that the supreme*

618  *Law would be the basis of all law and for any law to come in conflict would be null and void of*

619  *law, it would bare no power to enforce… for unconstitutionality… It operates a near nullity or a*

620  *fiction of law." Marbury vs. Madison: 5 US 137 (1803).*

621  **69.)**  The District Court elevated local policy called rules of the court above the

622  Constitution. The District Court used the bait and switch summary judgement manipulation as a

623  tool by which they would not answer on the *Pro Se* Complaint. Thus, evading answer on two

624  federal laws and other violations in what appears to be overt favor to the more powerful FedEx

625  Defendant.  No Jury trial and no hearing at Summary Judgement was rubber stamped in the Sixth

626  Circuit failure to apply even minimal fair practices and Constitutional oversight.

**70.)**    Jurisdiction violations trading on inter-court subtext messaging directed at catching and killing the Leavy-Appeal works as fraud and forgery. Officers of the court are required to report, not cooperate with the theft of Constitutional Rights. 18 U.S. Code § 4 – Misprision of a Felony reads: **Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned more than three years, or both."** Please do the right, moral, and lawful thing. Submit this Motion for a Void Judgement to appellate judges of the court.

**71.)**    The only honorable choice open to the Sixth Circuit is to address this Motion for a Void Judgement. Declaring the staff-authored work product void. Sending Brenda Kay Leavy v. FedEx Corporation back to a district court for ruling by a jury of Leavy's peers with an impartial Article 111 judge seated on the bench as originally requested.

**72.)**    Doing so in part based on precedent set in *Josh Zarza* for deceased *Karen Zarza v. Board of Regents of the Un. Of Michigan* No. 22-1776 (6th Cir. 2023) concluded that: *"Because a jury could reasonably believe either account, we REVERSE the District Court's grant of Summary Judgment.* Though Leavy experienced the extreme Obstruction of Justice at the District Court, the findings in *Karen Zarza v. Board of Regents,* are similarly applicable. The Zarza appeal was returned to the District Court whereupon, if a settlement had not taken place, the jury trial would have taken place. The Sixth Circuit ruled that, had the Jury Demand been honored at the District Court, a reasonable juror could have concluded in favor of pro se Plaintiff, Karen Zara.

**73.)**    Sadly, and unlawfully for Leavy and for the integrity of the District Court, the Jury Demand was coldly, methodically, and intentionally obstructed at every turn. It is incumbent upon the Sixth Circuit to provide a remedy based on Leavy's First Amendment right: **"to petition the government for a redress of grievances"** and this time be heard. It is impossible to believe that a fully engaged three-judge panel would have missed what the Sixth Circuit Clerk's office under the management of Deborah Hunt and ultimately, respectively, what Chief Judge Sutton and Chief Judge Sheryl Lipman allowed. The old adage "no one is above the law," does not exist in this case because Defendant FedEx has gotten away with violating Leavy's legal civil rights; the Americans with Disabilities Act and the Family with Medical Leave Act, and the used the courts to do it.

657  Hearing Leavy's case will reaffirm that "no one is above the law." Poor people deserve justice
658  too.

659      **74.)** I, Brenda Kay Leavy state that everything claimed herein is, to the best of my ability
660  and understanding true and accurate. A separate list of Exhibits numbered 1 through number 20
661  is provided.

662      Respectfully submitted to the Sixth Circuit Court of Appeals on this 2nd day of January
663  2024.

664
665
666
667
668
669  Brenda Kay Leavy, *Pro Se*
670  5036 Overview Ridge Cove
671  Memphis, TN 38141
672  Bkmeeks1@att.net
673
674
675
676
677
678
679
680
681
682
683
684
685
686
687
688
689
690
691
692
693
694
695
696
697
698
699

**Exhibits to Leavy Motion for Void Judgment**

| Exhibit 1 | Leavy's First U.S. District Court Docket is attached hereto as **Exhibit 1**. |
|---|---|
| Exhibit 2 | Leavy's Second coverup U.S. District Court Docket is attached hereto as **Exhibit 2**. |
| Exhibit 3 | Judge Fowlkes ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; 10/21/2021 Docket Entry is attached hereto as **Exhibit 3.** |
| Exhibit 4 | ORDER denying [58] Motion for Bill of Costs. Signed by Thomas M. Gould, Clerk of Court, on October 28, 2021 is attached hereto as **Exhibit 4** |
| Exhibit 5 | LETTER SENT to Brenda Kay Leavy, returning unfiled Motion to Vacate Order. (PJE) [Entered: 03/08/2023 03:56 PM] – after the Motion, Docket No. 29-1, was filed in PACER is attached hereto as **Exhibit 5**. |
| Exhibit 6 | SCHEDULING ORDER: Signed by Judge John T. Fowlkes, Jr. on 12/17/2019 is attached hereto as **Exhibit 6**. |
| Exhibit 7 | Emails of 3/09/2021 to Ross Herrin.  Leavy requesting her "Right to be Heard" before Judge Fowlkes makes a Ruling on the Motions for Summary Judgment is attached hereto as **Exhibit 7**. |
| Exhibit 8 | Email of 7/20/2020 to Ross Herrin.  Leavy asking if it's too late for a bench trial is attached hereto as **Exhibit 8**. |
| Exhibit 9 | Email of 09/20/2023.  Ross Herrin said "there is nothing to transcribe since there was not a hearing" is attached hereto as **Exhibit 9** |
| Exhibit 10 | TRANSCRIPT ORDER filed - no hearings held in District Court. Filed by Brenda Kay Leavy. (PJE) [Entered: 10/14/2021 is attached hereto as **Exhibit 10.** |
| Exhibit 11 | ORDER filed: AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C ) is attached hereto as **Exhibit 11**. |
| Exhibit 12 | CORRESPONDENCE: Letter by Brenda K Leavy requesting identity of authoring judge on Order 12/20/2022 Entered: 02/27/2023 is attached hereto as **Exhibit 12** |
| Exhibit 13 | LETTER SENT to Brenda Kay Leavy, regarding authoring judge of Order dated 12/20/22. Entered: 02/27/2023 is attached hereto as **Exhibit 13.** |
| Exhibit 14 | 07/25/2020 [31] FedEx Motion for Summary Judgment. FedEx wrote that Leavy's breast cancer disability was a "temporary condition." FedEx has cited outdated precedent law of the ADA and misapplied pre-amendment precedent that is no longer valid. *Alderdice v. American Health Holding, Inc.*, 118 F.Supp.2d 856 (S.D. Ohio 2000). Attached hereto as **Exhibit 14** |
| Exhibit 15 | Page from FedEx Brief to Appeal Court acknowledging that Leavy is disabled, otherwise qualified for the position and that FedEx knew of her disability. "FedEx concedes for purposes of this appeal that Ms. Leavy was disabled under the ADA" is attached hereto as **Exhibit 15** |

| Exhibit 16 | Last page of Document [63], Docket No.: [19] ORDER filed isolated as page-1 and sent electronically and separately to the district court reading Document [19-2] when it is actually the last page of Document [63]. "19" refers to the docket entry and "2" to the extraneous and inessential communication is attached hereto as **Exhibit 16** |
| Exhibit 17 | 12/20/22 Order generated from the District Court help desk: cmecfhelpdesk@tnwd.uscourts.gov is attached hereto as **Exhibit 17** |
| Exhibit 18 | Letter from Deborah Hunt, Document 64 12/20/2022 Page 1 of 1, Letter of: Judgment of the Sixth Circuit is attached hereto as **Exhibit 18** |
| Exhibit 19 | Letter of 02/28/2023 from the Sixth Circuit addressed to Clerk of Court, Thomas Gould. *"Enclosed is a copy of the mandate filed in this case"* is attached hereto as **Exhibit 19** |
| Exhibit 20 | Letter of 02/16/2023 from Beverly Harris denying Leavy's Petition for Rehearing En Banc is attached hereto as **Exhibit 20** |

## **CERTIFICATE OF SERVICE**

I, the undersigned, herby certify that on this 2nd day of January 2024, the foregoing document

has been served via first class U.S. Mail, postage prepaid, upon:

Barak J. Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd floor
Memphis, TN 38125

Brenda Kay Leavy *Pro Se*



PLAINTIFF'S
EXHIBIT

## U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:19-cv-02705-JTF-tmp

Leavy v. FedEx Corporation
Assigned to: Judge John Thomas Fowlkes, Jr
Referred to: Magistrate Judge Tu M. Pham
Case in other court: 6th Circuit COA, 21-05882
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 10/16/2019
Date Terminated: 08/23/2021
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights:
Americans with Disabilities -
Employment
Jurisdiction: Federal Question

**Plaintiff**

**Brenda Kay Leavy**                    represented by **Brenda Kay Leavy**
                                        5036 Overview Ridge Cove
                                        Memphis, TN 38141
                                        901-495-3561
                                        Email: bkmeeks1@att.net
                                        PRO SE

V.

**Defendant**

**FedEx Corporation**                   represented by **Barak J. Babcock**
                                        FEDERAL EXPRESS
                                        CORPORATION
                                        3620 Hacks Cross Road
                                        Building B 3rd Floor
                                        Memphis, TN 38125
                                        901-434-8523
                                        Fax: 901-492-9930
                                        Email: barak.babcock@fedex.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Joseph B. Reafsnyder**
                                        FEDERAL EXPRESS
                                        CORPORATION-Hacks Cross Rd
                                        3620 Hacks Cross Road
                                        Building B 3rd Floor
                                        Memphis, TN 38125
                                        901-434-8375
                                        Fax: 901-434-9278
                                        Email:

joseph.reafsnyder@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robbin W. Hutton**
FEDERAL EXPRESS
CORPORATION
3620 Hacks Cross Rd
Ste Bldg B, 2nd Floor
Memphis, TN 38125
901-434-8320
Fax: 901-434-9235
Email: robbin.hutton@fedex.com
*ATTORNEY TO BE NOTICED*

| Doc No. | Dates | | Description |
|---|---|---|---|
|  | *Filed & Entered:* | 10/16/2019 | Clerks Referral to Magistrate Judge |
| 1 | *Filed & Entered:* | 10/16/2019 | Pro Se Complaint |
| 2 | *Filed & Entered:* | 10/16/2019 | Case Initiation Fee Received |
| 3 | *Filed & Entered:* | 10/16/2019 | Notice (Other) |
| 4 | *Filed & Entered:* | 10/16/2019 | Notice LR 16.2 |
| 5 | *Filed & Entered:* | 10/16/2019 | Notice LR 72.1 - Right Consent to Jurisdiction by Magistrate Judge |
| 6 | *Filed & Entered:* | 10/16/2019 | Notice to Comply with Plan for Alternate Dispute Resolution |
| 7 | *Filed & Entered:* | 10/23/2019 | Summons Issued |

| 8 | *Filed & Entered:* | 11/01/2019 | Summons Returned Executed |
|---|---|---|---|
| 9 | *Filed & Entered:* | 11/18/2019 | Answer to Complaint |
| 10 | *Filed & Entered:* | 11/18/2019 | Setting Letter |
| 11 | *Filed & Entered:* | 11/19/2019 | Notice of Appearance |
| 12 | *Filed & Entered:* | 12/17/2019 | Scheduling Conference |
| 13 | *Filed & Entered:* | 12/17/2019 | Scheduling Order |
| 14 | *Filed & Entered:* | 12/17/2019 | Order |
| 15 | *Filed & Entered:* | 12/17/2019 | Setting Letter |
| 16 | *Filed & Entered:* | 03/20/2020 | Motion for Miscellaneous Relief |
|    | *Terminated:* | 03/23/2020 | |
| 17 | *Filed & Entered:* | 03/23/2020 | Order on Motion for Miscellaneous Relief |
| 18 | *Filed & Entered:* | 04/03/2020 | Motion to Extend Deadline |
|    | *Terminated:* | 04/06/2020 | |
| 19 | *Filed & Entered:* | 04/05/2020 | Motion to Amend/Correct |
|    | *Terminated:* | 04/06/2020 | |

| 20 | *Filed & Entered:* | 04/06/2020 | Order on Motion to Extend Deadline |
|---|---|---|---|
| 21 | *Filed & Entered:* | 04/23/2020 | Notice to Take Deposition |
| 22 | *Filed & Entered:* | 05/07/2020 | Setting Letter |
| 23 | *Filed & Entered:* | 06/01/2020 | Notice (Other) |
| 24 | *Filed & Entered:* | 06/01/2020 | Notice (Other) |
| 25 | *Filed & Entered:* | 07/02/2020 | Mediation Certification |
| 26 | *Filed & Entered:* | 07/06/2020 | Motion for Summary Judgment |
|  | *Terminated:* | 08/23/2021 |  |
| 27 | *Filed & Entered:* | 07/16/2020 | Status Conference |
| 28 | *Filed & Entered:* | 07/16/2020 | Setting Letter |
| 29 | *Filed & Entered:* | 07/20/2020 | Motion to Extend Deadline |
|  | *Terminated:* | 07/20/2020 |  |
| 30 | *Filed & Entered:* | 07/20/2020 | Order on Motion to Extend Deadline |
| 31 | *Filed & Entered:* | 07/25/2020 | Motion for Summary Judgment |
|  | *Terminated:* | 08/23/2021 |  |

| 32 | *Filed & Entered:* | 07/25/2020 | Sealed Document |
|----|----|----|----|
| 33 | *Filed & Entered:* | 08/16/2020 | Motion for Leave to File Excess Pages |
|    | *Terminated:* | 08/17/2020 | |
| 34 | *Filed & Entered:* | 08/17/2020 | Order on Motion for Leave to File Excess Pages |
| 35 | *Filed & Entered:* | 08/17/2020 | Response in Opposition to Motion |
| 36 | *Filed & Entered:* | 08/19/2020 | Notice (Other) |
| 37 | *Filed & Entered:* | 08/19/2020 | Notice (Other) |
| 38 | *Filed & Entered:* | 08/19/2020 | Notice (Other) |
| 39 | *Filed & Entered:* | 08/19/2020 | Notice (Other) |
| 40 | *Filed:* | 08/25/2020 | Notice (Other) |
|    | *Entered:* | 08/26/2020 | |
| 41 | *Filed:* | 08/25/2020 | Motion for Leave to File Excess Pages |
|    | *Entered:* | 08/26/2020 | |
|    | *Terminated:* | 08/27/2020 | |
| 42 | *Filed & Entered:* | 08/27/2020 | Order on Motion for Leave to File Excess Pages |
| 43 | *Filed & Entered:* | 09/02/2020 | Response in Support of Motion |
| 44 | *Filed:* | 09/04/2020 | Notice (Other) |

| | | *Entered:* | 09/08/2020 | |
|---|---|---|---|---|
| 45 | *Filed & Entered:* | | 10/19/2020 | Setting Letter for Skype Hearing |
| 46 | *Filed & Entered:* | | 12/01/2020 | Order Staying Case |
| 47 | *Filed & Entered:* | | 12/01/2020 | Notice (Other) |
| 48 | *Filed & Entered:* | | 02/18/2021 | Report and Recommendations |
| | *Terminated:* | | 08/23/2021 | |
| 49 | *Filed:* | | 03/02/2021 | Objection to Report and Recommendations |
| | *Entered:* | | 03/03/2021 | |
| 50 | *Filed & Entered:* | | 03/17/2021 | Response to Motion |
| 51 | *Filed & Entered:* | | 04/01/2021 | Notice of Appearance |
| 52 | *Filed & Entered:* | | 08/23/2021 | Order on Report and Recommendations |
| 53 | *Filed & Entered:* | | 08/23/2021 | Judgment |
| 54 | *Filed & Entered:* | | 09/13/2021 | Notice of Appeal |
| | *Terminated:* | | 12/20/2022 | |
| 55 | *Filed & Entered:* | | 09/13/2021 | Motion for Leave to Appeal in forma pauperis |
| | *Terminated:* | | 10/21/2021 | |
| 56 | *Filed:* | | 09/16/2021 | USCA Case Number |

| | | | |
|---|---|---|---|
| | *Entered:* | 09/17/2021 | |
| | *Terminated:* | 12/20/2022 | |
| [57](#) | *Filed:* | 09/16/2021 | Designation of Record on Appeal |
| | *Entered:* | 09/17/2021 | |
| | *Terminated:* | 12/20/2022 | |
| [58](#) | *Filed & Entered:* | 09/22/2021 | Motion for Bill of Costs |
| | *Terminated:* | 10/28/2021 | |
| [59](#) | *Filed & Entered:* | 09/27/2021 | Notice of Taxation of Costs Hearing |
| [60](#) | *Filed & Entered:* | 10/21/2021 | Order on Motion for Leave to Appeal in forma pauperis |
| [61](#) | *Filed & Entered:* | 10/28/2021 | Order on Motion for Bill of Costs |
| [62](#) | *Filed & Entered:* | 03/10/2022 | USCA Appeal Fees |
| | *Terminated:* | 12/20/2022 | |
| [63](#) | *Filed & Entered:* | 12/20/2022 | USCA Order |
| | *Terminated:* | 12/20/2022 | |
| [64](#) | *Filed & Entered:* | 12/20/2022 | USCA Judgment |
| [65](#) | *Filed & Entered:* | 02/28/2023 | USCA Mandate |

LR16.2 TR4,PSN,STAYED

## U.S. District Court
### Western District of Tennessee (Memphis)
### CIVIL DOCKET FOR CASE #: 2:19-cv-02705-JTF-tmp



PLAINTIFF'S
EXHIBIT
2

Leavy v. FedEx Corporation
Assigned to: Judge John Thomas Fowlkes, Jr
Referred to: Magistrate Judge Tu M. Pham
Case in other court: 6th Circuit COA, 21-05882
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 10/16/2019
Date Terminated: 08/23/2021
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights: Americans
with Disabilities - Employment
Jurisdiction: Federal Question

### Plaintiff

**Brenda Kay Leavy**

represented by **Brenda Kay Leavy**
5036 Overview Ridge Cove
Memphis, TN 38141
901-495-3561
Email: bkmeeks1@att.net
PRO SE

V.

### Defendant

**FedEx Corporation**

represented by **Barak J. Babcock**
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B 3rd Floor
Memphis, TN 38125
901-434-8523
Fax: 901-492-9930
Email: barak.babcock@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph B. Reafsnyder**
FEDERAL EXPRESS CORPORATION-
Hacks Cross Rd
3620 Hacks Cross Road
Building B 3rd Floor
Memphis, TN 38125
901-434-8375
Fax: 901-434-9278
Email: joseph.reafsnyder@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robbin W. Hutton**
FEDERAL EXPRESS CORPORATION

3620 Hacks Cross Rd
Ste Bldg B, 2nd Floor
Memphis, TN 38125
901-434-8320
Fax: 901-434-9235
Email: robbin.hutton@fedex.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2019 | 1 | PRO SE COMPLAINT for Employment Discrimination filed by Brenda Kay Leavy against FedEx Corporation. (Attachments: # 1 EEOC Documents with Notice of Right to Sue, # 2 Judicial Cards)(csf) (Entered: 10/16/2019) |
| 10/16/2019 | 2 | Case initiation fee: PAID $ 400.00, receipt number M4676043784 (csf) (Entered: 10/16/2019) |
| 10/16/2019 | 3 | NOTICE: Signed agreement to receive notice of electronic filing (NEF) by Brenda Kay Leavy (csf) (Entered: 10/16/2019) |
| 10/16/2019 | 4 | NOTICE OF CASE TRACKING ASSIGNMENT PURSUANT TO LOCAL RULE 16.2: Pursuant to Local Rule 16.2, this case has been assigned to the Standard track. http://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (csf) (Entered: 10/16/2019) |
| 10/16/2019 | 5 | NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P.73, and Local Rule 72.1, this Court has designated the Magistrate Judges of this District to conduct trials and otherwise dispose of any civil case that is filed in this Court. Your decision to consent, or not consent, to the referral of your case to a United States Magistrate Judge for trial and entry of a final judgment must be entirely voluntary. The judge or magistrate judge to whom the case has been assigned will not be informed of your decision unless all parties agree that the case may be referred to a magistrate judge for these specific purposes. A less than unanimous decision will not be communicated by this office to either the judge or magistrate judge. The consent form is available on the courts website at https://www.tnwd.uscourts.gov/forms-and-applications.php (csf) (Entered: 10/16/2019) |
| 10/16/2019 | 6 | NOTICE TO COMPLY WITH PLAN FOR ALTERNATE DISPUTE RESOLUTION (ADR): Pursuant to Section to 2.1 of the ADR Plan, all civil cases filed on or after Sept. 1, 2014, shall be referred automatically for ADR. For compliance requirements, refer to the ADR Plan at: http://www.tnwd.uscourts.gov/pdf/content/ADRPlan.pdf (csf) (Entered: 10/16/2019) |
| 10/16/2019 | | Pursuant to Administrative Order 2013-05, this case has been assigned to the United States magistrate judge for management of all pretrial matters. Pursuant to Local Rule 4.1(b)(1), the plaintiff shall present the Clerk with a properly completed summons for each defendant, and the Clerk shall issue the summons(es) to the plaintiff for service on the defendant(s). (csf) (Entered: 10/16/2019) |
| 10/23/2019 | 7 | Summons Issued as to FedEx Corporation. (btg) (Entered: 10/23/2019) |
| 11/01/2019 | 8 | SUMMONS Returned Executed by Brenda Kay Leavy as to FedEx Corporation. (Attachments: # 1 envelope)(jae) (Entered: 11/01/2019) |
| 11/18/2019 | 9 | ANSWER to Complaint by FedEx Corporation.(Reafsnyder, Joseph) (Entered: 11/18/2019) |

| 11/18/2019 | 10 | SETTING LETTER: A Scheduling Conference ia set for TUESDAY, 12/17/2019 at 9:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes, Jr. A JOINT proposed scheduling order in WORD format should be submitted at least 4 days prior to the scheduling conference to the ECF propdocs email address, ECF_Judge_Fowlkes@tnwd.uscourts.gov. PLEASE FOLLOW INSTRUCTIONS FOR SCHEDULING ON JUDGE FOWLKES' WEBSITE @https://connection.tnwd.circ6.dcn. Counsel should be prepared to set case deadlines and discuss case status and all pending motions at the conference. Following the scheduling conference, the approved order will be filed by the Case Manager. (ljf) (Entered: 11/18/2019) |
|---|---|---|
| 11/19/2019 | 11 | NOTICE of Appearance by Robbin W. Hutton on behalf of FedEx Corporation (Hutton, Robbin) (Entered: 11/19/2019) |
| 12/17/2019 | 12 | Minute Entry for proceedings held before Judge John T. Fowlkes, Jr.: Scheduling Conference held on 12/17/2019. Both Parties present in Court. Parties updated the Court as to the status of the case. Court accepts the proposed Scheduling Order & sets a Mediation deadline April 19, 2020. Case set Friday, 05/08/2020 at 9:30 a.m. for Status Conference. (Plaintiff: Pro Se)(Defense: Joseph B. Reafsnyder, Robin W. Hutton) (Court Reporter Mark Dodson.) (wrh) (Entered: 12/17/2019) |
| 12/17/2019 | 13 | SCHEDULING ORDER: Status Conference set for 5/8/2020 09:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr.. ADR deadline is 4/19/2020. Amended Pleadings due by 1/16/2020. Discovery due by 4/26/2020. Joinder of Parties due by 1/12/2020. Motions due by 5/26/2020. Signed by Judge John T. Fowlkes, Jr. on 12/17/2019. (Fowlkes, John) (Entered: 12/17/2019) |
| 12/17/2019 | 14 | ORDER for Mediation. Signed by Judge John T. Fowlkes, Jr. on 12/17/2020. (Fowlkes, John) (Entered: 12/17/2019) |
| 12/17/2019 | 15 | SETTING LETTER: [TEXT ONLY - NO IMAGE ATTACHED] Status Conference set for Friday, 5/8/2020 09:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr.. (wrh) (Entered: 12/17/2019) |
| 03/20/2020 | 16 | PRO SE MOTION for waiver of ADR fee by Brenda Kay Leavy. (Attachments: # 1 envelope)(jae) (Entered: 03/20/2020) |
| 03/23/2020 | 17 | TEXT ORDER granting 16 Motion for waiver of ADR fee. The motion is hereby granted, as the affidavit shows that the waiver of the fee is warranted. The court finds that the pro se plaintiff shall be relieved of the obligation to pay her share of the mediators fee, and that her share shall be paid by the Clerk of Court from the Courts Pro Bono Expense Fund. Mediation in this case will therefore be governed by Section 9 of the Pro Se IFP Plan, which "caps" the mediator's fees at $1,000 based on 4 hours at $250 per hour. It is so ordered. Signed by Magistrate Judge Tu M. Pham on 3/23/20. (TEXT ORDER ONLY NO IMAGE ASSOCIATED WITH THIS ENTRY) (jrs) (Entered: 03/23/2020) |
| 04/03/2020 | 18 | MOTION to Extend Deadline *(Proposed Order Submitted via Email)* by FedEx Corporation. (Reafsnyder, Joseph) (Entered: 04/03/2020) |
| 04/05/2020 | 19 | MOTION to Amend/Correct 18 MOTION to Extend Deadline *(Proposed Order Submitted via Email)* by FedEx Corporation. (Reafsnyder, Joseph) (Entered: 04/05/2020) |
| 04/06/2020 | 20 | TEXT ORDER granting 19 Motion to Amend/Correct. For good cause shown, the motion is hereby granted. The discovery and mediation deadlines are extended up to and including June 26, 2020. The dispositive motion deadline is extended up to and including July 26, 2020. It is so ordered. Signed by Magistrate Judge Tu M. Pham on 4/6/2020. (TEXT ORDER ONLY - NO IMAGE ASSOCIATED WITH THIS ENTRY) (jrs) (Entered: 04/06/2020) |

| 04/23/2020 | 21 | NOTICE to Take Deposition of Brenda Kay Leavy, Plaintiff by FedEx Corporation. (Hutton, Robbin) (Entered: 04/23/2020) |
|---|---|---|
| 05/07/2020 | 22 | SETTING LETTER: [TEXT ONLY - NO IMAGE ATTACHED] Status Conference RESET for Thursday, 7/16/2020 09:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr.. (wrh) (Entered: 05/07/2020) |
| 06/01/2020 | 23 | NOTICE by FedEx Corporation *Notice of Service of Subpoena* (Attachments: # 1 Subpoena)(Hutton, Robbin) (Entered: 06/01/2020) |
| 06/01/2020 | 24 | NOTICE by FedEx Corporation *Notice of Service of Subpoena* (Hutton, Robbin) (Entered: 06/01/2020) |
| 07/02/2020 | 25 | MEDIATION CERTIFICATION (Jacobson, Carl) (Entered: 07/02/2020) |
| 07/06/2020 | 26 | PRO-SE MOTION for Summary Judgment by Brenda Kay Leavy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Envelope)(btg) (Entered: 07/06/2020) |
| 07/16/2020 | 27 | Minute Entry for proceedings held before Judge John T. Fowlkes, Jr.: Status Conference held on 7/16/2020. Parties present via Skype. Discovery is complete; Mediation was unsuccessful; Plaintiff filed a Motion for Summary Judgment; Defendant will file a Motion for a Two-Week Extension to file a response. Case set Thursday, 10/22/2020 at 9:30 a.m. for Status Conference. (Plaintiff: Pro Se)(Defense: Robbin Hutton) (Court Reporter Mark Dodson.) (wrh) (Entered: 07/16/2020) |
| 07/16/2020 | 28 | SETTING LETTER: [TEXT ONLY - NO IMAGE ATTACHED[ Status Conference set for Thursday, 10/22/2020 09:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr.. (wrh) (Entered: 07/16/2020) |
| 07/20/2020 | 29 | First MOTION to Extend Deadline *to File Response in Opposition to Plaintiff's Motion for Summary Judgment,* First MOTION for Extension of Time to File Response/Reply as to 26 MOTION for Summary Judgment *Proposed Order Submitted* by FedEx Corporation. (Hutton, Robbin) (Entered: 07/20/2020) |
| 07/20/2020 | 30 | TEXT ORDER granting 29 Motion for Extension of Time to File Response. For good cause shown, the time for defendant to file a response is hereby extended up to and including August 17, 2020. It is so ordered. Signed by Chief Magistrate Judge Tu M. Pham on 7/20/20. (jrs) (TEXT ORDER ONLY - NO IMAGE ASSOCIATED WITH THIS ENTRY) (Entered: 07/20/2020) |
| 07/25/2020 | 31 | MOTION for Summary Judgment by FedEx Corporation. (Attachments: # 1 Memorandum, # 2 Statement of Undisputed Material Facts, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Reafsnyder, Joseph) (Entered: 07/25/2020) |
| 07/25/2020 | 32 | Sealed Document *Plaintiff's Medical Records.* (Reafsnyder, Joseph) (Entered: 07/25/2020) |
| 08/16/2020 | 33 | MOTION for Leave to File Excess Pages *proposed order submitted* by FedEx Corporation. (Reafsnyder, Joseph) (Entered: 08/16/2020) |
| 08/17/2020 | 34 | TEXT ORDER granting 33 Motion for Leave to File Excess Pages. For good cause shown, the motion is hereby granted. Defendant's statement of additional facts may exceed the page limitation by up to four (4) pages. It is so ordered. Signed by Chief Magistrate Judge Tu M. Pham on 8/17/20. (TEXT ORDER ONLY - NO IMAGE ASSOCIATED WITH THIS ENTRY) (jrs) (Entered: 08/17/2020) |
| 08/17/2020 | 35 | RESPONSE in Opposition re 26 MOTION for Summary Judgment filed by FedEx Corporation. (Attachments: # 1 Statement of Additional Material Facts)(Reafsnyder, Joseph) (Entered: 08/17/2020) |

| 08/19/2020 | 36 | Memorandum in opposition by Brenda Kay Leavy re 31 MOTION for Summary Judgment (jae) (Entered: 08/19/2020) |
|---|---|---|
| 08/19/2020 | 37 | Response to Statement of material facts by Brenda Kay Leavy re 31 MOTION for Summary Judgment (jae) (Entered: 08/19/2020) |
| 08/19/2020 | 38 | Additional Statement of Facts by Brenda Kay Leavy (jae) (Entered: 08/19/2020) |
| 08/19/2020 | 39 | NOTICE of Exhibits by Brenda Kay Leavy (Attachments: # 1 1, # 2 2, # 3 3, # 4 4, # 5 5, # 6 6, # 7 7, # 8 8, # 9 9, # 10 10, # 11 11, # 12 12, # 13 13, # 14 14, # 15 15, # 16 16, # 17 17, # 18 18, # 19 19, # 20 20, # 21 Envelope)(jae) (Entered: 08/19/2020) |
| 08/25/2020 | 40 | PRO SE NOTICE of filing reply and response and by Brenda Kay Leavy re 31 MOTION for Summary Judgment - statement of undisputed facts (jae) (Entered: 08/26/2020) |
| 08/25/2020 | 41 | PRO SE MOTION for Leave to File Excess Pages by Brenda Kay Leavy. (jae) (Entered: 08/26/2020) |
| 08/27/2020 | 42 | TEXT ORDER granting 41 Motion for Leave to File Excess Pages. The motion is hereby granted, and plaintiff's response is accepted as filed. It is so ordered. Signed by Chief Magistrate Judge Tu M. Pham on 8/27/20. (TEXT ORDER ONLY - NO IMAGE ASSOCIATED WITH THIS ENTRY) (jrs) (Entered: 08/27/2020) |
| 09/02/2020 | 43 | RESPONSE in Support re 31 MOTION for Summary Judgment *and in Response to Plaintiff's Opposition (D.E. 36)* filed by FedEx Corporation. (Attachments: # 1 FedEx's Objections and Responses to Plaintiff's Additional Statements of Material Facts (D.E. 38), # 2 Exhibit 1 Declaration of Joseph Reafsnyder, # 3 Exhibit 2 Declaration of Tamara Turner)(Reafsnyder, Joseph) (Entered: 09/02/2020) |
| 09/04/2020 | 44 | SUR-REPLY in further response to defendant's objection to by Brenda Kay Leavy re 37 plaintiff's additional statement of facts (jae) (Entered: 09/08/2020) |
| 10/19/2020 | 45 | SETTING LETTER: Status Conference RESET for Thursday, 12/3/2020 09:15 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr. |
| | | The proceeding will be held via Skype for Business video conference. The Court will email the parties an invitation for the video conference 1 day prior to the proceeding. |
| | | Counsel should submit any exhibits to be offered to the Judge's ECF mailbox prior to the proceeding. |
| | | The public may also access the video proceeding. If the public and/or media wish to attend in the video proceeding, please click on the following link to request access information: https://www.tnwd.uscourts.gov/videohearings The access information will be delivered via email to the email address from which the request originated. |
| | | Parties shall consult the Skype for Business webpage for instructions on downloading the proper extensions for their computer. |
| | | Please email Ross Herrin at ross_herrin@tnwd.uscourts.gov for any questions. (wrh) (Entered: 10/19/2020) |
| 12/01/2020 | 46 | ORDER STAYING CASE. Signed by Judge John T. Fowlkes, Jr. on 12/1/20. (Fowlkes, J.) (Entered: 12/01/2020) |
| 12/01/2020 | 47 | NOTICE OF CANCELLATION: Due to the entry of de# 46 ORDER STAYING CASE, The Status Conference set Thursday, 12/03/2020 before Judge, John T. Fowlkes, Jr. is CANCELLED. (wrh) (Entered: 12/01/2020) |

| 02/18/2021 | 48 | REPORT AND RECOMMENDATIONS re 31 MOTION for Summary Judgment filed by FedEx Corporation, 26 MOTION for Summary Judgment filed by Brenda Kay Leavy. Objections to R&R due by 3/4/2021. Signed by Chief Magistrate Judge Tu M. Pham on 2/18/21. (jrs) (Entered: 02/18/2021) |
|---|---|---|
| 03/02/2021 | 49 | OBJECTION to 48 Report and Recommendations by Brenda Kay Leavy. (jae) (Entered: 03/03/2021) |
| 03/17/2021 | 50 | RESPONSE to Motion re 48 REPORT AND RECOMMENDATIONS re 31 MOTION for Summary Judgment filed by FedEx Corporation, 26 MOTION for Summary Judgment filed by Brenda Kay Leavy *FedEx Response to Plaintiff's Objection to Report and Recommendation* filed by All Defendants. (Hutton, Robbin) (Entered: 03/17/2021) |
| 04/01/2021 | 51 | NOTICE of Appearance by Barak J. Babcock on behalf of FedEx Corporation (Babcock, Barak) (Entered: 04/01/2021) |
| 08/23/2021 | 52 | ORDER adopting 48 Report and Recommendations; denying 26 Motion for Summary Judgment; granting 31 Motion for Summary Judgment. Signed by Judge John T. Fowlkes, Jr. on 8/23/21. (Fowlkes, J.) (Entered: 08/23/2021) |
| 08/23/2021 | 53 | JUDGMENT. Signed by Judge John T. Fowlkes, Jr. on 8/23/21. (Fowlkes, J.) (Entered: 08/23/2021) |
| 09/13/2021 | 54 | PRO SE NOTICE OF APPEAL as to 53 Judgment by Brenda Kay Leavy. (btg) (Entered: 09/13/2021) |
| 09/13/2021 | 55 | PRO SE MOTION for Leave to Appeal in forma pauperis by Brenda Kay Leavy. (btg) (Entered: 09/13/2021) |
| 09/16/2021 | 56 | USCA Case Number 21-5882 for 54 Notice of Appeal filed by Brenda Kay Leavy. (jae) (Entered: 09/17/2021) |
| 09/16/2021 | 57 | DESIGNATION of Record on Appeal by Brenda Kay Leavy re 54 Notice of Appeal (jae) Modified on 9/17/2021 to correct date filed (jae). (Entered: 09/17/2021) |
| 09/22/2021 | 58 | MOTION for Bill of Costs by FedEx Corporation. (Attachments: # 1 Declaration of Sharon Daniel, # 2 Exhibit A to Daniel Declaration (invoices))(Babcock, Barak) (Entered: 09/22/2021) |
| 09/27/2021 | 59 | NOTICE OF TELEPHONIC TAXATION OF COSTS HEARING before the Clerk of Court, Thomas M. Gould, or his designee, on Thursday, October 28, 2021, at 10:00 AM re 58 MOTION for Bill of Costs. Call-in Number: (888) 675-2535; Access code: 6729060; Security code (if prompted): 9457. (kas) (Entered: 09/27/2021) |
| 10/21/2021 | 60 | ORDER Denying DE 55 Motion for Leave to Appeal in forma pauperis signed by Judge John T. Fowlkes, Jr. on 10/21/21. (Fowlkes, J.) (Entered: 10/21/2021) |
| 10/28/2021 | 61 | ORDER denying 58 Motion for Bill of Costs. Signed by Thomas M. Gould, Clerk of Court, on October 28, 2021. (kas) (Entered: 10/28/2021) |
| 03/10/2022 | 62 | USCA Appeal Fees received $ 505 receipt number M4676051566 re 54 Notice of Appeal filed by Brenda Kay Leavy (csf) (Entered: 03/10/2022) |
| 12/20/2022 | 63 | ORDER of USCA as to 54 Notice of Appeal filed by Brenda Kay Leavy. Accordingly, we AFFIRM the district courts judgment. (agj) (Entered: 12/20/2022) |
| 12/20/2022 | 64 | USCA JUDGMENT as to 54 Notice of Appeal filed by Brenda Kay Leavy (agj) (Entered: 12/20/2022) |

| 02/28/2023 | 65 | MANDATE of USCA as to 54 Notice of Appeal filed by Brenda Kay Leavy. MANDATE ISSUED with no costs taxed. (csf) (Entered: 02/28/2023) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/11/2023 21:04:18 | | | |
| **PACER Login:** | bkleavy56 | **Client Code:** | Erabit10 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-02705-JTF-tmp |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

PLAINTIFF'S
EXHIBIT
3
PENGAD 800-631-6989

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRENDA KAY LEAVY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-2705-JTF-tmp |
| FEDEX CORP., | ) ) | |
| Defendant. | ) ) ) | |

### ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE
### TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Plaintiff/Appellant Brenda Kay Leavy's *pro se* Application for Leave to Proceed *In Forma Pauperis* for Purposes of Appeal, an AO 240 form, filed on September 13, 2021. (ECF No. 55.) For the following reasons, the Court finds her request for leave to proceed *in forma pauperis* on appeal should be DENIED.

Under Federal Rule of Appellate Procedure 24(a)(1), a non-prisoner who desires to proceed *in forma pauperis* on appeal must obtain *pauper* status. *See Swain v. Save a Lot Corp.*, No. 16-cv-2008-JDT-dkv, 2016 WL 429801, at *1 (W.D. Tenn. Feb. 3, 2016) (citing *Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999)). Rule 24(a)(3) provides that if a party could proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **BRENDA KAY LEAVY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 19-cv-2705-JTF-tmp** |
| ) | |
| **FEDEX CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE
## TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Plaintiff/Appellant Brenda Kay Leavy's *pro se* Application for Leave to Proceed *In Forma Pauperis* for Purposes of Appeal, an AO 240 form, filed on September 13, 2021. (ECF No. 55.) For the following reasons, the Court finds her request for leave to proceed *in forma pauperis* on appeal should be DENIED.

Under Federal Rule of Appellate Procedure 24(a)(1), a non-prisoner who desires to proceed *in forma pauperis* on appeal must obtain *pauper* status. *See Swain v. Save a Lot Corp.*, No. 16-cv-2008-JDT-dkv, 2016 WL 429801, at *1 (W.D. Tenn. Feb. 3, 2016) (citing *Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999)). Rule 24(a)(3) provides that if a party could proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a

1

party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Coppedge,* 369 U.S. at 445. If the Court denies *pauper* status on appeal, the party may move to proceed *in forma pauperis* in the Court of Appeals within thirty days of denial of the application to proceed *in forma pauperis* by the district court. Fed. R. App. P. 24(a)(4)–(5).

First, the Court notes that Leavy did not seek *in forma pauperis* status from the Court when she initiated her lawsuit; instead, she paid the $400 filing fee. (ECF No. 2.) Further, the Court observes that Leavy requests leave to proceed *in forma pauperis* on appeal by submitting an AO 240 form. The AO 240 form does not include a motion or accompanying affidavit that "shows in detail" Leavy's inability to pay the applicable fees as required by Fed. R. App. P. 24(a)(1)(A). *See Callihan*, 178 F.3d at 803. Specifically, Leavy has failed to attach an affidavit that provides the Court "in detail the information prescribed by Form 4 of the Appendix of Forms to the Federal Forms of Appellate Procedure" [her] inability to pay ... fees and costs; the right to redress; and the issues [she] intends to present on appeal." (*Id.*) The AO 240 form merely provides that Leavy's gross monthly expenses, $1,377.00 for mortgage and utility payments, are more than her earnings of $738.00 in monthly pension. (*Id.*)

The record reflects that Leavy is appealing the Court's Order that adopted the Chief Magistrate Judge's report and recommendation, denied Leavy's motion for summary judgment, granted the Defendant's motion for summary judgment and dismissed her case with prejudice. (ECF No. 52 – ECF No. 54.) In adopting the report and recommendation to dismiss her case, the undersigned Court determined that all of Plaintiff's objections either lacked merit, factual support or legal authority. The Court also declined to consider Defendant's response in opposition to Plaintiff's objections because it was not timely filed in accordance with LR 72.1(g)(2). Therefore, for the same considerations and determinations made in adopting the Chief Magistrate Judge's

report and recommendation, the Court deems any appeal of this matter as frivolous. Therefore, the Court **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that Plaintiff's appeal would not be taken in good faith.

For the reasons stated above, Plaintiff's motion for leave to appeal *in forma pauperis*, ECF No. 55, is therefore **DENIED**. Accordingly, Plaintiff must pay the full $505 appellate filing fee or move to proceed *in forma pauperis* and file the supporting affidavit in the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED** on this 21st day of October, 2021.

> *s/John T. Fowlkes, Jr.*
> JOHN T. FOWLKES, Jr.
> UNITED STATES DISTRICT JUDGE

3



PLAINTIFF'S
EXHIBIT
4

## IN THE
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **BRENDA KAY LEAVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 2:19-cv-02705-JTF-tmp** |
| | ) | |
| **FEDEX CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER DENYING COSTS

### PROCEDURAL HISTORY

On August 23, 2021, Judgment was entered in favor of Defendant, FedEx Corporation. On September 22, 2021, Defendant, as the prevailing party, filed its Bill of Costs, which included documentation for the requested costs, seeking reimbursement of taxable costs in the amount of $1,926.55. A telephonic cost taxation hearing was held, as scheduled, on October 28, 2021, during which both parties appeared.

### STANDARD OF REVIEW

Fed. R. Civ. P. 54(d) creates a rebuttable presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party presents factors that are sufficient to override or mitigate the award of costs.

1

The evaluation of the appropriate taxation of costs is more than the mechanical application of the above standards and ought to address the following basic issues: (a) Whether the party submitting the Bill of Costs was the prevailing party in the case; (b) Whether the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and actually incurred in prosecuting or defending the related action; (d) Whether the claimed costs were adequately documented; and (e) Whether there are factors that otherwise overcome the presumption to award costs to the prevailing party.

As to the possible factors presented in subsection (e) above, to overcome the presumption of awarding costs to the prevailing party the following may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party unnecessarily prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party were excessive; (5) Whether the prevailing party's recovery is so minimal or insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

Factors often presented but which will not be given much, if any, weight include the following: (a) That the losing party's case raised important public policy issues and there would be a chilling effect on future issues being raised if costs were imposed; (b) That because the losing party prosecuted or defended their side of the matter in good faith they ought to be excused from paying costs; (c) That the losing party's financial status should exempt them from paying costs because they are disproportionately less wealthy than the prevailing party; and (d) That costs should not be awarded to the prevailing party because they only prevailed on a portion of their claims or because the nature of their relief was non-monetary, such as the issuance of an injunction.

These arguments will not significantly influence the awarding of costs, though they later might reflect issues related to the likelihood of post-judgment collection.

## ANALYSIS

Defendant has met the threshold requirement of being awarded costs as the prevailing party in this action having completed the procedural and documentary requirements for submission of its cost bill. At the cost taxation hearing, Plaintiff objected to an award of costs on the basis that she is unemployed and incapable of paying the requested costs.

The Sixth Circuit has identified several circumstances under which a denial of costs would be a proper exercise of discretion, with one such circumstance being the losing party's indigency. To overcome the presumption in favor of awarding costs to the prevailing party on the basis of the losing party's financial condition, it is the losing party's burden to demonstrate that an award of costs would be an extreme financial hardship and that she would be "incapable of paying the court-imposed costs at this time or in the future." *Tuggles v. Leroy-Somer, Inc.*, 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). In support of her claim of indigency, Plaintiff relies on her Application to Proceed In District Court Without Prepaying Fees or Costs.[1] ECF No. 55. Plaintiff further notes that due to a breast cancer diagnosis she does not anticipate her financial condition changing.

In reviewing Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs, the Clerk notes that Plaintiff is currently unemployed, receives Supplemental Nutrition Assistance Program benefits to meet her food/nutritional needs, receives a monthly pension check in the amount of $739.83, has $35.00 in savings, and owns a 2003 Toyota Camry valued at

---

[1] Plaintiff filed her Application to Proceed In District Court Without Prepaying Fees or Costs as part of her Pro Se Motion for Leave to Appeal In *Forma Pauperis*. ECF No. 55. Plaintiff's request was denied by the presiding Judge on October 21, 2021, on the basis that she failed to satisfy the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure and that any appeal of this matter would be frivolous. ECF No. 60.

3

$1,200.00. The Clerk notes that Plaintiff's monthly expenditures include $959.00 for housing (mortgage payment) and $428.00 for utilities, and that Plaintiff currently carries a balance of $1,700.00 of credit card debt.

In comparing Plaintiff's monthly income to her monthly expenses, Plaintiff currently fails to meet her financial obligations each month in the amount of $647.17. Given this negative cashflow, and Plaintiff's breast cancer diagnosis, the Clerk finds that Plaintiff has satisfied her burden of demonstrating that an award of costs would be an extreme financial hardship and that she is incapable of paying the court-imposed costs at this time or in the future and that it would be inequitable to impose costs.

### DECISION

It is the Order of the Clerk of Court that Defendant's Bill of Costs be denied.

### NOTICE OF RIGHT TO HAVE DECISION REVIEWED

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within 5 days of the docketing of this Order.

**Dated: October 28, 2021**

s/ Thomas M. Gould
Thomas M. Gould, Clerk of Court

4



**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 08, 2023

Ms. Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

Re: Case No. 21-5882, *Brenda Leavy v. Federal Express Corporation*
Originating Case No. 2:19-cv-02705

Dear Ms. Leavy:

Enclosed please find, unfiled, your motion to vacate this Court's December 20, 2022 order. Please be advised that your case is closed and no further action will be forthcoming from this Court.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager
Direct Dial No. 513-564-7034

cc: Mr. Barak Jonathan Babcock

RECEIVED
03/08/23
DEBORAH S. HUNT, Clerk

CASE NO. 21-5882

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

**BRENDA KAY LEAVY,**

*Plaintiff-Appellant*

**v.**

**FEDEX CORPORATION,**

*Defendant-Appellee*

**On Appeal from the United States District Court**

**Western District of Tennessee, Western District**

**Civil Action No. 2:19-cv-02705-JFT-tmp**

## MOTION TO VACATE ORDER

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN  38141
(901) 495-3561
*Pro Se*

1

## STATEMENT OF THE CASE AND GROUNDS TO VACATE THE ORDER

Pursuant to Civil Rule 60, Brenda K. Leavy ("Leavy"), *Pro Se,* is filing a Motion to Vacate and Void the Order that the Sixth Circuit Appellate Court ("Sixth Circuit") entered on December 20, 2022, by BOGGS, THAPAR, and READLER, Circuit Judges, in her Disability Discrimination lawsuit against Federal Express Corporation ("FedEx").

The Sixth Circuit has the power to vacate the Order that was entered against Leavy on the grounds that the District Court deprived Leavy of her right to a jury trial when they manipulated her to accept a Magistrate Judge, with a conflict of interest. When Leavy again asked for a jury trial, she was denied a proper chance to present her side of the action.

Leavy filed a Civil Rights Employment Disability Discrimination lawsuit against FedEx, with **Jury Demand**, in federal court on October 16, 2019. Upon belief that the District Court leveraged Leavy's *pro se* status against her, discrimination has followed her to the Sixth Circuit seated in assignment of the appeal to the sole control of central staff. That assignment taking place with no disclosure that she would not have equal access to the three-judge panel. Central staff are not duly appointed appellate judges. Leavy was denied a jury trial at the District Court and denied access to judicial analysis at the Sixth Circuit. Therefore, Leavy was deprived of her constitutional right to due process both at the District Court and the Sixth Circuit.

While the Sixth Circuit happily welcomes and accepts the required $500 filing fee from Leavy, it should treat her with the same degree of respect that it affords FedEx. Disallowing Leavy from the same processes afforded to FedEx violates the Fourteenth Amendment of the Constitution. This Order sets the precedent that FedEx

2

is above the law. However, under the legal laws and protections against discrimination in the United States, which are enforced by the Equal Employment Opportunity Commission, it is illegal to discriminate against employees in the workplace because of cancer.

FedEx hired Leavy in June of 1992. Leavy enjoyed twenty-six (26) years of employment with FedEx until her illegal termination on October 5, 2018. Leavy served as the Executive Administrative Assistant for Ms. Karen Galambos, Staff Vice President of Human Resources, for approximately two years before her unlawful termination. During her tenure with FedEx, Leavy received positive annual performance evaluations throughout her employment and was never disciplined.

Leavy was diagnosed with breast cancer in February 2018, which is disability that is a protected right under the Civil Rights laws. Title I of the Americans with Disabilities Act ("ADA") prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability," including Leavy. 42 U.S.C. §12112(a). The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of a qualified individual with a disability, absent an undue hardship on the operation of the business" 42 U.S.C. §12112(b)(5)(A). FedEx did not engage in the mandatory interactive process and failed to provide Leavy, a protected employee, with a reasonable accommodation. Instead, FedEx terminated her. The ADA law is crystal clear in its meaning and does not provide as exceptions to the power of federal judges or its staff.

Leavy is an African American woman, and she know her history. The Thirteenth Amendment to the U.S. Constitution freed her people from slavery and yet this has never been enough. Leavy know that under the landmark "*Brown v.*

*Board of Education*, Topeka, 347 U.S. 483 (1954)" decision separate and unequal is a Civil Rights Violation. This standard applies to denial of judicial analysis simply because Leavy filed *pro se*. Poor, disadvantaged, *pro se* persons are a protected class routinely discriminated against under what is known as the Appellate Triage Model.

Former law school professor Penelope Pether described what Leavy believe she experienced.

She wrote: "…that the corpus of clerk and staff attorney-authorized opinions is not merely likely to be sloppy or wrong, but that it has structurally subordinating effects. On the rare occasion that they register the kind of second-class treatment that is likely to produce injustice, they (federal courts) do not make the connection between <u>flawed procedure and its result: systemic injustice somehow becomes invisible.</u> FJC Report; supra note 82. "Sorcerers, Not Apprentices: How Judicial Clerks and Staff Attorney's Impoverish U.S. Law;" 39 Ariz. St. L.J. 1 (2007); Penelope Pether.

The Sixth Circuit enforced the Order against Leavy without acknowledging the facts, issues and legal arguments of her appeal. She was not given an opportunity to be heard at any time before the Order was entered.


## UNANSWERED APPEAL QUESTIONS

Leavy filed a Pro Se Appellant Brief with the Court of Appeals for the Sixth Circuit on April 6, 2022. (R. 13, PageID 1-59.) As valid appeal questions…Leavy specifically requested that she wanted the following laws applied to her appeal: Family and Medical Leave Act ("FMLA") of 1993 (FMLA), 29 U.S.C. §§ 2601-2654 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213

4

(2012), which was amended by the ADA Amendments Act of 2008 ("Amendments Act" or "ADAAA").

Questions submitted to the Error Correction Mandate of the appeals process centered on whether Leavy experienced discrimination because of her breast cancer disability and request for reasonable accommodation; and whether FedEx complied with its obligations of the ADA by engaging in the mandatory interactive process to accommodate Leavy, a qualified employee with a known disability, under the FMLA and ADA laws.

The Sixth Circuit author never addressed the following appeal question: It being that FedEx denied Leavy a benefit to which she is "entitled" to, when it acted unlawfully and refused to comply with the FMLA regulations; and thus, wrongfully terminating her employment interfered with her FMLA leave §2615(a)(1).

In merely rubber stamping the District Court Order, the Sixth Circuit failed to address the fact that FedEx failed to provide Leavy with the Notice of Requirement. 29 C.F.R. §825.305(a). *Wallace v. FedEx Corp.*, 764 F.3d 571, 590 (6th Cir. 2014). FedEx did not assign anyone to explain to Leavy the FMLA "Eligibility Notice," 29 C.F.R §825.300(b); the "Rights and Responsibilities Notice," 29 C.F.R §825.300(c); or a "Designation Notice," 29 C.F.R §825.300(d). The District Court should have given deference to 29 C.F.R. §825.305. FedEx's noncompliance with §825.305(c) substantially prejudiced Leavy. (R. 39-9, PageID 443-449.)

The Sixth Circuit did not make its ruling based the following Appeal Questions:

i.  Whether the District Court erred in ignoring the material fact that after Leavy requested accommodation, FedEx refused to comply with the Written Notice Requirements of 29 C.F.R. §825.305 to provide her a

5

reasonable accommodation, in violation of the ADA. FedEx did not engage in the mandatory interactive process. (42 U.S.C. §12112(b)(5)(A).

ii.    Whether the District Court erred in omitting the critical material facts and evidence that Leavy suffers from breast cancer, a qualified disability that is protected from discrimination under the FMLA and ADA laws.

iii.   Whether the District Court erred in granting FedEx summary judgment by misapplying the summary-judgment standard and ADA precedents. The District Court analyzed Leavy's "Failure to Accommodate under the ADA" claim under the reduction-in-force standard by using the McDonnell Douglas burden shifting, which applies to indirect evidence cases.

The appeal courts do not exist to rubber stamp district court decisions. They are the peoples' courts and the people rich or poor, black or white, sophisticated and articulate or not have an equal right to be heard on every appeal question involving their rights. Leavy's appeal questions were not addressed on facts and content. Leavy's' Fourteenth Amendment right to due process was violated when the Sixth Circuit denied her an opportunity to tell her side of the case. On the day Leavy's appeal was sent down a "less than track" due process was blocked in that her Appeal Questions were never answered.

Violations of law in how these laws were wrongly applied by the District Court Order were not answered. Appeal questions were ignored. The Sixth Circuit did not fairly or evenly apply its Error Correction responsibility. Leavy has the right to be heard on every appeal question involving her rights. The Sixth Circuit author, despite the lies put forth by central staff, is most certainly not a judge. This is a Void Order for failure to apply ADA precedent, failure to answer the appeal questions, and denial of access to judicial analysis. No judicial analysis equates to no due process. Separate and unequal is a Civil Rights Violation. *Brown v. Board of Education.*

## LEAVY'S RIGHT TO DUE PROCESS OF LAW VIOLATED

The Order does not address violation of the Seventh Amendment, right to trial by a jury, which assures that ordinary people decide what the law is, and not the king and his minions. This is raised as an appeal question on Document 13, Page 37 of the *Pro Se* Appellant's Brief.

The Seventh Amendment to the United States Constitution guarantees the right to a trial by jury in any civil lawsuit involving claims valued at more than $20. While judges would have recognized this offense and most certainly would have addressed it, the staff member writing the Order did not. Why? This person was far more concerned with her assigned task of dispensing as quickly as possible with as many *pro se* cases as possible, saving the workload of judges. Two divergent and contrary goals working against justice makes the Appellate Triage Model a vehicle for tyranny.

In a summary judgment, all reasonable inferences must be drawn in Leavy's favor as the non-moving party. See *Maty v. Grasselli Chemical Co.,* 303 U.S. 197 (1938). The Maty decision stated: "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end." The U.S. Supreme Court made it clear in the Maty decision that cases must be resolved on their merits. However, Leavy was denied due process so that this case can be heard on its merits, as the law favors.

The Fourteenth Amendment states that government cannot deprive "any person of life, liberty, or property, without due process of law." Chief Justice William Howard Taft explained the purpose behind the clauses in *Truax v. Corrigan* (1921) as follows: "The due process clause requires that every man shall

7

have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society.

The District Court dismissed Leavy's case with prejudice while ignoring the laws, critical material facts and relevant evidence that Leavy presented – ensuring her claim could never be heard again by another judge, without addressing the issues. Such acts are clear violations of Leavy's constitutional right to due process.

The Sixth Circuit concealed the bias, judicial misconduct, and deprivation of due process of the District Court judges by simply restating their rulings, similarly ignoring the same facts, issues and legal arguments on Appeal that would otherwise require the District Court's decision to be reversed. The Sixth Circuit selectively omitted information that would reveal the real issue Leavy's case is being appealed.

On appeal, Leavy understand today that her *Pro Se* Appellant's Brief was delegated to central staff. That there was a separate and unequal track of assignment, coming with automatic denial of the right to be heard at oral arguments. Leavy's First Amendment to the U.S. Constitutional right to petition her government (the Sixth Circuit) for redress of grievances under its error and scope of responsibility was violated. Leavy believe that this separate and unequal assignment was triggered by her *pro se* status. Discrimination against *pro se* appellants is a "lynching without the noose" ... to quote Clarence Thomas. Leavy is a human being and she deserve equal justice.

The Sixth Circuit issued an Order that appears well-reasoned to the naked eye but contains only the unsupported facts and arguments of FedEx. The Sixth Circuit

omitted Leavy's relevant facts and evidence that would otherwise show the absurdity of their rulings. The three-judge panel is not exercising any oversights or quality control over what they have rubber stamped have violated their constitutional oaths of office and stripped Leavy of her constitutional rights. A judgment of a court without hearing the party or giving him/her an opportunity to be heard is not a judicial determination of his rights. *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal. The Sixth Circuit has made a complete mockery of due process.

The Order as written is lacking in judicial analysis. This leads Leavy to believe that her Appeal was assigned to central staff absent any judicial or administrative oversight as to quality and preservation of rights. If actual judicial analysis had been applied, the three-judge-panel would have been faithful to ADA precedent. Access to judicial analysis, as that process is traditionally and lawfully understood, was denied to Leavy. Lack of judicial analysis seated in delegation of Leavy's appeal to central staff equate to no due process.

Leavy has a constitutional right to tell her story to an impartial tribunal, a group of people who are not part of the legal/governmental system— who are ordinary citizens like herself. Upon belief that actual judges would have recognized and addressed Leavy's right of access to a jury trial without any deception or manipulation on the part of the District Court to deter her from this right. Leavy has never had an opportunity to be heard, first at the District Court and then on appeal at the Sixth Circuit.

According to rules of judicial conduct called canons, Judges have a duty to respect the inexperience of a *pro se* litigant and help them understand the legal process (but not the law). Canon 3 of the Code of Judicial Conduct (SCR 63) requires

9

judges to remain faithful to the law, to be unswayed by partisan interests, public clamor, or fear of criticism, to perform judicial duties without bias or prejudice, and to disqualify themselves where they are acting as lawyers in a proceeding. Judges are also to be efficient, patient, and to ensure that litigants receive a fair trial. None of those standards, however, are of much help when unrepresented litigants are denied the right of access to the three-judge panel.

Leavy did not consent to the referral of her case to a Magistrate Judge for trial and entry of a final judgment. However, the District Court directed her to trial by Magistrate Judge. They did so without fully explaining what a magistrate judge is; taking place outside the open forum of a courtroom with no right to appear. The Sixth Circuit has been so negligent toward the ADA precedents that Leavy has been "deprived equal protection of the laws." The Fourteenth Amendment's promise of "liberty" encompasses, among other things, "those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)). Decisions affecting individuals are made by a jury of peers.

Discrimination is evident in that an actual three-judge-panel would have recognized that the District Court judge was obligated to do more than rubber stamp the work of the Magistrate Judge under his supervision as in: *Hernandez v. Estelle*: "...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." And..."objections to such proposed findings and recommendations as provided by rules of the court. A judge of the District Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations as provided by rules of the court. And... to which objection is made;" 28 U.S. Code 636 § (b)(1)(C). The district court treated Leavy's Objections as if it were never made.

10

Rule 3. Appeal as of Right. How taken. Rule 3: (a)(3) An appeal from a judgement by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgement. Leavy's appeal was not taken in the same way. Stripping Procedural Due Process safeguards and equal treatment, "taken in the same way" did not exist. What is so "equal" about this type of judicial conduct?

When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends the rule of law. ... Because due process has been violated, the Order that violated it should be overturned or struck void. That this is not respected, honored, or evidenced is again proof that the three-judge panel were not present, except in name only. Separate and unequal in the assignment of Leavy's appeal to the sole control of central staff is a Civil Rights Violation. For these reasons it is incumbent upon the Sixth Circuit to void the current Order and address the appeal questions in keeping with law, precedent, and procedural due process safeguards.

## SUMMARY JUDGMENT INAPPROPRIATELY GRANTED TO FEDEX

At summary judgment, Leavy supported her claims with evidence that: (1) she was disabled; (2) she was "otherwise qualified for the position; (3) FedEx knew of her disability; (4) FedEx denied her request for continuous accommodation; and (5) FedEx forced Leavy to work beyond her medical restrictions.

FedEx has acknowledged its mistake in its Reply Brief to Leavy's *Pro Se* Appellant Brief. "FedEx concedes for purposes of this Appeal that Ms. Leavy was disabled under the ADA." FedEx's Brief (R. 17, Page 19.) FedEx concluded that "Ms. Leavy was "otherwise qualified for the position and that FedEx knew of her

disability." Leavy contends that because it is undisputed that she is disabled and qualified for her position, she falls under the ADA and is entitled to all the protections the statue offers. However, Leavy's appeal has not been "taken" nor has it ever been heard.

As another example, the staff-authored Order failed to address that.... Once Leavy has established a *prima facie* case, FedEx "bear[s] the burden of proving that . . . a proposed accommodation will impose an undue hardship upon the employer." *Monette*, 90 F.3d at 1186. Once Leavy requested an accommodation, FedEx had an affirmative duty to engage in an interactive process. *Hostettler*, 895 F.3d at 857.

FedEx did not argue in District Court or the Sixth Circuit the affirmative defense that "not making reasonable accommodations to Leavy, a qualified individual with a known disability, would create an undue hardship on the operation of the business." (42 U.S.C. §12112(b)(5)(A)). FedEx has not met its burden.

Leavy has established a *prima facie* case of disability discrimination. However, the Sixth Circuit refuse to enforce the ADA protections that Leavy is rightfully entitled to. The Sixth Circuit failed to respect and comply with the obligations of the ADA precedent and did not act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

In the U.S. legal system, there is a principle that compels judges to respect the precedent established by prior decisions on similar cases. This principle is known as "*stare decisis*". This means that courts should adhere to precedent, and not stir the pot on matters already settled.

12

Case: 21-5882    Document: 29-1    Filed: 03/08/2023    Page: 13    (13 of 19)

In Leavy's appeal, her rights were shredded when the Sixth Circuit wrote a dismissal so flawed that it contradicted the authority of the FMLA and the ADA laws. Disregarding the content of Leavy's *Pro Se* Appellant Brief, the resultant dismissal was so flawed that it ruled against the Sixth Circuit's own Ruling in *Atkins v. Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7, 2018), which was written by now Acting Chief Judge Jeffrey Sutton.

Atkins's basis for the Sixth Circuit's reconsideration appears to be that the District Court was in clear error in making its determination. Consequently, Atkins asserted that Dolgencorp failed to accommodate her as a matter of law. Accordingly, Leavy's case has the same argument as Atkins; ADA - failure to accommodate an employee's disability and refusal to engage in the interactive process as a matter of law... but different conclusion.

In *Atkins*, Chief Judge Sutton wrote: "Happily for us, doctrine lines up with common sense in this setting. A defendant may use a legitimate, nondiscriminatory rationale as a shield against *indirect* or *circumstantial* evidence of discrimination. *See Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016). But a neutral policy is of no moment when an employee presents *direct* evidence of discrimination. *See id.* And failing to provide a protected employee a reasonable accommodation constitutes direct evidence of discrimination. *See Kleiber*, 485 F.3d at 868. Hence "failure to consider the possibility of reasonable accommodation for known disabilities, if it leads to discharge for performance inadequacies resulting from disabilities, amounts to discharge solely because of the disabilities." *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc.* 119 F.3d 453, 460 (6th Cir. 1997)(en banc) quotations omitted."

Chief Judge Sutton reversed summary judgment in favor of Coldwater, holding that Morrissey established that she has a disability and had requested an accommodation, just as Leavy has established that she has a disability and requested an accommodation." Doing so in favor of Leavy and in keeping with established ADA precedent... Chief Judge Sutton would never have ruled against himself.

Just as Dolgencorp, FedEx's failure to engage in the mandatory interactive process automatically constitutes a failure to accommodate, which is direct evidence of discrimination, where Leavy proved that a reasonable accommodation would have been possible. Ignoring ADA precedent is considered an abuse of the Sixth Circuit's authority and was without legal justification.

Under *Kleiber*, the Sixth Circuit applies the "direct evidence" test to resolve failure to accommodate claims. 485 F.3d at 868 ("[C]laims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence . . . of discrimination. FedEx did not reasonably accommodate Leavy, so she was not required to establish anything more for her claim to be viable because she produced direct evidence of discrimination, failure to accommodate.

The Sixth Circuit has gone against ADA laws, stare decisis, with no compelling reason to deviate from the ADA precedent. The decision in Leavy's case is not consistent with the application of the law of "failure to engage in the interactive process and failure to provide a reasonable accommodation" with the cases in the Sixth Circuit. Leavy has cited case law in numerous published cases from the Sixth Circuit to substantiate that the law weighs heavily in her favor. *See Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007) (quoting 42 U.S.C. §12112(b)(5)(A); *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018); *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018); *Atkins v.*

*Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7, 2018); *Morrissey v. Laurel Health Care Co.,* No. 18-1704 (6th Cir. 2019); *Fisher v. Nissan North Am., Inc.,* 951 F.3d 409, 416 (6th Cir. 2020); and *King v. Steward Trumbull Mem. Hosp., Inc.,* No. 19-cv-720, 2021 WL 1578076, at *1 (N.D.).

Proof that this was a substandard staff-authored order is evident in that whomever it was that wrote the Order, certainly not a judge, did not follow nor recognize ADA precent set in previous cases ruled on by the Sixth Circuit. Substandard staff-authored opinions are for the most part never published. Published equates to binding -- able to be quoted with authority. Not capable of being published communicates a "less than" ruling that has no lasting worth. Not worth the paper it is produced on since judges never had a hand in drafting the outcome. If judges cannot trust these opinions, why should we?

The recent decision by the U.S. Sixth Circuit Court of Appeals in *Atkins v. Dolgencorp, LLC,* No. 17-6278 (6th Cir. Aug. 7, 2018) is instructive in showing that an employer's failure to accommodate an employee's disability and refusal to engage in the interactive process is direct evidence of disability discrimination. "[A]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process." *Barnett v. U.S. Air, Inc.*, 228 F.3d at 116 (9th   Cir. 2000) (en banc) (footnote omitted) (quoting 42 U.S.C. § 12112(b)(5)(A)).

The record in this matter is completely bare of any evidence that FedEx engaged in the mandatory interactive process to determine the existence and

15

feasibility of a reasonable accommodation. Therefore, summary judgment in favor of FedEx was inappropriate on Leavy's Disability and Reasonable Accommodation claim.

## **Denial of Petition for Re Hearing En Banc**

Leavy filed a Petition for Rehearing En Banc on January 3, 2023, because there is nothing frivolous about cancer and violation of the ADA – and Leavy wanted the opportunity to be heard.  Upon belief that Leavy's petition was never actually circulated to all judges of the court, the Sixth Circuit denied Leavy's petition by similarly ignoring every fact and argument that didn't support the District Court's ruling.  This is yet another indication that judges, protected from criticism are not equally involved in determinations impacting "less than" *pro se* appellants. This is more evidence that track two of the Appellate Triage Model comes with automatic denial of other rights related to any filing that highlight the prejudice and bias applied to any *pro se* appeal. Track two is a civil rights violation.

Unfortunately, again Leavy was denied a proper chance to present her side of the case when the Petition for Rehearing En Banc was treated in an unequal manner; never actually read by judges.  This begs the question if employees having control over initial screening, are shielding a substandard staff authored from accountability per denial of judicial review. Leavy's appeal has never had an opportunity to be heard. Every person is entitled to an opportunity to be heard in a court of law upon every question involving his/her rights or interests, before he/she is affected by any judicial decision on the question. *Earle v McVeigh*, 91 US 503, 23 L Ed 398.

## **CONCLUSION**

As Leavy's constitutional right, a jury should determine the credibility of the witnesses, and whether FedEx's termination of Leavy was motivated by her breast cancer disability and request for reasonable accommodation, or whether FedEx's proffered reasons for terminating Leavy were justified and proper under the law. It should be up to the jury to decide the facts and reach a verdict, within the guidelines of the law as determined by the judge.

Leavy's most heartfelt and sincere request is that the Sixth Circuit will vacate the substandard staff-authored Order, enforce her constitutional rights to be heard on appeal, as stated in the Fourteenth Amendment, allowing Leavy access to a three-judge-panel to hear and rule on her *pro se* Appellant's Brief.

DATED this 8th day of March 2023.

Respectfully submitted,

/s/ Brenda Kay Leavy
Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cove
Memphis, TN 38141

17

## CERTIFICATE OF SERVICE

I, the undersigned, herby certify that on this 8th day of March 2023, the foregoing document has been served via first class U.S. Mail, postage prepaid, upon:

Barak J. Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd floor
Memphis, TN 38125

/s/Brenda Kay Leavy
Brenda Kay Leavy



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BRENDA KAY LEAVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case 2:19-cv-02705-JTF-tmp** |
| | ) | |
| **FEDEX CORPORATION,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**SCHEDULING ORDER**

Pursuant to Local Rule 16.2, the parties met and conferred on December 10, 2019 and December 13, 2019 in compliance with Federal Rule of Civil Procedure 26(f), and agreed upon the matters set forth herein. Present were, Brenda Kay Leavy, *pro se* plaintiff, and Joseph B. Reafsnyder, Esq., counsel for defendant. The following dates are established as the final deadlines for:

**(1)   CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE:**

The parties do not consent to trial before the Magistrate Judge.

**(2)   INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: December 27, 2019

**(3)   MOTIONS TO JOIN PARTIES**: January 12, 2020

**(4)   MOTIONS TO AMEND PLEADINGS**:  January 16, 2020

**(5)   MOTIONS TO DISMISS**:  February 15, 2020

**(6)   COMPLETING ALL DISCOVERY**:  April 26, 2020

(a) **WRITTEN DISCOVERY**:  March 12, 2020

(b) **DEPOSITIONS**: April 26, 2020

(7)   **EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: March 27, 2020

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: April 11, 2020

    (c) **EXPERT WITNESS DEPOSITIONS**: April 26, 2020

(8)   **MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: May 11, 2020

(9)   **FILING DISPOSITIVE MOTIONS**: May 26, 2020

(10)   **MEDIATION**: April 19, 2020

(11)   **OTHER RELEVANT MATTERS**:

    (a) Disclosure or discovery of electronically stored information ("ESI") should be handled as follows: ESI discovery files shall be transmitted electronically, on a USB drive, on CD's or DVD's, or in print pursuant to the discovery requests propounded by the parties. The parties shall preserve and shall not destroy or alter any ESI which touches on any subject matter or party of this litigation.

    (b) Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    (c) No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

    (d) Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

    (e) This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 3 days.

(f) The parties do not foresee the need for ADR procedures at this time. If ADR procedures are ordered, the parties, pursuant to Local Rule 16.3(d) and within 7 days of completion of ADR, shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

(g) Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

(h) Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

(i) The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

(j) Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

(k) The parties do not consent to trial before the Magistrate Judge.

(l) This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED.**

s/John T. Fowlkes, Jr.
JOHN T. FOWLKES, JR.,
UNITED STATES DISTRICT JUDGE

**To:** William Herrin <Ross_Herrin@tnwd.uscourts.gov>; Brenda Leavy <bkmeeks1@att.net>
**Subject:** Question

**CAUTION - EXTERNAL:**



Good morning, Mr. Herrin. I'm emailing to find out if there will be a Motion Hearing before Judge Fowlkes makes a ruling on the Leavy v FedEx Corporation motion for Summary Judgments. I've submitted my Objections to the Magistrate's Report and Recommendations.

I do not want my case to be thrown out without being heard because I am a victim of discrimination, which has ruined my life, and have submitted the proof which the Court is ignoring. Let me know how to ensure that I am heard. Thanks.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

----- Forwarded Message -----
**From:** Brenda Meeks <bkmeeks1@att.net>
**To:** William Herrin <Ross_Herrin@tnwd.uscourts.gov>
**Sent:** Tuesday, March 9, 2021 at 11:27:48 AM CST
**Subject:** Re: Question

Thanks.

On Tuesday, March 9, 2021, 11:09:14 AM CST, William Herrin <ross_herrin@tnwd.uscourts.gov> wrote:


Good morning Ms. Meeks,


Judge Fowlkes will enter a ruling based upon your objections as well as the Magistrate Judges findings.  A motion hearing will not be held prior to the Judges ruling.


Thank you for inquiring.


Ross


Ross Herrin

Case Manager to US District Judge, John T. Fowlkes Jr.

United States District Court - Western District of Tennessee

167 North Main Street,  Suite 242

Memphis, TN  38103

(901)495-1331

ross_herrin@tnwd.uscourts.gov


**From:** Brenda Meeks <bkmeeks1@att.net>
**Sent:** Tuesday, March 9, 2021 10:40 AM

**From:** Brenda Meeks <bkmeeks1@att.net>
**Sent:** Monday, July 20, 2020 10:18 AM
**To:** William Herrin <Ross_Herrin@tnwd.uscourts.gov>
**Cc:** Brenda Leavy <bkmeeks1@att.net>
**Subject:** Leavy vs FedEx Corporation - Case 2:19-cv=02705



Good morning, Mr. Herrin,

This email is being sent to notify you of some things:

1.     I realize as Pro Se I am my attorney, but I don't understand why the Defendant, Fed Ex, is still sending me documents **via email**, when the Discovery cutoff date was June 26. We have already gone to Mediation, and I have submitted a Motion for Sum. Judgment and Memo of Law. I feel that this sending documents that I did not ask for is a form of bullying and makes me feel uncomfortable. Isn't that the definition of bullying, making the other person feel uncomfortable? Fed Ex has bullied me since they terminated me after exercising my FMLA rights. Can you please do something about this bullying? Is there a way that they could go through you, instead of **sending documents to me, since the cutoff for Discovery was June 26th?**

2.     Obviously, as a Pro Se litigant that has never had a case in Federal Court, some of this is intimidating. I am fine, as long as FedEx doesn't bully me. I realize that FedEx did not expect to have to answer for violating my legal rights, they thought that they could terminate someone covered by the Americans with Disabilities Act on FMLA and that I would disappear. Maybe that is what has happened to other folks in the past that FedEx had violated (evidenced by the case, EEOC v FedEx), but I am looking forward to them answering to the Court for the multiple violations of my rights.

Is it too late to request a bench trial? I feel that FedEx's actions so blatantly violated the Federal laws of the ADA and FMLA that I would prefer a swifter route to justice, if possible.

This email is being sent with respectful admiration at the important job that you perform, and I thank you for any assistance in this matter.

Respectfully submitted,

s/Brenda K. Leavy

Pro Se



RE: Brenda Leavy - CASE #: 2:19-cv-02705-JTF-tmp

From:  William Herrin (ross_herrin@tnwd.uscourts.gov)

To:    bkmeeks1@att.net

Cc:    lshondar@yahoo.com; candace_covey@tnwd.uscourts.gov

Date:  Wednesday, September 20, 2023 at 09:30 AM CDT


Good morning Ms. Meeks,

According to the record, on 07/16/2020 the case was set Thursday, 10/22/2020 at 9:30 a.m.  Then on Monday, 10/19/202020 (the day before the setting) the case was rescheduled to Thursday, 12/03/2020.  The setting notice you have provided in your email as well as the one I have included below (docket entry #45) is strictly a setting notice (the copy of docket entry #28 is a setting notice for an "in-court appearance") (de# 45 is a notice scheduling a video conference). The case was not addressed on 10/19/2023 only reset by the court to 12/03/2020, there is nothing to transcribe since there was not a hearing. The setting notice stands as the record.  I hope I have not added further confusion in my explanation.

Thank you for inquiring!

| 07/16/2020 | 28 | SETTING LETTER: [TEXT ONLY - NO IMAGE ATTACHED[ Status Conference set for Thursday, 10/22/2020 09:30 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr.. (wrh) (Entered: 07/16/2020) |
|---|---|---|

| 10/19/2020 | 45 | SETTING LETTER: Status Conference RESET for Thursday, 12/3/2020 09:15 AM in Courtroom 3 - Memphis before Judge John T. Fowlkes Jr. |
|---|---|---|
| | | The proceeding will be held via Skype for Business video conference. The Court will email the parties an invitation for the video conference 1 day prior to the proceeding. |
| | | Counsel should submit any exhibits to be offered to the Judge's ECF mailbox prior to the proceeding. |
| | | The public may also access the video proceeding. If the public and/or media wish to attend in the video proceeding, please click on the following link to request access information: https://www.tnwd.uscourts.gov/videohearings The access information will be delivered via email to the email address from which the request originated. |
| | | Parties shall consult the Skype for Business webpage for instructions on downloading the proper extensions for their computer. |
| | | Please email Ross Herrin at ross_herrin@tnwd.uscourts.gov for any questions. (wrh) (Entered: 10/19/2020) |

Ross Herrin
Case Manager to US District Judge, John T. Fowlkes Jr.
United States District Court - Western District of Tennessee
167 North Main Street, Suite 242
Memphis, TN 38103

RECEIVED

OCT 12 2021

DEBORAH S. HUNT, Clerk



PLAINTIFF'S
EXHIBIT
10

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**Transcript Order for Pro Se Parties**

Only parties not represented by counsel may use this form. Attorneys must file transcript orders electronically in CM/ECF. Include on this form all transcripts that you are ordering from *one* court reporter. Use a separate form for each court reporter.

| SHORT CASE TITLE Brenda Kay Leavy FedEx Corporation | NAME OF DISTRICT COURT United States District Court for the Western Dist. | DISTRICT COURT CASE NUMBER 2:19-cv-02705-tmp |
|---|---|---|
| **COURT OF APPEALS CASE NUMBER** 21-5882 | **DATE NOTICE OF APPEAL FILED BY CLERK OF DISTRICT COURT** | |
| | **COURT REPORTER** | **NAME OF ORDERING PARTY** |

| A. Check the applicable provision:  ☐  I am ordering a transcript (See Section B)  ☑  I am not ordering a transcript | B. Provide a description, including dates, of the proceedings for which a transcript is required (i.e. oral argument, sentencing, etc.) |
|---|---|
| Reason for not ordering a transcript:  ☐ Transcript is already on file in district court  ☐ Transcript is unnecessary for appeal purposes  ☑ No Hearings | Method of Payment ☐ Private Funds ☐Other |
| C. When transcript is funded by the Criminal Justice Act, transcript of the following proceedings will be provided only if specially authorized by the district court  ☐ Voir Dire  ☐ Jury Instructions  ☐ Opening statement of plaintiff  ☐ Closing argument of plaintiff  ☐ Opening statement of defendant  ☐ Closing argument of defendant | D. Deliver transcript to: (Appellant's name, address, telephone) |

Failure to specify in adequate detail those proceedings to be transcribed, or failure to make prompt satisfactory financial arrangements for transcript, are grounds for dismissal of appeal.

| E. I certify that I have made satisfactory arrangements with the court reporter for payment of the cost of transcript. *See* FRAP 10(b). I understand that unless I have already ordered the transcript, I shall order its preparation at the time required by FRAP and the Local Rules. | |
|---|---|
| ORDERING PARTY'S SIGNATURE Brenda K Leavy | DATE October 5, 2021 |

ALLOWANCE BY THE COURT OF LEAVE TO PROCEED IN FORMA PAUPERIS IN A CIVIL APPEAL
DOES NOT ENTITLE THE LITIGANT TO HAVE TRANSCRIPT AT GOVERNMENT EXPENSE.

THIS ORDER FORM MUST BE SENT TO BOTH THE COURT REPORTER AND THE COURT OF APPEALS.

NOT RECOMMENDED FOR PUBLICATION

No. 21-5882

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 20, 2022
DEBORAH S. HUNT, Clerk

BRENDA KAY LEAVY,                                        )
                                                        )
        Plaintiff-Appellant,                            )
                                                        )     ON APPEAL FROM THE UNITED
v.                                                      )     STATES DISTRICT COURT FOR
                                                        )     THE WESTERN DISTRICT OF
FEDERAL EXPRESS CORPORATION,                            )     TENNESSEE
                                                        )
        Defendant-Appellee.                             )

PLAINTIFF'S
EXHIBIT
11

O R D E R

        Before:  BOGGS, THAPAR, and READLER, Circuit Judges.

        Brenda Kay Leavy, proceeding pro se, appeals the district court's grant of summary
judgment in favor of the defendant, Federal Express Corporation ("FedEx"), in her employment
discrimination action. This case has been referred to a panel of the court that, upon examination,
unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

        Leavy was hired by FedEx in March 1992. In June 2004, she accepted a position as an
Executive Administrative Assistant in the Human Resources Department for Vice Presidents and
Staff Vice Presidents. On October 1, 2016, Leavy began working for Staff Vice President of
Human Resources Karen S. Galambos as an Executive Administrative Assistant.

        In February 2018, Leavy informed Galambos that she had been diagnosed with breast
cancer. Leavy utilized sick leave to have surgery, and on March 18, 2018, she requested
intermittent leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–20, for
her morning radiation treatments. As part of the FMLA paperwork provided in connection with
this request, Leavy received a notice of employee rights and responsibilities under the FMLA.

No. 21-5882
- 2 -

The request for intermittent leave was approved, and Leavy received written notice confirming her intermittent leave from March 16, 2018, to June 13, 2018. The letter confirming Leavy's intermittent leave advised her that, if she needed additional time off, she needed to advise Aetna, the third-party entity that managed FedEx's FMLA claims. In a June 19, 2018, letter, Leavy was notified that her intermittent leave had been closed because she had completed her radiation treatment.

In October 2018, Galambos informed Leavy that her position was being eliminated under FedEx's Staffing Effectiveness Policy because Galambos no longer needed a dedicated Executive Administrative Assistant. Under the policy, Leavy's compensation and benefits remained unchanged until she accepted another position with FedEx or resigned or until the expiration of 60 calendar days from her receipt of the Staffing Effectiveness letter notifying her of the elimination of her position. The policy also permitted Leavy to request an additional 90 days of unpaid leave to obtain another position within FedEx. On November 30, 2018, Leavy retired from the company.

In 2019, Leavy filed an employment discrimination complaint against FedEx in the district court. She alleged that FedEx terminated her employment on the basis of her disability (breast cancer), in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213; interfered with her rights under the FMLA; and retaliated against her for exercising her rights under the FMLA.

Leavy moved for summary judgment. In support of her claims, Leavy asserted that Galambos gave her a performance review in May 2018 while she was taking intermittent leave under the FMLA, which violated the FMLA and "was discriminatory in that no one else in the Human Resources Department received the outdated job performance review at that time other than [her]." Noting Galambos's statement in the performance review that Leavy had "had a tough year," Leavy argued that Galambos "clearly based the review on [her] disabling medical condition when evaluating her performance," which also violated the ADA and the FMLA. The full text of Galambos's comment in the evaluation reads,

No. 21-5882
- 3 -

> Brenda has had a tough year but has kept the office running and kept a positive
> attitude. I appreciate the care she puts into travel[] plans, which run smoothly.
> An opportunity for Brenda is to be accountable for predicting needs/questions and
> having answers readily available on her own. Brenda is happy to pursue
> something when provided specific direction but I'm not always available to
> provide it. I look forward to a productive FY19.

Galambos gave Leavy an overall rating of "4 – good solid performance."

Leavy further asserted that, after her breast-cancer diagnosis and treatment, Galambos "revoke[d] her responsibilities to embarrass her in front of the other employees" and made denigrating comments about her work, such as, "We're *already* accommodating you," and "just because you're on FMLA doesn't mean you can put your work off on others." And although her complaint did not include a claim of race discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e to e-17, Leavy, who is African American, alleged that the decision to eliminate her position was based on her race. Finally, Leavy alleged, without supporting evidence, that FedEx "unofficially filled" her position with Tamara Turner as a "Project Manager" in the Human Resources Department and "position[ed] her outside Ms. Galambos['s] office and ha[d her] doing exactly the same work as Ms. Leavy's former job."

FedEx filed a cross-motion for summary judgment and a response opposing Leavy's summary-judgment motion. FedEx argued that the decision to eliminate Leavy's position was based on legitimate, non-discriminatory reasons and not due to her disability or her exercise of her FMLA rights. In a supporting affidavit, Galambos explained that, during Leavy's tenure as her Executive Administrative Assistant, Galambos "had to become more involved in managing [her] meetings, work schedule and daily office tasks." She detailed instances when Leavy made incorrect entries on her calendar, failed to notify her of meeting cancellations, and failed to notify her of important telephone calls, including one from the FedEx President and CEO, and she provided copies of emails that documented these incidents. Galambos stated that she eventually revoked Leavy's access to her email account "because her responses to emails and actions on emails [she] received in [her] inbox were sporadic, not consistent, and added confusion to which emails had been responded to and acted upon." She explained,

No. 21-5882
- 4 -

> Because I began calendaring my own meetings, answering my own phone calls, making my own travel arrangements, and managing my email inbox, I determined that the position of Executive Administrative Assistant reporting to me was redundant and unnecessary for me in conducting business. Therefore, and in accordance[], with FedEx policy, I decided to eliminate the Executive Administrative Assistant position and the position remains eliminated through present day.

Galambos further explained that neither Turner nor the employee who now maintains an office where Leavy used to sit provides administrative support to her and that neither filled Leavy's former position. She also attested that she did not consider Leavy's disability when reviewing her work performance for the 2018 fiscal year, noting that she gave Leavy a positive review and stated that she looked forward to a productive fiscal year 2019.

A magistrate judge recommended denying Leavy's motion for summary judgment and granting summary judgment to FedEx. First, the magistrate judge concluded that Leavy was not entitled to summary judgment on any purported claim of race discrimination under Title VII because she failed to plead that claim in her complaint and acknowledged in her deposition that she was bringing only ADA and FMLA claims. Second, the magistrate judge found that Leavy could not establish a prima facie case of disability discrimination under the ADA because she could not show that FedEx replaced her or left her position open while it looked for other applicants. The magistrate judge also considered whether Leavy had met the heightened standard applicable to workforce-reduction cases and found her unsupported and conclusory allegations insufficient to defeat summary judgment. The magistrate judge further explained that, even if Leavy could make out her prima facie case, Galambos's affidavit and supporting evidence articulated a legitimate, non-discriminatory reason for the adverse employment action, and Leavy failed to point to any evidence in the record to show that this stated reason was a pretext for discrimination. Finally, the magistrate judge determined that FedEx was entitled to summary judgment on Leavy's claims of FMLA interference and retaliation. Over Leavy's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of FedEx.

No. 21-5882
- 5 -

Leavy raises several arguments on appeal: (1) the magistrate judge and the district court should not have required her to comply with the requirements of the court's Local Rule 56.1(a) and Federal Rule of Civil Procedure 56 given her pro se status; (2) she suffered from a qualifying disability—breast cancer; (3) the district court improperly applied the standard for reduction-in-force cases when evaluating her disability discrimination claim; (4) FedEx failed to provide a reasonable accommodation and failed to engage in the interactive process required under the ADA; and (5) the district court incorrectly denied her claims under the FMLA. In addition, Leavy seeks recusal of the district court judge.

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Flagg v. City of Detroit*, 715 F.3d 165, 178 (6th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010).

Leavy first challenges the district court's treatment of FedEx's proffered facts as undisputed because she failed to submit a separate statement of material facts as required by Local Rule 56.1(a). She contends that, because she was proceeding pro se, she should not have been "held to the same high standards of perfection as lawyers." But pro se litigants are expected to comply with the procedural rules that govern civil cases. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The district court did not err in pointing out Leavy's failure to comply with this rule. Moreover, Leavy does not point to any facts that she believes the district court failed to consider as a result of her failure to comply with Local Rule 56.1(a). The magistrate judge and the district court thoroughly considered the evidence and arguments Leavy put forth in support of her motion for summary judgment and concluded that she failed to raise a genuine dispute of material fact as to any of her claims.

Next, Leavy argues that the district court improperly granted summary judgment to FedEx on her disability discrimination claim under the ADA because it (1) did not consider her breast-cancer diagnosis a qualifying disability, (2) applied the heightened standard for reduction-

No. 21-5882
- 6 -

in-force cases, and (3) failed to consider FedEx's failure to offer her a reasonable
accommodation.

Under the ADA, an employer cannot discriminate against a qualified individual on the
basis of disability in regard to the terms, conditions, privileges, or termination of employment.
42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination through
indirect evidence under the ADA, a plaintiff must show that (1) she is disabled; (2) she is
otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered
an adverse employment decision; (4) the employer knew or had reason to know of her disability;
and (5) the position remained open while the employer sought other applicants or the disabled
individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011). Once a
plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a
legitimate, non-discriminatory reason for the adverse employment action. *McDonell Douglas
Corp. v. Green*, 411 U.S. 792, 802-04 (1973). If the defendant does so, the burden shifts back to
the plaintiff to prove that the defendant's stated reason is a pretext for discrimination. *Id.* In
summary-judgment proceedings, the district court must consider whether there is sufficient
evidence to create a genuine dispute of material fact at each stage of the *McDonnell Douglas*
analysis. *Rachells v. Cingular Wireless Emp. Servs.*, LLC, 732 F.3d 652, 661 (6th Cir. 2013).

Leavy contends that, in finding that she failed to establish a prima facie case of disability
discrimination, the district court improperly concluded that breast cancer is not a qualifying
disability and applied the heightened standard appliable to reduction-in-force cases. But the
district court ultimately concluded that, even if Leavy had established a prima facie case of
discrimination, she failed to meet her burden of proving that FedEx's stated reasons for her
termination were a pretext for discrimination. This conclusion was not in error.

"A plaintiff will usually demonstrate pretext by showing that the employer's stated
reason for the adverse employment action either (1) has no basis in fact, (2) was not the actual
reason, or (3) is insufficient to explain the employer's action." *White v. Baxter Healthcare
Corp.*, 533 F.3d 381, 393 (6th Cir. 2008). The magistrate judge acknowledged Leavy's assertion
that her mistakes at work were the result of a "mental impairment that was triggered after the

No. 21-5882
- 7 -

physical impairment and discrimination" but explained that there was no evidence in the record to support this assertion and that, in any event, Leavy did not "actually dispute the fact that these errors occurred." What is more, although Galambos cited several issues she had with Leavy's performance—none of which she had raised in Leavy's last performance review—she did so only to explain the impetus behind her absorbing the functions and duties of the role herself, which led her to conclude that the position was redundant and unnecessary. The fact that the position remains eliminated belies any argument that Galambos's identification of performance issues only after Leavy's illness and FMLA leave proves pretext.

The magistrate judge also correctly rejected as speculative Leavy's argument that, if FedEx were eliminating positions due to staffing effectiveness, it would have instead eliminated another Vice President's executive assistant who worked only part-time. *See Gunn v. Senior Servs. of N. Ky.*, 632 F. App'x 839, 847 (6th Cir. 2015). The decision to eliminate Leavy's position was not based on an enterprise-wide policy that the executive-administrative-assistant position was redundant or unnecessary. Rather, as Leavy acknowledged, the decision was solely within Galambos's discretion. Although Leavy named other administrative assistants whose positions were not eliminated, these individuals reported to other Vice Presidents. Thus, any assertion that these other executive-assistant positions should have also been eliminated under a staffing-effectiveness plan was speculative and failed to raise a genuine dispute of fact as to pretext.

Leavy's appellate brief fails to point to any evidence of pretext that the district court overlooked. Instead, she seems to rely solely on the fact that her position was eliminated after she was diagnosed with breast cancer and concludes that her termination was necessarily based on discriminatory animus. Leavy's conclusory allegations, conjecture, and subjective beliefs about FedEx's motives do not suffice to raise a genuine dispute of material fact. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment."); *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996) (noting that conclusory statements, subjective beliefs, or intuition cannot defeat summary judgment).

No. 21-5882
- 8 -

Leavy devotes much of her appellate brief to arguing that FedEx failed to provide her a reasonable accommodation for her disability and failed to engage in the interactive process required under the ADA. These arguments cannot be considered on appeal because Leavy did not raise a failure-to-accommodate claim in the district court. *See Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012).

Finally, Leavy challenges the district court's denial of her claims of interference and retaliation under the FMLA. "There are two theories of recovery under the FMLA: an interference (or entitlement) theory and a retaliation (or discrimination) theory." *Hunter v. Valley View Local Schs.*, 579 F.3d 688, 691 (6th Cir. 2009).

> To prevail on an FMLA interference claim, a plaintiff must establish that (1) she was an eligible employee as defined under the FMLA; (2) her employer was a covered employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take FMLA leave; and (5) her employer denied FMLA benefits to which she was entitled.

*Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577-78 (6th Cir. 2007). To establish an FMLA retaliation claim, a plaintiff must show that her employer discriminated or retaliated against her "for taking FMLA leave." *Hunter*, 579 F.3d at 690.

The district court correctly granted judgment in favor of FedEx on Leavy's claim of FMLA interference because she provided no evidence that she was denied FMLA benefits. *See Tennial v. UPS*, 840 F.3d 292, 308 (6th Cir. 2016). Indeed, Leavy did not dispute that her request for intermittent FMLA leave was granted and that she continued to work for FedEx during and after her intermittent leave. *See id.*; *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007). She asserts in her appellate brief that she "provided sufficient certification requesting additional time" but points to nothing in the record to substantiate this assertion. Leavy states that her physician certified that she was "incapacitated from work for eight . . . weeks" and thus FedEx should not have required or allowed her to work during that time. But again, she does not identify any evidence in the record to support this statement. And regardless of what her doctor certified, the record reflects that Leavy requested only intermittent leave and that request was granted.

No. 21-5882
- 9 -

The district court also correctly granted judgment to FedEx on Leavy's FMLA retaliation claim. The magistrate judge concluded that the proximity in time between Leavy's return from FMLA leave and the elimination of her position—more than four months—"standing alone and under the facts of this case, [wa]s insufficient to establish causation." Leavy pointed to her 2018 performance review in an effort to show pretext and a retaliatory animus, but, as the magistrate judge found, the performance review failed to show that Galambos improperly considered her FMLA leave, and there was no language in the review that evinced a retaliatory intent. Leavy also argued, as she does in her brief, that FedEx's retaliatory animus was established by its failure to transfer her to another position in violation of its Staffing Effectiveness Policy, the fact that it did not eliminate other Executive Administrative Assistant positions, and its inconsistent reasoning for terminating her. As noted above, Leavy's argument about other Executive Administrative Assistant positions not being eliminated was based solely on speculation. And her claim that FedEx failed to comply with its Staffing Effectiveness Policy is unsupported by the record. As the district court noted, the policy states, "It is the responsibility of affected employees to take personal initiative and accountability for pursuing other positions with guidance from management and Human Resources." And emails Leavy exchanged with FedEx Human Resources that she submitted in support of her summary-judgment motion indicate that Human Resources was working with Leavy to help her find an open position and secure interviews. The fact that she was not ultimately hired for a new position does not establish pretext. Nor does Leavy's unsupported claim that FedEx provided inconsistent reasons for her termination. FedEx consistently maintained that Leavy's position was eliminated due to a reduction in force.

Finally, Leavy argues for the first time on appeal that the district judge should recuse himself. Leavy failed to raise this issue in the district court in a motion to recuse or otherwise; thus, the issue is forfeited for appellate purposes. *See Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 261 (6th Cir. 1996). Moreover, Leavy's argument that the district court was biased in favor of FedEx due to it being one of the biggest employers in Memphis is entirely baseless.

No. 21-5882
- 10 -

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/20/2022.

**Case Name:**   Brenda Leavy v. Federal Express Corporation
**Case Number:**   21-5882

**Docket Text:**
ORDER filed : AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Danny J. Boggs, Circuit Judge; Amul R. Thapar, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

**A copy of this notice will be issued to:**

Mr. Barak Jonathan Babcock
Mr. Thomas M. Gould

FEB 2 4 2023

## DEBORAH S. HUNT, Clerk

Brenda Kay Leavy
5036 Overview Ridge Cv
Memphis, TN 38141
Email: Bkmeeks1@att.net
Phone: (901) 495-3561

Re: Appeal Court Case No. 21-5882

Patricia Elder/Case Manager
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S.Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

February 22, 2023

Dear Patricia:

I am writing to follow up with you regarding the conversation that we had on February 15, 2023. I asked you who wrote the Order to my case that was dated December 20, 2022. You informed that you could not tell me who wrote the Order.

That the three-judge-panel did not write the dismissal Order is evident in that the Order failed to follow ADA precedent already established by the U.S. Sixth Circuit Court of Appeals and elsewhere. My appeal questions were not addressed on facts and content. If actual judicial analysis had been applied, the three-judge-panel would have been faithful to ADA precedent.

The Order as written is lacking in judicial analysis. This leads me to believe that my Appeal was assigned to central staff absent any judicial or administrative oversight as to quality and preservation of rights. In particular, my right to be heard and petition the Sixth Circuit for redress of grievances under its error correction scope of responsibility. To reiterate, please reveal the author of the Order. Please confirm if my pro se status resulted in a "less than" standard of care diverging from the Federal Rules of Appellate Procedure.

Thank you. I look forward to a response.

Yours truly,



Brenda K. Leavy, Pro Se


PLAINTIFF'S
EXHIBIT
2

PLAINTIFF'S
EXHIBIT
3
PENGAD 800-631-6989

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO  45202-3988

DEBORAH S. HUNT
CLERK

TELEPHONE
(513) 564-7000

February 27, 2023

Ms. Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis. TN  38141

SUBJ: Case 21-5882 Order dated 12/20/2022

Dear Ms. Leavy:

This letter is in response to your correspondence received February 22, 2023, inquiring as to the
author of the dispositive order on case 21-5882, dated December 20, 2022.

The order was created and entered by the appellate panel of Circuit Judge Danny J. Boggs,
Circuit Judge Amul R. Thapar and Circuit Judge Chad A. Readler. Not every order identifies an
authoring judge specifically, and neither the Federal Rules of Appellate Procedure nor the Sixth
Circuit Rules require same.

Sincerely,

/s/ Anne C. Brown
Operations Manager

*Tire & Rubber Co.*, 932 F.2d 510, 517 (6th Cir. 1991). It is the first and fifth elements that Leavy cannot prove.

      1.     <u>Leavy's temporary condition was not substantially limiting a major life activity.</u>

Similar to the plaintiff in *Alderdice v. American Health Holding, Inc.*, 118 F.Supp.2d 856 (S.D. Ohio 2000), Leavy's temporary condition is not substantially limiting under the factors enumerated in 29 C.F.R. § 1630.2(j)(2). As part of her *prima facie* case, Leavy must demonstrate she was disabled within the meaning of the ADA statute. *Alderdice*, 118 F.Supp.2d at 863. A disability within the meaning of the ADA, is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . or being regarded as having such impairment." *Id.* (*quoting* 42 U.S.C. § 12102(2)). The term "substantially limits" means an inability to perform or a significant restriction on the ability to perform as compared to the average person in the general population. *Id.* (*citing Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir. 1998); 29 C.F.R. § 1630.2(j)(1)). "Major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (quoting 29 C.F.R § 1630.2(j)(1)). Whether Leavy's breast cancer is a qualifying disability under the ADA is an individualized inquiry to be determined on a case-by-case basis. *Id.* (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 2142, 144 L.Ed.2d 450 (1999); *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 119 S.Ct. 2162, 2169, 144 L.Ed.2d 518 (1999); *Bragdon v. Abbott*, 524 U.S. 624, 641-642, 118 S.Ct. 2196, 141 L.Ed2d. 540 (1998)).

There is no doubt Leavy's breast cancer constituted a physical impairment, and FedEx is not arguing that cancer can never be a disability for purposes of an ADA claim. But in order for Leavy to prove her cancer was a disability, she must also show that her physical impairment substantially limited a major life activity. *Alderdice*, 118 F.Supp.2d 856, 863. In determining whether an impairment substantially limits a major life activity, the Court must consider: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long-term

6



PLAINTIFF'S
EXHIBIT
14

impact or expected permanent or long-term impact of or resulting from the impairment. *Id.* (*citing* 29 C.F.R. ¶ 1630.2(j)(2)). The Sixth Circuit has held that generally, short term, temporary restrictions are not substantially limiting. *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996) (citations omitted).

Here, there is no evidence that shows Leavy's physical impairment substantially limited a major life activity within the meaning of the ADA. Plaintiff did undergo a surgical procedure in March 2018, and used her employee sick time without requesting any additional time off. (SOF 18). Post-surgery, Leavy was required to attend radiation therapy in the mornings, so she requested intermittent FMLA leave on March 16, 2018. (SOF 20). Leavy's request for intermittent FMLA leave was approved, and she received written notice confirming her FMLA leave from March 16, 2018 to June 13, 2018. (SOF 23). However, Leavy's medical records reflect she completed her radiation therapy on April 30, 2018. (SOF 28). Leavy's medical records further show that on June 1, 2018 there was "no evidence of recurrence [of her cancer] at [that] time" and on October 4, 2018 there was "no evidence of disease." (SOF 29, 30). Other than the sick days Leavy utilized for her surgery and post-surgery recovery, Leavy continued to work the entire time she was receiving radiation therapy, and even after her intermittent FMLA leave closed in June 2018. (SOF 18, 19, 20, 21 27). More importantly, Leavy knew if she needed additional time off, she needed notify Aetna, the third-party managing her FMLA leave, or advise FedEx know. (SOF 25). Leavy never discussed any other accommodation with Galambos or anyone else at FedEx other than the intermittent FMLA leave for her morning radiation treatments, which again ended on April 30, 2018. (SOF 26, 28). The mere fact that Leavy's cancer may recur or might require further surgery or radiation therapy in the future does not make her condition substantially limiting. *See Alderdice*, 118 F.Supp.2d 856, 864 (citing *Roush*, 96 F.3d 840, 844)).

Similar to the plaintiff in *Alderdice*, Leavy's temporary condition was not substantially limiting at the time her Executive Administrative Assistant position was eliminated on October 4, 2018. *See Alderdice*, 118 F.Supp.2d at 864; *Stokes v. Hamilton County, Tenn.*, 113 Fed.Appx. 680, 684 (6th Cir.

2004) (affirming summary judgment when employee failed to produce evidence indicating that his injuries substantially limited his ability to work). For these reasons, Leavy cannot establish a *prima facie* case for her disability discrimination under the ADA, and the Court should dismiss her disability discrimination claim.

2.  Leavy's former Executive Administrative Assistant position was never replaced.

Since this case involves the elimination of a position, there is a heightened *prima facie* burden that Leavy must meet. *Geiger v. Tower Auto*, 579 F.3d 614, 623 (6th Cir. 2009); *Crane v. Monterey Mushroom, Inc.*, 910 F.Supp.2d 1032, 1045 (E.D. Tenn. 2012) (citation omitted). A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions with the company. *Geiger*, 579 F.3d at 623. Eliminating a single position is sufficient to constitute a legitimate reduction in force. *See Lockett v. Marsh USA, Inc.*, 354 Fed.Appx. 984, 992 (6th Cir. 2009) (*citing Barnes v. GenCorp.*, 896 F.2d 1457, 1465 (6th Cir. 1990)). An employee is not eliminated as part of a reduction in force when he or she is replaced after his or her discharge." *Crane*, 910 F.Supp.2d at 1045 (citations omitted). However, an employee is not considered replaced when her former duties are simply absorbed by another employee or spread among other existing employees already performing related work. *Geiger*, 579 F.3d at 623; *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement."). Rather, a person is considered replaced "only when another employee is hired or reassigned to perform the plaintiff's duties." *Geiger*, 579 F.3d at 623.

It is undisputed that Leavy was not replaced; her Executive Administrative Assistant position was eliminated and it remains eliminated through today. (SOF 42, 55). Galambos handles many tasks previously assigned to Leavy, including answering her own calls, managing her own email inbox, calendaring meetings, and arranging travel. (SOF 39, 41). Because Leavy's duties were simply absorbed by Galambos, Leavy cannot establish the fifth *prima facie* element by showing that she was replaced.

8


PLAINTIFF'S
EXHIBIT
15
PENGAD 800-631-6989

motions.") However, the Court chose in this case to proceed with its analysis of the merits notwithstanding her failure. Thus, this Court does not need to address Ms. Leavy's argument that she should have been held to a different standard because all of Ms. Leavy's claims were analyzed on the merits.

C.    **The District Court Correctly Granted Summary Judgment and Dismissed Ms. Leavy's ADA Discrimination Claim.**

The District Court correctly dismissed Ms. Leavy's ADA claim. Ms. Leavy asserts that District Court's Order is erroneous because the District Court: (1) did not consider her cancer a disability; (2) applied an erroneous heightened standard for a reduction in force case; and (3) failed to consider her failure to accommodate claim. These arguments are unpersuasive.

1.    The District Court determined that Ms. Leavy was disabled.

Contrary to Ms. Leavy's arguments on appeal, the District Court determined that her cancer, which was in remission at the time of her position elimination, qualified as a disability under the ADA. *See* Order at PageID 650 (determining that Ms. Leavy satisfied the first four elements of her *prima facie* case including that she is disabled, otherwise qualified for the position and that FedEx knew of her disability.) FedEx concedes for purposes of this appeal that Ms. Leavy was disabled under the ADA.

2.    Ms. Leavy's claim fails under either standard applied.

Ms. Leavy argues that the District Court applied the wrong standard when

12

**United States Court of Appeals for the Sixth Circuit**



**PLAINTIFF'S EXHIBIT**
16

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/20/2022.

**Case Name:**   Brenda Leavy v. Federal Express Corporation
**Case Number:**   21-5882

**Docket Text:**
ORDER filed : AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Danny J. Boggs, Circuit Judge; Amul R. Thapar, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

**A copy of this notice will be issued to:**

Mr. Barak Jonathan Babcock
Mr. Thomas M. Gould

### United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/20/2022.

**Case Name:**   Brenda Leavy v. Federal Express Corporation
**Case Number:**   21-5882

**Docket Text:**
ORDER filed : AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Danny J. Boggs, Circuit Judge; Amul R. Thapar, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

**A copy of this notice will be issued to:**

Mr. Barak Jonathan Babcock
Mr. Thomas M. Gould

Activity in Case 2:19-cv-02705-JTF-tmp Leavy v. FedEx Corporation "USCA Order"

From:   cmecfhelpdesk@tnwd.uscourts.gov

To:   courtmail@tnwd.uscourts.gov

Date:   Tuesday, December 20, 2022 at 02:47 PM CST



PLAINTIFF'S
EXHIBIT
17

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Western District of Tennessee**

**Notice of Electronic Filing**

The following transaction was entered on 12/20/2022 at 2:47 PM CST and filed on 12/20/2022
**Case Name:**         Leavy v. FedEx Corporation
**Case Number:**       2:19-cv-02705-JTF-tmp
**Filer:**
**WARNING: CASE CLOSED on 08/23/2021**
**Document Number:** 63

**Docket Text:**
**ORDER of USCA as to [54] Notice of Appeal filed by Brenda Kay Leavy. Accordingly, we AFFIRM the district courts judgment. (agj)**

**2:19-cv-02705-JTF-tmp Notice has been electronically mailed to:**

Robbin W. Hutton    robbin.hutton@fedex.com, Jennifer.Wright@fedex.com, letiticia.jackson@fedex.com

Barak J. Babcock    barak.babcock@fedex.com, csressler@fedex.com, stefanie.chapman@fedex.com

Joseph B. Reafsnyder    joseph.reafsnyder@fedex.com, csressler@fedex.com, mindy.thornton@fedex.com, sfdaniel@fedex.com

Brenda Kay Leavy    bkmeeks1@att.net

**2:19-cv-02705-JTF-tmp Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1059513201 [Date=12/20/2022] [FileNumber=4530789-0] [76aa67ccbd75f39c99e55e70add6413742dcbd789fb6ec7c266761b9634ba944f0 b7dc34cc10bc4378f963a317c0c3d8768aad68e24219289f97544a84e4bfec]]

NOT RECOMMENDED FOR PUBLICATION

No. 21-5882

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
>
> Dec 20, 2022
> DEBORAH S. HUNT, Clerk

BRENDA KAY LEAVY,                          )
                                           )
    Plaintiff-Appellant,              )
                                           )
                         ) ON APPEAL FROM THE UNITED
v.                                         ) STATES DISTRICT COURT FOR
                                           ) THE WESTERN DISTRICT OF
FEDERAL EXPRESS CORPORATION,               ) TENNESSEE
                                           )
    Defendant-Appellee.               )

ORDER

Before: BOGGS, THAPAR, and READLER, Circuit Judges.

Brenda Kay Leavy, proceeding pro se, appeals the district court's grant of summary judgment in favor of the defendant, Federal Express Corporation ("FedEx"), in her employment discrimination action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Leavy was hired by FedEx in March 1992. In June 2004, she accepted a position as an Executive Administrative Assistant in the Human Resources Department for Vice Presidents and Staff Vice Presidents. On October 1, 2016, Leavy began working for Staff Vice President of Human Resources Karen S. Galambos as an Executive Administrative Assistant.

In February 2018, Leavy informed Galambos that she had been diagnosed with breast cancer. Leavy utilized sick leave to have surgery, and on March 18, 2018, she requested intermittent leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–20, for her morning radiation treatments. As part of the FMLA paperwork provided in connection with this request, Leavy received a notice of employee rights and responsibilities under the FMLA.

No. 21-5882
- 2 -

The request for intermittent leave was approved, and Leavy received written notice confirming her intermittent leave from March 16, 2018, to June 13, 2018. The letter confirming Leavy's intermittent leave advised her that, if she needed additional time off, she needed to advise Aetna, the third-party entity that managed FedEx's FMLA claims. In a June 19, 2018, letter, Leavy was notified that her intermittent leave had been closed because she had completed her radiation treatment.

In October 2018, Galambos informed Leavy that her position was being eliminated under FedEx's Staffing Effectiveness Policy because Galambos no longer needed a dedicated Executive Administrative Assistant. Under the policy, Leavy's compensation and benefits remained unchanged until she accepted another position with FedEx or resigned or until the expiration of 60 calendar days from her receipt of the Staffing Effectiveness letter notifying her of the elimination of her position. The policy also permitted Leavy to request an additional 90 days of unpaid leave to obtain another position within FedEx. On November 30, 2018, Leavy retired from the company.

In 2019, Leavy filed an employment discrimination complaint against FedEx in the district court. She alleged that FedEx terminated her employment on the basis of her disability (breast cancer), in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213; interfered with her rights under the FMLA; and retaliated against her for exercising her rights under the FMLA.

Leavy moved for summary judgment. In support of her claims, Leavy asserted that Galambos gave her a performance review in May 2018 while she was taking intermittent leave under the FMLA, which violated the FMLA and "was discriminatory in that no one else in the Human Resources Department received the outdated job performance review at that time other than [her]." Noting Galambos's statement in the performance review that Leavy had "had a tough year," Leavy argued that Galambos "clearly based the review on [her] disabling medical condition when evaluating her performance," which also violated the ADA and the FMLA. The full text of Galambos's comment in the evaluation reads,

Brenda has had a tough year but has kept the office running and kept a positive attitude. I appreciate the care she puts into travel[] plans, which run smoothly. An opportunity for Brenda is to be accountable for predicting needs/questions and having answers readily available on her own. Brenda is happy to pursue something when provided specific direction but I'm not always available to provide it. I look forward to a productive FY19.

Galambos gave Leavy an overall rating of "4 – good solid performance."

Leavy further asserted that, after her breast-cancer diagnosis and treatment, Galambos "revoke[d] her responsibilities to embarrass her in front of the other employees" and made denigrating comments about her work, such as, "We're *already* accommodating you," and "just because you're on FMLA doesn't mean you can put your work off on others." And although her complaint did not include a claim of race discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e to e-17, Leavy, who is African American, alleged that the decision to eliminate her position was based on her race. Finally, Leavy alleged, without supporting evidence, that FedEx "unofficially filled" her position with Tamara Turner as a "Project Manager" in the Human Resources Department and "position[ed] her outside Ms. Galambos['s] office and ha[d her] doing exactly the same work as Ms. Leavy's former job."

FedEx filed a cross-motion for summary judgment and a response opposing Leavy's summary-judgment motion. FedEx argued that the decision to eliminate Leavy's position was based on legitimate, non-discriminatory reasons and not due to her disability or her exercise of her FMLA rights. In a supporting affidavit, Galambos explained that, during Leavy's tenure as her Executive Administrative Assistant, Galambos "had to become more involved in managing [her] meetings, work schedule and daily office tasks." She detailed instances when Leavy made incorrect entries on her calendar, failed to notify her of meeting cancellations, and failed to notify her of important telephone calls, including one from the FedEx President and CEO, and she provided copies of emails that documented these incidents. Galambos stated that she eventually revoked Leavy's access to her email account "because her responses to emails and actions on emails [she] received in [her] inbox were sporadic, not consistent, and added confusion to which emails had been responded to and acted upon." She explained,

No. 21-5882
- 4 -

> Because I began calendaring my own meetings, answering my own phone calls, making my own travel arrangements, and managing my email inbox, I determined that the position of Executive Administrative Assistant reporting to me was redundant and unnecessary for me in conducting business. Therefore, and in accordance[], with FedEx policy, I decided to eliminate the Executive Administrative Assistant position and the position remains eliminated through present day.

Galambos further explained that neither Turner nor the employee who now maintains an office where Leavy used to sit provides administrative support to her and that neither filled Leavy's former position. She also attested that she did not consider Leavy's disability when reviewing her work performance for the 2018 fiscal year, noting that she gave Leavy a positive review and stated that she looked forward to a productive fiscal year 2019.

A magistrate judge recommended denying Leavy's motion for summary judgment and granting summary judgment to FedEx. First, the magistrate judge concluded that Leavy was not entitled to summary judgment on any purported claim of race discrimination under Title VII because she failed to plead that claim in her complaint and acknowledged in her deposition that she was bringing only ADA and FMLA claims. Second, the magistrate judge found that Leavy could not establish a prima facie case of disability discrimination under the ADA because she could not show that FedEx replaced her or left her position open while it looked for other applicants. The magistrate judge also considered whether Leavy had met the heightened standard applicable to workforce-reduction cases and found her unsupported and conclusory allegations insufficient to defeat summary judgment. The magistrate judge further explained that, even if Leavy could make out her prima facie case, Galambos's affidavit and supporting evidence articulated a legitimate, non-discriminatory reason for the adverse employment action, and Leavy failed to point to any evidence in the record to show that this stated reason was a pretext for discrimination. Finally, the magistrate judge determined that FedEx was entitled to summary judgment on Leavy's claims of FMLA interference and retaliation. Over Leavy's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of FedEx.

No. 21-5882
- 5 -

Leavy raises several arguments on appeal:  (1) the magistrate judge and the district court should not have required her to comply with the requirements of the court's Local Rule 56.1(a) and Federal Rule of Civil Procedure 56 given her pro se status; (2) she suffered from a qualifying disability—breast cancer; (3) the district court improperly applied the standard for reduction-in-force cases when evaluating her disability discrimination claim; (4) FedEx failed to provide a reasonable accommodation and failed to engage in the interactive process required under the ADA; and (5) the district court incorrectly denied her claims under the FMLA.  In addition, Leavy seeks recusal of the district court judge.

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party.  *Flagg v. City of Detroit*, 715 F.3d 165, 178 (6th Cir. 2013).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010).

Leavy first challenges the district court's treatment of FedEx's proffered facts as undisputed because she failed to submit a separate statement of material facts as required by Local Rule 56.1(a).  She contends that, because she was proceeding pro se, she should not have been "held to the same high standards of perfection as lawyers."  But pro se litigants are expected to comply with the procedural rules that govern civil cases.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  The district court did not err in pointing out Leavy's failure to comply with this rule.  Moreover, Leavy does not point to any facts that she believes the district court failed to consider as a result of her failure to comply with Local Rule 56.1(a).  The magistrate judge and the district court thoroughly considered the evidence and arguments Leavy put forth in support of her motion for summary judgment and concluded that she failed to raise a genuine dispute of material fact as to any of her claims.

Next, Leavy argues that the district court improperly granted summary judgment to FedEx on her disability discrimination claim under the ADA because it (1) did not consider her breast-cancer diagnosis a qualifying disability, (2) applied the heightened standard for reduction-

No. 21-5882
- 6 -

in-force cases, and (3) failed to consider FedEx's failure to offer her a reasonable
accommodation.

Under the ADA, an employer cannot discriminate against a qualified individual on the
basis of disability in regard to the terms, conditions, privileges, or termination of employment.
42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination through
indirect evidence under the ADA, a plaintiff must show that (1) she is disabled; (2) she is
otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered
an adverse employment decision; (4) the employer knew or had reason to know of her disability;
and (5) the position remained open while the employer sought other applicants or the disabled
individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011). Once a
plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a
legitimate, non-discriminatory reason for the adverse employment action. *McDonell Douglas
Corp. v. Green*, 411 U.S. 792, 802-04 (1973). If the defendant does so, the burden shifts back to
the plaintiff to prove that the defendant's stated reason is a pretext for discrimination. *Id.* In
summary-judgment proceedings, the district court must consider whether there is sufficient
evidence to create a genuine dispute of material fact at each stage of the *McDonnell Douglas*
analysis. *Rachells v. Cingular Wireless Emp. Servs.*, LLC, 732 F.3d 652, 661 (6th Cir. 2013).

Leavy contends that, in finding that she failed to establish a prima facie case of disability
discrimination, the district court improperly concluded that breast cancer is not a qualifying
disability and applied the heightened standard appliable to reduction-in-force cases. But the
district court ultimately concluded that, even if Leavy had established a prima facie case of
discrimination, she failed to meet her burden of proving that FedEx's stated reasons for her
termination were a pretext for discrimination. This conclusion was not in error.

"A plaintiff will usually demonstrate pretext by showing that the employer's stated
reason for the adverse employment action either (1) has no basis in fact, (2) was not the actual
reason, or (3) is insufficient to explain the employer's action." *White v. Baxter Healthcare
Corp.*, 533 F.3d 381, 393 (6th Cir. 2008). The magistrate judge acknowledged Leavy's assertion
that her mistakes at work were the result of a "mental impairment that was triggered after the

No. 21-5882

- 7 -

physical impairment and discrimination" but explained that there was no evidence in the record to support this assertion and that, in any event, Leavy did not "actually dispute the fact that these errors occurred." What is more, although Galambos cited several issues she had with Leavy's performance—none of which she had raised in Leavy's last performance review—she did so only to explain the impetus behind her absorbing the functions and duties of the role herself, which led her to conclude that the position was redundant and unnecessary. The fact that the position remains eliminated belies any argument that Galambos's identification of performance issues only after Leavy's illness and FMLA leave proves pretext.

The magistrate judge also correctly rejected as speculative Leavy's argument that, if FedEx were eliminating positions due to staffing effectiveness, it would have instead eliminated another Vice President's executive assistant who worked only part-time. *See Gunn v. Senior Servs. of N. Ky.*, 632 F. App'x 839, 847 (6th Cir. 2015). The decision to eliminate Leavy's position was not based on an enterprise-wide policy that the executive-administrative-assistant position was redundant or unnecessary. Rather, as Leavy acknowledged, the decision was solely within Galambos's discretion. Although Leavy named other administrative assistants whose positions were not eliminated, these individuals reported to other Vice Presidents. Thus, any assertion that these other executive-assistant positions should have also been eliminated under a staffing-effectiveness plan was speculative and failed to raise a genuine dispute of fact as to pretext.

Leavy's appellate brief fails to point to any evidence of pretext that the district court overlooked. Instead, she seems to rely solely on the fact that her position was eliminated after she was diagnosed with breast cancer and concludes that her termination was necessarily based on discriminatory animus. Leavy's conclusory allegations, conjecture, and subjective beliefs about FedEx's motives do not suffice to raise a genuine dispute of material fact. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment."); *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996) (noting that conclusory statements, subjective beliefs, or intuition cannot defeat summary judgment).

No. 21-5882
- 8 -

Leavy devotes much of her appellate brief to arguing that FedEx failed to provide her a reasonable accommodation for her disability and failed to engage in the interactive process required under the ADA. These arguments cannot be considered on appeal because Leavy did not raise a failure-to-accommodate claim in the district court. *See Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012).

Finally, Leavy challenges the district court's denial of her claims of interference and retaliation under the FMLA. "There are two theories of recovery under the FMLA: an interference (or entitlement) theory and a retaliation (or discrimination) theory." *Hunter v. Valley View Local Schs.*, 579 F.3d 688, 691 (6th Cir. 2009).

> To prevail on an FMLA interference claim, a plaintiff must establish that (1) she was an eligible employee as defined under the FMLA; (2) her employer was a covered employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take FMLA leave; and (5) her employer denied FMLA benefits to which she was entitled.

*Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577-78 (6th Cir. 2007). To establish an FMLA retaliation claim, a plaintiff must show that her employer discriminated or retaliated against her "for taking FMLA leave." *Hunter*, 579 F.3d at 690.

The district court correctly granted judgment in favor of FedEx on Leavy's claim of FMLA interference because she provided no evidence that she was denied FMLA benefits. *See Tennial v. UPS*, 840 F.3d 292, 308 (6th Cir. 2016). Indeed, Leavy did not dispute that her request for intermittent FMLA leave was granted and that she continued to work for FedEx during and after her intermittent leave. *See id.*; *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007). She asserts in her appellate brief that she "provided sufficient certification requesting additional time" but points to nothing in the record to substantiate this assertion. Leavy states that her physician certified that she was "incapacitated from work for eight . . . weeks" and thus FedEx should not have required or allowed her to work during that time. But again, she does not identify any evidence in the record to support this statement. And regardless of what her doctor certified, the record reflects that Leavy requested only intermittent leave and that request was granted.

No. 21-5882
- 9 -

The district court also correctly granted judgment to FedEx on Leavy's FMLA retaliation claim. The magistrate judge concluded that the proximity in time between Leavy's return from FMLA leave and the elimination of her position—more than four months—"standing alone and under the facts of this case, [wa]s insufficient to establish causation." Leavy pointed to her 2018 performance review in an effort to show pretext and a retaliatory animus, but, as the magistrate judge found, the performance review failed to show that Galambos improperly considered her FMLA leave, and there was no language in the review that evinced a retaliatory intent. Leavy also argued, as she does in her brief, that FedEx's retaliatory animus was established by its failure to transfer her to another position in violation of its Staffing Effectiveness Policy, the fact that it did not eliminate other Executive Administrative Assistant positions, and its inconsistent reasoning for terminating her. As noted above, Leavy's argument about other Executive Administrative Assistant positions not being eliminated was based solely on speculation. And her claim that FedEx failed to comply with its Staffing Effectiveness Policy is unsupported by the record. As the district court noted, the policy states, "It is the responsibility of affected employees to take personal initiative and accountability for pursuing other positions with guidance from management and Human Resources." And emails Leavy exchanged with FedEx Human Resources that she submitted in support of her summary-judgment motion indicate that Human Resources was working with Leavy to help her find an open position and secure interviews. The fact that she was not ultimately hired for a new position does not establish pretext. Nor does Leavy's unsupported claim that FedEx provided inconsistent reasons for her termination. FedEx consistently maintained that Leavy's position was eliminated due to a reduction in force.

Finally, Leavy argues for the first time on appeal that the district judge should recuse himself. Leavy failed to raise this issue in the district court in a motion to recuse or otherwise; thus, the issue is forfeited for appellate purposes. *See Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 261 (6th Cir. 1996). Moreover, Leavy's argument that the district court was biased in favor of FedEx due to it being one of the biggest employers in Memphis is entirely baseless.

No. 21-5882
- 10 -

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

### United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/20/2022.

**Case Name:**   Brenda Leavy v. Federal Express Corporation
**Case Number:**   21-5882

**Docket Text:**
ORDER filed : AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for
publication. Danny J. Boggs, Circuit Judge; Amul R. Thapar, Circuit Judge and Chad A.
Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

**A copy of this notice will be issued to:**

Mr. Barak Jonathan Babcock
Mr. Thomas M. Gould

**FILED**
Dec 20, 2022
DEBORAH S. HUNT, Clerk

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

No. 21-5882

PLAINTIFF'S
EXHIBIT
18

FEDGAD 000-631-6989

BRENDA KAY LEAVY,

      Plaintiff-Appellant,

v.

FEDERAL EXPRESS CORPORATION,

      Defendant-Appellee.

Before:  BOGGS, THAPAR, and READLER, Circuit Judges.

### JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Memphis.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

           **ENTERED BY ORDER OF THE COURT**

           Deborah S. Hunt, Clerk



**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 28, 2023

Mr. Thomas M. Gould
U.S. District Court
for the Western District of Tennessee
167 N. Main Street
Room 242
Memphis, TN 38103

        Re:  Case No. 21-5882, *Brenda Leavy v. Federal Express Corporation*
              Originating Case No. 2:19-cv-02705

Dear Mr. Gould:

    Enclosed is a copy of the mandate filed in this case.

                    Sincerely yours,

                    s/Patricia J. Elder
                    Senior Case Manager
                    Direct Dial No. 513-564-7034

cc: Mr. Barak Jonathan Babcock
    Ms. Brenda Kay Leavy

Enclosure

√ Received on
2/21/202₃

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 16, 2023



**PLAINTIFF'S
EXHIBIT
20**

Brenda Kay Leavy
5036 Overview Ridge Cove
Memphis, TN 38141

Re: Case No. 21-5882, *Brenda Leavy v. Federal Express Corporation*
Originating Case No.: 2:19-cv-02705

Dear Ms. Levy,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Beverly L. Harris
En Banc Coordinator
Direct Dial No. 513-564-7077

cc: Mr. Barak Jonathan Babcock

Enclosure

No. 21-5882

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────┐
│          FILED              │
│       Feb 16, 2023          │
│   DEBORAH S. HUNT, Clerk    │
└─────────────────────────────┘
```

BRENDA KAY LEAVY,                    )
                                     )
    Plaintiff-Appellant,         )
                                     )
v.                                   )
                                     )          O R D E R
FEDERAL EXPRESS CORPORATION,         )
                                     )
    Defendant-Appellee.          )
                                     )
                                     )
                                     )

**BEFORE:**  BOGGS, THAPAR, and READLER, Circuit Judges.

    The court received a petition for rehearing en banc.  The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case.  The petition then was circulated to the full court.  No judge has requested a vote on the suggestion for rehearing en banc.

    Therefore, the petition is denied.

**ENTERED BY ORDER OF THE COURT**

**Deborah S. Hunt, Clerk**