RECEIVED
4/9/24
KELLY L. STEPHENS, Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **BRENDA KAY LEAVY,** | ) | |
| | ) | **District Court Case No.: 19-cv-2705** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **Appellate Case No.: 21-5882** |
| **v.** | ) | |
| | ) | |
| **FEDEX CORPORATION,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

## PLAINTIFF-APPELLANT'S MOTION FOR VOID JUDGMENT

*Pro Se* Appellant Brenda Kay Leavy ("Leavy") is respectfully filing this Motion for a Void Judgment to request relief from the final Order/Judgment that was entered on December 20, 2022. Pursuant to Fed. Rules Civ. Proc., Rule 60(b)(3)(4), Leavy is filing her motion on the grounds that this Order/Judgment is a void judgment because the Order was procured by fraud. The magistrate judge that rendered judgment lacked jurisdiction of the subject matter, or of the parties; and the District Court acted in a manner inconsistent with procedural due process. *See Yeldon v. Fisher*, 710F.3d 452 (2d Cir. <u>2013</u>. This case highlights the importance of *"consent"* in cases involving magistrate judges and serves as a reminder of the procedural requirements in federal litigation.

It is clear from the plain language of Rule 60(b)(4) that the rule to be used to void a judgment can be used only *after* a judgment has been entered. There is no statute of limitations on a void judgment. *Hazel-Atlas Co. Id*, showing no statute of limitations applies to void judgments, because the case was voided 12 years after the original judgment. See also *V.T.A., Inv. Airco, Inc.* 597 F. 2d 220 (10th Cir. 1979). If a judgment is void, the slate must be wiped clean, *Armstrong v. Mano,* 380 U.S. 545, 552 (1962).

## STATEMENT OF FACTS

Leavy was a dedicated hardworking 26-year long-term FedEx employee. During her tenure with FedEx, she received only positive annual performance evaluations and was never disciplined.

Unfortunately, Leavy was diagnosed with breast cancer in early February 2018. Immediately, Leavy revealed her serious medical health condition, in good faith, to her boss Karen Galambos ("Galambos"), Staff Vice President of Human Resources at FedEx Corporation.

Leavy's Complaint alleges that FedEx discriminated against her based upon her disability, breast cancer, in violation of the Americans with Disabilities Act ("ADA"), and Family Medical Leave Act ("FMLA") interference and FMLA retaliation. Complaint for Discrimination (R. 1, PageID 1-6.) Leavy claims that FedEx failed to comply with the notice and health certification requirements as set out in the FMLA regulations, 29 C.F.R. §825.305, and that it ultimately terminated her because of her disability and request for accommodation. Leavy's ADA case intertwines with FMLA. When an employee is entitled to leave under both the FMLA and the ADA, the employer should provide the leave under whichever statutory provision provides the greatest rights. 29 C.F.R. 825.702(a), (b)-(e). The ADA does not require employees to "use the magic words 'accommodation' or even 'disability.'" *Leeds v. Potter*, 249 F. App'x 442, 449 (6th Cir. 2007).

According to the EEOC, the ADA laws are crystal clear. Title I of the ADA prohibits employers from "discriminating against a qualified individual on the basis of disability." 42 U.S.C. §12112(a). The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of a qualified individual with a disability absent an undue hardship on the operation of the business." (42 U.S.C. §12112(b)(5)(A)). Breast cancer is a covered disability under the ADA, 42 U.S.C. §§ 12101-12213 (2012), which was amended by the ADA Amendments Act of 2008 ("Amendments Act" or "ADAAA").

The EEOC sued several employers, including *United Labor Agency* (23-cv-00283) in the U.S. District Court for the Northern District of Ohio for allegedly denying an employee with breast cancer, like Leavy, reasonable accommodations and forcing her to resign. For the EEOC, Debra M. Lawrence, Philadelphia regional attorney wrote: "*the action violates the Americans with Disabilities Act (ADA)." "It is an employer's responsibility to know its obligations under the ADA.*"

It is undisputed that Leavy is disabled, otherwise qualified for her position, and FedEx knew about it. FedEx Response to Leavy's Appellant Brief. Document: [17], Page: 19. "*See Order at PageID 650 (determining that Ms. Leavy satisfied the first four elements of her prima facie case*

including that she is disabled, otherwise qualified for the position and that FedEx knew of her disability.) 'FedEx concedes for purposes of this appeal that Ms. Leavy was disabled under the ADA." However, Leavy was not accorded the protections of the ADA laws.

The Sixth Circuit has made the interactive process mandatory, and "both parties have a duty to participate in good faith." *Kleiber v. Honda of Am. Mfg., Inc*., 485 F.3d 862, 868 (6th Cir. 2007). Leavy attended a doctor's visit for her first mammogram since her breast cancer diagnosis on October 4, 2018, a protected activity which Galambos was aware of. After the visit Leavy rushed to work as usual. Galambos called Leavy into a meeting in her office. Rather than taking the time to engage in an interactive accommodation process, as required by the ADA, (42 U.S.C. §12112(b)(5)(A), Galambos, on behalf of FedEx, did not comply with the obligations under the ADA laws and illegally terminated Leavy (effective the next day).

*See Atkins v. Dolgencorp, LLC*, No. 17-6278 (6th Cir. Aug. 7, 2018), written by now Acting Chief Judge Jeffrey Sutton. In *Atkins*, Chief Judge Sutton wrote: "Happily for us, doctrine lines up with common sense in this setting. A defendant may use a legitimate, nondiscriminatory rationale as a shield against *indirect* or *circumstantial* evidence of discrimination. *See Ferrari v. Ford Motor Co*., 826 F.3d 885, 891-92 (6th Cir. 2016). But a neutral policy is of no moment when an employee presents *direct* evidence of discrimination. *See id.* And failing to provide a protected employee a reasonable accommodation constitutes direct evidence of discrimination. *See Kleiber*, 485 F.3d at 868. Hence "failure to consider the possibility of reasonable accommodation for known disabilities, if it leads to discharge for performance inadequacies resulting from disabilities, amounts to discharge solely because of the disabilities." *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc*. 119 F.3d 453, 460 (6th Cir. 1997)(en banc) quotations omitted."

FedEx left Leavy with no job and no money to afford an attorney. Therefore, Leavy had no choice but to proceed *pro se.* Because Leavy is *pro se,* the Sixth Circuit Court of Appeals has a higher standard when faced with a motion for rehearing in whatever form that takes, including Motion for a Void Judgment now before the Sixth Circuit. It is therefore necessary to invoke the United States holding in *Haines v. Kerner* 404 U.S. 519, 520 (1972), wherein the Supreme Court held that a motion drafted by a *pro se* litigant is to be held to a less stringent standard than one formally drafted by a trained/professional lawyer. Leavy is entitled to the same constitutional protections as any citizen represented by law firms.

## DISTRICT COURT DENIED PROCEDURAL DUE PROCESS RIGHTS TO
## LEAVY - NO OPPORTUNITY TO BE HEARD

The judgment is void because it was entered in a manner inconsistent with due process. Nothing could be more void than violation of due process. Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —*Klugh v. U.S.,* 620 F.Süpp. 892 (D.S.C. 1985). The Due Process Clause of the Fourteenth Amendment provides that "No person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a *pro se* litigant, Leavy deserves the minimum due process rights to which all other litigants are entitled. The most significant of these rights is an opportunity to be heard, "granted at a meaningful time and in a meaningful manner" *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965).

Leavy was deprived of her right of access to Due Process under the Fourteenth Amendment. She was not accorded a "hearing," which must be provided before entry of something as serious as violation of the ADA. It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and a meaningful opportunity to be heard. *Abbott v. Latshaw,* 164 F.3d 141, 146 (3rd Cir. 1998). The Supreme Court has held that some form of hearing is required before an individual is finally deprived of a property [or liberty] interest. *Baldwin v. Hale*, 68 U.S. (1 Wall.) 223, 233 (1863). The Fourteenth Amendment Due Process guarantees Leavy the right to an "Unbiased Judge and Impartial Jury."

The district court's judgment was rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." "A judgment of a court without a hearing is not a judicial determination of rights," *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461, "and is not entitled to respect in any other tribunal."

Leavy asked for a transcript of a hearing presumptively claimed to have taken place at the district court. She got an answer. (Document 32 Filed: 01/05/2024 Page: 74.) Ross Herrin replied: **"there is nothing to transcribe since there was not a hearing."** Leavy was not given the notice for a fair hearing, and she was unjustly deprived of a hearing and an opportunity to be heard. A judgment or decree is invalid where it has no foundation of procedural due process, as where there

is an absence of notice and opportunity to be heard. 16A C.J.S. Constitutional Law, § 625, *Yellowstone Pipe Line Company v. Drummond*, 77 Idaho 36, 287-P.2d 288; *Garren v. Rollis*, 85 Idaho 86, 375 P.2d 994.

      Because Leavy was confused about the Magistrate ambush, she asked the District Court, *"if there will be a Motion Hearing before Judge Fowlkes makes a ruling on Leavy v FedEx Corporation motion for Summary Judgments."* (Document: [32] Filed: 01/05/2024 Page: 71.) Leavy stated that *"I do not want my case to be thrown out <u>without being heard</u> because I am a victim of discrimination, which has ruined my life, and have submitted the proof which the Court is ignoring.* **Let me know how to ensure that I am heard***."* Ross Herrin, Jr., case manager to US District Court Judge Fowlkes replied to Leavy's email. *"Judge Fowlkes will enter a ruling based upon your objections as well as the Magistrate Judges findings.* **A motion hearing will not be held prior to the Judges ruling."** The District Court and the FedEx Defendants appear to be equally resistant to any due process forum in which Leavy can speak and leave behind a transcript footprint aiding in any future appeal. The district court's denial of a hearing before ruling in Leavy v. FedEx Corporation is inconsistent with due process.

      Leavy was so successfully deceived that she still believed she would have her day in court with a jury seated, defendant's present, and an impartial Article 111 judge seated on the bench. Any physical appearance at hearing where she might state this expectation requiring an on-record response from the Magistrate and, or from Judge Fowlkes, was a risk this District Court was not willing to take. Tested during the status conference meeting held on 07/16/2020, Document: [27], Judge Fowlkes asked: *...and ah, I've also assuming that ah, assuming that the motions for Summary Judgements are denied <u>this would be a jury trial is this correct?</u>"* Leavy Replied: *"<u>Yes your honor.</u>"* Leavy's affirmative response served as motivation to rush forward the 02/18/2021 Summary Judgement fix; no hearing, no record, and no Magistrate authority. According to the Seventh Amendment, Leavy is guaranteed the constitutional right to a trial by a jury of her peers with an impartial Article III judge seated on the bench as originally requested in her Complaint on October 16, 2019.

      Upon being told that because of Covid the jury trial may be a long way off. Still sick and in danger of losing her home, Leavy floated a request for a Bench Trial. (Document: [32] Filed: 01/05/2024 Page: 73.) This request was never addressed by District Judge Fowlkes' clerk, Ross

Herrin. Judge Fowlkes did not call the parties into a hearing to clear things up for the *pro se* Plaintiff. Rather the Summary Judgement dismissal was rushed forward. The Supreme Court case McVeigh, 91 US 503, 23 L Ed 398 makes it clear that every person is entitled to an opportunity to be heard in a court of law upon every question involving his/her rights or interests, before he/she is affected by any judicial decision on the question. *See* also Restatements, Judgments ' 4(b). *Prather v Loyd,* 86 Idaho 45, 382 P2d 910.

The District Court was dishonest when they postured to the Sixth Circuit that Leavy was heard, though there is no transcript that supports anything remotely like due process having taken place. It was incumbent upon the Sixth Circuit to read the record. (Document: [3], TRANSCRIPT ORDER filed - no hearings held in District Court. Filed by Brenda Kay Leavy. (PJE) [Entered: 10/14/2021 06:59 AM].

Because of violation of due process and denial of a meaningful opportunity to be heard, Leavy has been unjustly deprived of the following rights:

- Right to be heard.
- Right to present evidence and arguments before an Order has been made by the government.
- Right to receive fair notice of the hearing.
- Right to present evidence orally and in person.
- Right of rebuttal – to confront adverse testimony.
- Right to a fair and impartial judge.
- Right of access to an Article 111 judge.
- Right of access to a jury in both civil and criminal cases.
- Right of every proceeding to leave behind a record either by court reporter or video.
- Right of any citizen to retrieve those records without any attempt by any court to conceal those records.

Based on precedent set in *Josh Zarza* for deceased *Karen Zarza v. Board of Regents of the Un. Of Michigan* No. 22-1776 (6th Cir. 2023) which concluded that: *"Because a jury could reasonably believe either account, we REVERSE the District Court's grant of Summary Judgment."* Though Leavy experienced the extreme Obstruction of Justice at the District Court, the findings in *Karen Zarza v. Board of Regents,* are similarly applicable. The Zarza appeal was returned to the District Court whereupon, if a settlement had not taken place, the jury trial would have taken place. The Sixth Circuit ruled that, had the Jury Demand been honored at the District Court, a reasonable juror could have concluded in favor of *pro se* Plaintiff, Karen Zarza

In Leavy vs. FedEx Corporation, had the Jury Demand been honored at the District Court, just as in Zara Appeal, a reasonable juror could have concluded in favor of *pro se* Plaintiff, Brenda Kay Leavy.  See below:

1. A reasonable juror could conclude that Leavy was disabled under the ADA, and therefore fulfills the first element of her *prima facie* claim. §12112(b)(5)(A).

2. A reasonable juror could conclude that Leavy is qualified for the position despite her disability with the proposed reasonable accommodation from Leavy's oncologist. *Kleiber,* 485 F.3d at 869.  §12112(b)(5)(A), which fulfills the second element of her prima facie claim.

3. A reasonable juror could conclude that after Leavy's oncologist submitted the completed Medical Certification requesting accommodation for her, FedEx failed to comply with its affirmative duty to engage in the mandatory interactive process to determine the existence and feasibility of a reasonable accommodation for Leavy. *Hostettler*, 895 F.3d at 857.

4. A reasonable juror could conclude that FedEx's failure to engage in the interactive process and to provide Leavy with reasonable accommodation is direct evidence of discrimination.  *See Brumley v. United Parcel Serv., Inc*., 909 F.3d 834, 839 (6th Cir. 2018) ("But ADA discrimination 'claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate).

5. A reasonable juror could conclude that it would not have caused an undue hardship on FedEx to comply with the requirements of 29 C.F.R. §825.305(c) and reasonably accommodate Leavy's known disability. *Monett*e, 90 F.3d at 1186.

6. A reasonable juror could conclude that FedEx failed to comply with the Written Notice and Health Certification Requirements as set out in the FMLA regulations, 29 C.F.R. §825.305. See *Wallace v. FedEx Corp.,* 764 F.3d 571, 590 (6th Cir. 2014).

7. Based on FedEx's noncompliance with §825.305(c), a reasonable juror would be justified in finding that Leavy was substantially prejudiced by FedEx.

8. Viewed under the correct standard, direct evidence, a reasonable juror could conclude that all the inconsistent proffered explanations FedEx gave for Leavy's termination are related to Leavy's disability and was a direct result of FedEx's failure to perfect Leavy's FMLA leave, which is a consequence of FedEx failing to meet its responsibilities under §825.305(c).

9. A reasonable juror could conclude that FedEx "made up its stated reasons to conceal intentional discrimination." *Chen v. Dow Chem. Co*., 580 F.3d 394, 400 n.4 (6th Cir. 2009). FedEx has offered inconsistent explanations for Leavy's termination and cannot keep its story. A decision from a federal court in Tennessee, *Rikita Bonner-Gibson v. Genesis Engineering Group*, 081419 TNMDC, 3:18-cv-00298, illustrates that an employer must "stick to your story about why you made the employment decision."

10. A reasonable juror could conclude that FedEx shifted the reasons for Leavy's termination over time. "Shifting justifications" is another way to prove pretext, with the Sixth Circuit explaining: "An employer's changing rationale for making an adverse employment decision can be evidence of pretext." *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 592 (6th Cir. 2002) (quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1167 (6th Cir. 1996)).

11. A reasonable juror could conclude that the real reason FedEx retaliated and terminated Leavy's employment was not for a reduction-in-force or her job performance, but for her disability and request for reasonable accommodation. *Lewis v. Humboldt Acquisition Corp.,* 681 F.3d 312, 321 (6th Cir. 2012) (en banc); *Donald v. Sybra, Inc.,* 667 F.3d 757, 763 (6th Cir. 2012); *Frengler v. Gen. Motors,* 482 F. App'x 975, 976 (6th Cir. 2012).

In Leavy vs. FedEx Corporation, a jury should hear the case to determine the credibility of the witnesses, and whether FedEx's termination of Leavy was motivated by her breast cancer disability and Dr. Lee Schwartzberg's request for reasonable accommodation, or whether FedEx's proffered reasons for terminating Leavy were justified and proper under the law. *Id.* It should be up to the jury to decide the contested facts and reach a verdict, within the guidelines of the law as determined by the judge.

## VIOLATION of CONSENT JURISDICTION under U.S. CODE 28 § 636
## LACK OF JURISDICTION

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, People ex rel. *Brzica v. Village of Lake Barrington*, 644 N.E.2d 66 (111.App. 2 Dist. 1994).

The U.S. Court of Appeals for the Third Circuit reversed a lower court's dismissal of two Pennsylvania prisoners' federal civil rights claims because not all parties had consented to a magistrate judge's jurisdiction. See: *Burton v. Schamp*, 25 F.4th 213 (3d Cir. 2022). In its precedential opinion, the Court said that the Federal Magistrates Act authorizes a magistrate judge to conduct any or all proceedings in a civil matter, on consent of the parties, as set forth in 28 U.S.C. § 636(c)(l). Without the consent of all parties, however, the magistrate judge lacks jurisdiction to act.

On December 17, 2019, the district court entered a Scheduling Order. (R. 13, PageID 30-32.) The Order provides: "*That parties do not consent to a trial before the Magistrate Judge;*"

and claims that *"This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 3 days."* There was never a trial date set by separate Order, as Judge Fowlkes guaranteed Leavy.

Under 28 U.S. Code § 636(c)(2) the Clerk of Court, Thomas Gould, did not notify Leavy of *"the availability of a magistrate to exercise such jurisdiction.* There was no agreement for the magistrate's intrusion. All disclosure regarding the magistrate was withheld from Leavy. Lack of disclosure meant that Leavy could not defend against the Sixth Circuit staff priority to shield the District Court from errors and violations of U.S. Code. Including omission of Consent Jurisdiction under 28 US Code § 636 (b)(2)(c). And as cited in *Hernandez v. Estelle: ...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law: 28 U.S. Code § 636 (b)(1)(A).*

That law states that: "Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate." Leavy requested a jury trial. Article 111 judges are to be watchful over theft of Constitutional Rights whether the *pro se* citizen recognizes those violations in the moment or not. Judge Fowlkes had a moral obligation to ensure that Leavy was heard at the district court. However, the district court somersaulted over the bother of consent. Leavy's case was assigned to Magistrate Judge Tu Pham, absent consent to the Magistrate-Track; consent unequivocally required under Title 28 U.S. Code § 636.

Unless there is consent by all parties, the Magistrate Judge lacks authority to enter judgment. *Yeldon v. Fisher*, 710F.3d 452 (2d Cir. 2013). *"And furthermore, since 'the lack of consent is a jurisdictional defect that cannot be waived,' the Court of Appeals found the magistrate lacked authority to enter final judgment under 28 U.S.C. § 636(c)(1), and that the Court of Appeals consequently lacked jurisdiction to review that judgment."*

The Second Circuit therefore vacated the judgment, holding that Yeldon had not consented to the appointment of a magistrate judge. This cannot be ignored its fact recorded. The magistrate's exercise of jurisdiction over Leavy's complaint amounted to a "plain usurpation of judicial power. A magistrate is not an Article III judge.

9

As Leavy's case moved forward with no date for a trial set, she remained equally ignorant of the magistrate-intrusion held in the background until his ambush Report and Recommendations was issued. Magistrate Judge Tu Pham entered a Report and Recommendations for dismissal, also operating as his assumptive ruling on Summary Judgement, though it is not titled as such, was docketed and issued on 02/18/2021 [48].   Only then did Leavy read his name for the first time. Leavy is obstructed from linking Summary Judgement with the dismissal, absent a hearing. Magistrate Judge Tu Pham wrote the Leavy v. FedEx dismissal conclusions absent a hearing and absent § 636 consent authority. The name of Magistrate Judge Tu Pham was never referenced upon his assignment.  Leavy has never laid eyes on Magistrate Judge Tu Pham.

Judge Fowlkes empowered the undisclosed Magistrate Judge Tu Pham to decide on the pleadings and record alone.  This served to intentionally quash the *pro se* Jury Demand.  Leavy was deprived of her right of access to Due Process under the Fourteenth Amendment.  Even if a party consents, a magistrate hears the evidence and makes a recommendation about what the "findings of fact" should be, before deciding what the final ruling should be.   Magistrate Judge Tu Pham never gave Leavy an opportunity to be heard and present her "smoking gun" evidence of disability discrimination before ruling on Summary Judgment/dismissal.

On March 2, 2021, the court received Leavy's Objection to Magistrate Judge Tu Pham's Report and Recommendations. Docket No. [49]. Leavy contends that she did not give Magistrate Judge Tu Pham authority to issue a report and recommendation. *Id*. (citing Yeldon v. Fisher, 710F.3d 452 (2d Cir. 2013).  Then came the *ORDER adopting 48 Report and Recommendations; denying 26 Motion for Summary Judgement.  Signed by Judge T. Fowlkes, Jr.* -- Nothing required of a Summary Judgement proceeding took place.

As a pattern of conduct, theft of rights per the Magistrate Assignment has impacted other *pro se* victims at this district court.  Including: Thelma Gray; Gray v. Memphis Shelby County Education Association (2:23-cv-02100) asking for removal of Magistrate Judge Tu Pham and return of "District Court Judge John T. Fowlkes to Return to the Case." And Stephen G. Olita against Magistrate Judge Tu Pham for lack of jurisdiction (2:22-cv-02161.)

10

### THE SUMMARY JUDGMENT FIX &
### FRAUD UPON THE COURT

The rules are designed to secure fairness in judicial administration and to promote the growth and development of the law of evidence so that truth may be ascertained, and proceedings justly resolved. *Huff v. White Motor Corporation*, 609 F.2d 286 (7th Cir. Ind. 1979). Fraud is "Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth, or other device contrary to the plain rules of common honesty." 23 AM. J2d Fraud Section 2.

Summary Judgement: *A judgement granted on a claim or defense about which there is <u>no genuine issue of material fact</u>… This procedural device allows speedy disposition of a controversy <u>without the need for a trial,</u>* Black's Law Dictionary. No jury trial in opposition to the Leavy's Jury Demand appears to be what Judge Fowlkes and the District Court administrative infrastructure had been working to accomplish. Summary Judgement assigned to the magistrate, absent disclosure, worked to distance Judge Fowlkes from what he methodically and consistently orchestrated, i.e., NO DUE PROCESS in favor of the FedEx defendants.

The Sixth Circuit puts it this way: "Accordingly, cases require a party seeking to show fraud on the court to present clear and convincing evidence of the following elements: "1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceive the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); (quoting *Carter v. Anderson, 585 F.3d 1007, 1011-12 (6th Cir. 2009).*

NOTICE OF DENIAL Rule 24(a)(4) exposes each of the obstacles launched against the Leavy-Appeal for reasons that have nothing to do with law and justice. *i.d* (A) denies a motion to proceed in Forma Pauperis. (B) certifies that the appeal is not taken in good faith. (C) finds that the party is not otherwise entitled to proceed in Forma Pauperis. As a chain of attack upon the appeal each of these operated absent disclosures and in violation of: *The district court clerk must immediately notify the parties and the court of appeals when the district court does any of the following.* Not only was Leavy not "*immediately*" notified, but the existence of the Notice of Denial was carefully and consistently concealed from Leavy.

11

On the same day that Leavy filed Notice of Appeal 09/13/2021 [54] she simultaneously filed [55] Pro Se Motion to Proceed in forma pauperis. An Order denying FedEx Costs then issued. Order Denying Costs, Coverup Docket-Two, Entry [61] directly and blatantly contradicts Judge Fowlkes ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; 10/21/2021 Docket Entry [60]. Both Orders rely on same documentation provided by Leavy.

Entry [61] directly and blatantly contradicts Judge Fowlkes ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; 10/21/2021 Docket Entry [60]. Both Orders rely on same documentation provided by Leavy. The District Court Judge directed to the Sixth Circuit: "..., *the undersigned Court determined that all of Plaintiff's objections either lacked merit, factual support or legal authority;* and: *..., the Court deems any appeal of this matter as frivolous. Therefore, the Court* **CERTIFIES** *under Federal Rule of Appellate Procedure 24(a) that Plaintiff's appeal would not be taken in good faith.".* A frivolous claim, often called a bad faith claim, refers to a lawsuit, motion or appeal that is intended to harass, delay or embarrass the opposition. There is nothing *"frivolous"* about breast cancer and the ADA laws.

Judge Fowkes did not file a separate Notice of Denial. He imbedded this Notice at the end of ORDER; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; 10/21/2021 Docket Entry [60]. A separate Notice of Denial did not appear in the District Court or the Sixth Circuit Dockets. The Sixth Circuit aided in ongoing concealment and violation of FRCP Rule 24; "*the District Court must immediately notify all the parties."*

ORDER DENYING COSTS, Docket Entry [61] 10/21/2021 found that upon objective review of the same documentation provided to Judge Fowlkes, Leavy was indeed indigent; had submitted her appeal in good faith. This Order reads: *In support of her claim of indigency, Plaintiff relies on her Application to Proceed in District Court.* Finding that Leavy prosecuted her case in *good faith*, the losing party is *indigent,* the losing party is *disproportionately less wealthy*. Concluding: *"Given this negative cashflow, and Plaintiff's breast cancer diagnosis, the Clerk Finds that Plaintiff has satisfied her burden of demonstrating that an award of costs would be an extreme financial hardship, and that she is incapable of paying the court costs at this time or in*

*the future and that it would be inequitable to impose costs.* Judge Fowlkes is responsible for both outcomes. He is over the Clerk of Court, Thomas Gould. By signature of the one and omitting signature of the other he nevertheless approved both contradictory findings.

Judge Fowlkes communicated to the Sixth Circuit that upon the Fowlkes-**Certification** Leavy's appeal had been classified as not viable to be heard on appeal. There were many opportunities for disclosure. Upon belief they expected that the fee-obstruction would be enough for Leavy's appeal to die on the vine of inaction. The chain of events that followed required that Leavy remain ignorant of the dual-purpose intent of this filing. Case manager Patricia Elder and her supervisor Anne Brown, then walked the Appeal through the pretense of addressing the appeal while failing utterly to disclose the existence of Judge Fowlkes essentially "secret" certified Notice of Denial.

The District Court and the Sixth Circuit colluded in concealing from Leavy the Judge Fowkes' "Notice of Denial," denial of Right to Appeal, Rule 24(a)(4)(B). Collaboration is seen in that after Leavy paid the filing fee, that obstacle not working as intended, the Sixth Circuit went forward with the Appeal without telling Leavy that Judge Fowlkes had provided them with pretext not to address.

Trading on the huge disparity of power and position, Leavy remained intentionally and callously ignorant of the existence of the Notice of Denial; Federal Rules of Appellate Procedure Rule 24(a)(4) *Notice of District Court Denial. <u>The District Court must immediately notify the parties and the court of Appeals</u>.* Judge Fowlkes chose not to notify Leavy.

The Seventh Circuit has made clear that if a convincing case of palpable fraud on the court were presented, it is hard to justify a holding that it could not be considered. "Fraud upon the court' should, we believe, embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". *Kenner v. C.I.R.*, 387 F.2d 689 (7th Cir. 1968); 7 Moore's Federal Practice, 2d ed. p. 512, 60:23.

"No fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Class Co. v. Hartford-Empire Co*., 322 U.S. 238 (1944). Justice Owen Roberts further stated that when members of the bar have knowingly participated in the fraud that "Remedies are available to purge recreant officers from the tribunals on whom the fraud was practiced." The

Supreme Court admonished that the Court should not resort to a disorderly remedy, by disregarding the law as applied in federal courts ever since they were established, in order to reach one inequity at the risk of perpetrating another.  As Mr. Justice Owen Roberts stated: "Whether the suit concern a decree in equity or a judgment at law, it is for relief granted by equity against an unjust and inequitable result and is subject to all the customary doctrines governing the award of equitable relief."

After the Order of December 20, 2022, Leavy filed the timely En Banc Petition to be Reheard.  (Document: [23].)  The En Banc Petition was caught and killed.  Denial of Petition for En Banc Rehearing.  (Document: [32], Page: 109.)  It could not be allowed circulation to all judges of the Court without exposing mutual goals centered on denying the *Pro Se* Plaintiff a voice in any setting that produced the risk of a record.

Determined to be heard and pursuant to Civil Rule 60, Leavy filed a Motion to Vacate the Court's Order of December 20, 2022. (Document: [29-1], Pages: 1-18.)  The motion was filed in PACER on 03/08/23.  On 03/08/23, Case Manager Patricia Elder ("Ms. Elder") immediately denied the motion and sent Leavy a cease-and-desist letter, failing to disclose the "Notice of Denial" from the district court judge.  (Letter of 03/08/2023, Document: [29-2].)  Ms. Elder said: "Enclosed please find, unfiled, your motion to vacate this Court's December 20, 2022 order.  Please be advised that your case is closed, and further action will be forthcoming from this Court."  As a tool of intimidation this letter postures that the appeal is closed, when the appeal has not been answered.

Leavy filed a Motion to Void the Court's Order of December 20, 2022.  The motion was received, and date stamped by Kelly L. Stephens, Clerk, on January 5, 2024. (Document: [32], Pages 1-110).  When the Clerk of the Court stamps a document, it signifies that the document has been officially filed. The stamp serves as evidence that the document was received by the court. Once a pleading is file-stamped by the clerk, it should be added to the court file.  The Motion was filed into PACER by Ms. Elder on January 17, 2024.  However, after Leavy's motion was filed in PACER, she received a cease-and-desist letter from Alicia Harden, Chief Legal Advisor, stating: "After careful consideration, please find your motion returned unfiled and without further action. Your case remains closed and mandated, and you should anticipate that further filings and

correspondence will not receive a response." (Document: [33] LETTER SENT to Ms. Brenda Kay Leavy, returning unfiled motion for void judgment. (PJE) [Entered: 02/12/2024 12:27 PM].")

Sending motions back unfiled is inappropriate, unless there has been an Order filed by the judge ordering the staff to refuse filing Leavy's motions. Leavy searched the PACER system, and it does not reflect an Order prohibiting her from filing motions with the Sixth Circuit Court in her Disability Discrimination case. This is an ongoing denial of Leavy's protected constitutional rights to be heard and violates the First Amendment and due process rights.

Leavy's First Amendment to the U.S. Constitutional right to be heard and petition her government (the Sixth Circuit) for redress of grievances under its error and scope of responsibility was violated. Leavy believes that this separate and unequal assignment was triggered by her *pro se* status. Thereafter, this bias was leveraged against Leavy's appeal at every turn. *Brown v. Board of Education* 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873, 1954 U.S. has already established that separate and unequal is a Civil Rights Violation. It is incumbent upon the Sixth Circuit to provide a remedy based on Leavy's First Amendment right: "to petition the government for a redress of grievances" and this time be heard.

On February 12, 2024, Leavy contacted Ms. Elder to ask why her Motion for Void Judgment was being denied. Ms. Elder's response was that the Sixth Circuit Court of Appeals "does not accept Motions for Void Judgments." That is not what the law says. The law says that the court has a responsibility to correct a Void Judgment. A Void Judgment is an absolute nullity, and such invalidity may be asserted by any person whose rights are affected, at any time and at any place. It need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed. See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. h.) Leavy asked Ms. Elder for the proper court to file her Motion. Ms. Elder told Leavy that she "was not an attorney and could not give legal advice." Leavy was blocked from being heard by the three-judge panel, which is a violation of due process.

The Court stated in Aoude v. Mobil Oil Corporation, 892 F.2d 1115 (1st Cir. 1989) "These facts, we believe, bring into play the doctrine in pari delicto." See, e.g., Pantely v. Garris, Garris & Garris, P.C., 180 Mich.App. 768, 447 N.W.2d 864, 868 (1989); cf. Montplaisir v. Leighton, 875

F.2d 1, 7-8 (1st Cir.1989); id. at 8 (Aldrich, J., concurring).  Justice Owen Roberts made it very clear that when members of the bar have knowingly participated in the fraud that "Remedies are available to purge recreant officers from the tribunals on whom the fraud was practiced."   The Court admonished that "[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant.

It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944).  All in all, we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process--to combat those who would dare to practice unmitigated fraud upon the court itself. To deny the existence of such power would, we think, foster the very impotency against which the Hazel-Atlas Court specifically warned.  Aoude v. Mobil Oil, supra.

The law is very well settled that a judgment induced by fraud is void." A void judgment is one that has been procured by extrinsic or collateral Fraud…."*Rook* v. *Rook*, 353 S.E. 2d 756 (Va. 1987). [D]enying a motion to vacate a void judgment is a per se abuse of discretion."  *Burrell* v. *Henderson*, et al., 434 F.3d 826, 831 (6th Cir. 2006).  The 7th Circuit has made it very clear that "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."  Kenner v. C.I.R., 387 F.2d 689 (7th Cir. 1968).

Motions to dismiss and motions for summary judgment are both types of pretrial motions that can be filed in a civil case. A motion to dismiss is filed when the defendant believes that the plaintiff has not stated a claim upon which relief can be granted, while a motion for summary judgment is filed when the plaintiff believes that there is no genuine issue of material fact, and that the plaintiff is entitled to judgment as a matter of law.

*At Summary Judgement all factual issues must be considered/discussed."* Especially *"all disputed/contested genuine issues of material facts."* "Discussed" was an impossibility as orchestrated by Judge Fowlkes since the magistrate findings were produced in a vacuum, absent a hearing.  An Order issued after an in-person Summary Judgement hearing, which never took place, is not the same as the magistrate's Report and Recommendations which addresses the *Pro Se* Complaint of 10/16/2021, which also never took place.

The District Court intentionally did not disclose to Leavy that it would not apply the proper summary judgment standard to her case. Regardless of the type of summary judgment motion, there is a standardized rule(-like) framework for evaluating the first clause of Rule 56(a) ("no disputed genuine issue of material fact"), formulated as the following six core *summary judgment tenets of review* (SJTOR) (where the emphasized must indicate the lack of judicial discretion permitted):

1. **All issues/facts**: All ("each/every", not just "some") factual issues must be considered/discussed—especially, all disputed/contested genuine issues of material facts.

2. **Whole record**: The entire record ("whole set/totality of circumstances", not just a "subset"), must be considered, regarding each/every issue. The district court did not consider the entire record, regarding every issue before terminating Leavy's case. The district court ignored several critical material facts and evidence that Leavy presented.

3. **In context**: All issues must be considered in holistic relationship with one another, within the whole-record environment (not context-free line-by-line isolation); patterns may emerge.

4. **Nonmovant trumps movant**: Tenets 1–3 must be interpreted/construed in the light most favorable/advantageous to nonmovant (never to movant), and belief/credit awarded thereto (as to whether a dispute exists, not as to who wins the dispute, though either interpretation unambiguously satisfies the only question at summary judgment, which is whether or not a dispute exists).

5. **All inferences**: All reasonable/justifiable logical/legal inferences/implications from tenets 1–3 must also be interpreted favorably to nonmovant, and credit awarded thereto.

6. **Light burden**: For tenets 4–5, nonmovant bears the undemanding requirement of production only of favorable facts (and law)—i.e., *de minimis* proof/persuasion (that a rational/reasonable jury could find for nonmovant). All fact/credibility-finding must be reserved for the jury at trial, none for the judge at summary judgment.

The main differences between a motion to dismiss and a motion for summary judgment:

- A motion to dismiss challenges the sufficiency of the complaint, while a motion for summary judgment challenges the underlying merits of the case.

- A motion to dismiss is based on the legal sufficiency of the complaint, while a motion for summary judgment is based on the factual sufficiency of the case.

- A court can consider the complaint, incorporated documents, matters of judicial notice, and exhibits in a motion to dismiss, while in a motion for summary judgment, the court can consider all evidence in the record, even if the evidence was not cited in the pleadings.

- A summary judgment does not result in a dismissal, while a motion to dismiss results in the termination, or disposition, of the underlying action.
- A dismissal of the case on the merits, such as after having been litigated and dismissed on summary judgment, means that the same claim can't be brought twice.

Sadly, and unlawfully for Leavy and for the integrity of the District Court, the Jury Demand was coldly, methodically, and intentionally obstructed at every turn. It is obvious that Leavy suffered injustice and unconstitutional treatment at the District Court.

"Appearance" is enough, and yet Leavy is exposing more than appearance upon which the Sixth Circuit is required to address this Motion for a Void Judgement. "Extreme Facts," "Appearance," and violations under the "due process clause of the Fourteenth Amendment."   See Supreme Court ruling in: *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).*

## **VOID JUDGEMENT**

The Leavy vs. FedEx Corporation Appeal, case number 21-5882, was taken from a void judgment. When an appeal is taken from a void judgment, the appellate court must declare the judgment void. Because the appellate court may not address the merits, it must set aside the district court's judgment and dismiss the appeal.  This Void Judgment is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring).  A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. Every Order issued from the Sixth Circuit is a Void Judgement.

The Sixth Circuit Order is void on the following grounds:

- **Lack of Jurisdiction**. Violation of Title 28 U.S. Code § 636, forming the basis for Leavy's appeal to the Sixth Circuit Court of Appeals.  28 U.S. Code § 636(c)(1) includes: ***Upon consent of the parties, pursuant to their specific written request…***Most dockets would read something like: "*The parties have consented to the jurisdiction of the United States magistrate judge under 28 U.S.C. § 636(c).*"  There is no legal authority for a magistrate to preside at trial without consent in writing of all parties.  The Bill of Rights does not allow for "random" anything.

  The magistrate judge that rendered judgment lacked jurisdiction of the subject matter, or of the parties.  A void order made by a judge who lacked jurisdiction over the matter would be considered void.  Per repeated violations under 28 U.S. Code § 636, the Magistrate Judge Tu Pham Summary Judgement Order that was adopted by Judge Fowlkes and dismissed "with prejudice" is void on its face as a matter of law, "having no power to enforce."

- **The magistrate judge that rendered the judgment acted in a manner inconsistent with procedural due process.** Violation of Constitutional Rights under the First, Seventh, and Fourteenth Amendments. A Judgment that violates due process of law would be considered void. A magistrate cannot preside over Summary Judgement. *Notwithstanding any law to the contrary: A judge may designate a magistrate… except … for summary judgement.* 28 U.S. Code § 636 (b)(1)(A). Any law "to the contrary" would most certainly include local District Court operating policies deceptively labeled "rules" utilized to prey upon *pro se* disparity. It was known to supervising Article 111 Judge Fowlkes, under U.S. Code 28 § 636, that Magistrate Judge Tu Pham lacked jurisdiction to conduct proceedings and enter a final judgment in the Leavy vs. FedEx Corporation Summary Judgment.

- **The Judgment was procured by fraud.** FedEx was able to obtain Summary Judgment through fraud. The district court did not disclose to Leavy that it would fraudulently use the Summary Judgment as a tool to "summarily terminate" her case. Leavy's summary judgment resulted in a dismissal with prejudice. A Judgment is not a Dismissal, and a Dismissal is not a Summary Judgment. Also, in a Summary Judgment, the court doesn't make any judgments about who is more believable – that is left to the jury.

The Leavy vs. FedEx Corporation Appeal, case number 21-5882, was taken from a void judgment. When an appeal is taken from a void judgment, the appellate court must declare the judgment void. Because the appellate court may not address the merits, it must set aside the district court's judgment and dismiss the appeal. This Void Judgment is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid.

Black's Law Dictionary, Sixth Edition, P. 1574: Void judgment. One which has no legal force or effect, the invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. Reynolds v. Volunteer State Life Ins. Co., 80 S.W.2d 1087, (Tex.Civ.App., Eastland, 1935, writ ref.); Gentry v. Texas Department of Public Safety, 379 S.W.2d 114, 119, (Tex.Civ.App., Houston, 1964, writ ref., n.r.e., 386 S.W.2d 758). " One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree.

Under Federal law, which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such

judgments or sentences, are considered, in law, as trespassers. A Party Affected by VOID Judicial Action Need Not APPEAL. State ex rel. Latty, 907 S.W.2d at 486.

It has been said to be in law no judgment at all, having no force or effect, conferring no rights, and binding nobody. It is good nowhere and bad everywhere, and neither lapse of time nor judicial action can impart validity. Commander v. Bryan, 123 S.W.2d 1008, (Tex.Civ.App., Fort Worth, 1938, n.w.h.); 34 Tex.Jur., Sec. 262, page 177; *Maury v. Turner*, 244 S.W. 809, (Tex.Com.App., 1922). It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside. It may be impeached in any action direct or, collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.).

The Supreme Court, speaking through Folley, Commissioner, in *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705, at page 707, said: "The court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefore." "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists." *People v. Greene,* 71 Cal. 100 [16 Pac. 197, 5 Am. St. Rep. 448]. "If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (1Freeman on Judgments, 120c.) An illegal order is forever void.

## CONCLUSIONS

The Supreme Court ruled that: *"No provision of the Constitution is designed to be without effect;" And: "Anything that is in conflict is null and void of law;" "Clearly, for a secondary law to come in conflict with the supreme Law was illogical, for certainly the supreme Law would prevail over all other laws and certainly our forefathers had intended that the supreme Law would be the basis of all law and for any law to come in conflict would be null and void of law, it would bare no power to enforce… for unconstitutionality… It operates a near nullity or a fiction of law." Marbury vs. Madison: 5 US 137 (1803).*

Leavy concludes that she is "a qualified individual with a disability" within the coverage of the ADA.  (42 U.S.C. §12112(b)(5)(A)).  It is Leavy's prayer that the Sixth Circuit will address this Motion for a Void Judgement.  Leavy respectfully asks this court to void the magistrate's Order granting FedEx Summary Judgment (dismissal) because of lack of jurisdictional§ 636 consent

authority, no hearing, fraud upon the court and violation of Leavy's right to due process under the Fourteenth Amendment.  Sending Brenda Kay Leavy vs. FedEx Corporation back to a district court to apply proper ADA precedents and permit her claim to proceed to trial with a jury of Leavy's peers with an impartial Article 111 judge seated on the bench as originally requested.

I, Brenda Kay Leavy state that everything claimed herein is, to the best of my ability and understanding, true and accurate.

Respectfully submitted to the Sixth Circuit Court of Appeals on this 8th day of April 2024.


s/Brenda Kay Leavy
_____
Brenda Kay Leavy, *Pro Se*
5036 Overview Ridge Cove
Memphis, TN 38141
Bkmeeks1@att.net


## CERTIFICATE OF SERVICE

I, the undersigned, herby certify that on this 8th day of April 2024, the foregoing document has been served via first class U.S. Mail, postage prepaid, and Email upon:


Mr. Barak Jonathan Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd floor
Memphis, TN 38125


s/Brenda Kay Leavy
_____
Brenda Kay Leavy, *Pro Se*
5036 Overview Ridge Cove
Memphis, TN 38141

21