No. 21-5882

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Oct 28, 2025
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| BRENDA KAY LEAVY,            ) | |
|         ) | |
|     Plaintiff-Appellant,          ) | |
|         ) | |
| v.                                       ) | O R D E R |
|         ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
|         ) | |
|     Defendant-Appellee.          ) | |

Before: BOGGS, Circuit Judge.

Brenda Kay Leavy again moves the court to recall its mandate. The court has inherent authority to recall its mandate. *Patterson v. Haskins*, 470 F.3d 645, 661–62 (6th Cir. 2006). But "such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate." *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005) (order) (citation omitted). The power to recall a mandate "is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). A party seeking to recall a mandate must show exceptional circumstances that override the strong public policy in favor of the finality of judgments. *See Saikaly*, 424 F.3d at 517; *BellSouth Corp. v. FCC*, 96 F.3d 849, 851–52 (6th Cir. 1996). This court has suggested that "fraud upon the court, clarification of an outstanding mandate, and correction of a clerical mistake" are sufficiently extraordinary to warrant recall of the mandate. *BellSouth Corp.*, 96 F.3d at 852 (citations omitted).

- 2 -

As before, Leavy does not explain her delay in seeking to recall the mandate, which issued over two years ago; her late filing implicates concerns of finality. *Patterson*, 470 F.3d at 662 (citation omitted). Critically, however, Leavy does not identify an exceptional circumstance that would warrant recalling the mandate. Leavy's motion again argues the merits of her appeal, which does not provide a basis for recalling the court's mandate. And, contrary to her allegations, the court adjudicated both her ADA-accommodation and FMLA-retaliation claims. *See Leavy v. Fed. Express Corp.*, No. 21-5882, 2022 WL 19039658, at *4–*5 (6th Cir. Dec. 20, 2022).

Leavy's motion to recall the mandate is DENIED. Her motions to supplement, for sanctions, and to expedite are DENIED AS MOOT. The court previously warned Leavy that "further frivolous post-judgment filings may result in the imposition of sanctions, including filing restrictions or monetary fines." In light of Leavy's persistent submission of frivolous documents, the clerk is DIRECTED to reject and return unfiled additional filings in this closed appeal.

                                      ENTERED BY ORDER OF THE COURT

                                      Kelly L. Stephens, Clerk