## Cover Explanation for Motion

Appellant Brenda Kay Leavy, appearing pro se, respectfully submits this cover explanation in support of her Motion to Require Respondent to Address Prior Arguments Regarding Breast Cancer and Case Law.

Attached is a document submitted by FedEx Corporation in which it argued that Leavy's breast cancer was temporary and relied on case law that is now **outdated and no longer valid** (*Alderdice*, *Cassidy*, *Roush*, *Sutton*, and *Albertson's*).

Leavy seeks a written response from FedEx to clarify whether it maintains that position and to explain the legal reasoning behind the prior arguments. This is necessary to ensure **accuracy of the record**, **fair evaluation of retaliation claims under ADA and FMLA**, and **compliance with current law recognizing cancer as a disability under the ADA Amendments Act and EEOC guidance**.

Leavy respectfully requests that the Court review the attached document and order FedEx to respond within **14 days** of the Court's order.

1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

| | | |
|---|---|---|
| **BRENDA KAY LEAVY,** | ) | |
| | ) | **District Court Case No.: 19-cv-2705** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **Appellate Case No.: 21-5882** |
| **v.** | ) | |
| | ) | |
| **FEDEX CORPORATION,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

---

## MOTION TO REQUIRE RESPONDENT TO ADDRESS PRIOR ARGUMENTS REGARDING BREAST CANCER AND CASE LAW

---

Comes now the Appellant, Brenda Kay Leavy ("Leavy"), appearing *pro se*, and respectfully moves this Court to require Respondent FedEx Corporation ("FedEx") to respond to prior arguments made in this case concerning Appellant's breast cancer and the case law cited by FedEx. In support thereof, Leavy states as follows:

1. In prior filings, FedEx argued that Leavy's breast cancer was temporary and therefore not protected under the Americans with Disabilities Act (ADA).

2. In support of this argument, FedEx relied on case law that is **no longer good law**:

   o *Alderdice* (2000) – pre-ADAAA, superseded

   o *Cassidy* (1998) – pre-ADAAA, superseded

   o *Roush* (1996) – pre-ADAAA, superseded

   o *Sutton* (1999) and *Albertson's* (1999) – both overturned by Congress

3. The **ADA Amendments Act of 2008 (ADAAA)** and current EEOC guidance explicitly recognize that cancer constitutes a disability. FedEx's

2

reliance on outdated case law conflicts with the clear legal framework protecting Leavy's condition.

4. Leavy respectfully requests that FedEx provide a written response addressing:

   a. Why it previously argued that Leavy's breast cancer was temporary;

   b. The legal reasoning behind reliance on these outdated cases;

   c. Whether FedEx maintains that position or acknowledges the current ADA/ADAAA legal standard.

5. Leavy respectfully requests that the Court order FedEx to file a written response to this motion within 14 days of the Court's order.

**WHEREFORE**, Petitioner respectfully requests that the Court:

1. Require Respondent FedEx Corporation to file a written response addressing the issues outlined above; and
2. Grant any other relief deemed just and proper.

**Respectfully submitted,**

/s/Brenda Kay Leavy

Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cv
Memphis, TN 38141
October 30, 2025

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 30th day of October 2025, the foregoing document has been served via first class U.S. Mail, postage prepaid, upon:

Mr. Barak Jonathan Babcock

Federal Express Corporation

3620 Hacks Cross Road

Building B, 3rd Floor

Memphis, TN 38125

**/s/Brenda Kay Leavy**

Brenda Kay Leavy, Appellant Pro Se

5036 Overview Ridge Cv

Memphis, TN 38141

reliance on outdated case law conflicts with the clear legal framework protecting Leavy's condition.

4. Leavy respectfully requests that FedEx provide a written response addressing:

   a. Why it previously argued that Leavy's breast cancer was temporary;

   b. The legal reasoning behind reliance on these outdated cases;

   c. Whether FedEx maintains that position or acknowledges the current ADA/ADAAA legal standard.

5. Leavy respectfully requests that the Court order FedEx to file a written response to this motion within 14 days of the Court's order.

**WHEREFORE**, Petitioner respectfully requests that the Court:

1. Require Respondent FedEx Corporation to file a written response addressing the issues outlined above; and
2. Grant any other relief deemed just and proper.

**Respectfully submitted,**

*Brenda Kay Leavy*
Brenda Kay Leavy, Pro Se
5036 Overview Ridge Cv
Memphis, TN 38141
October 30, 2025

3

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 30th day of October 2025, the foregoing document has been served via first class U.S. Mail, postage prepaid, upon:

Mr. Barak Jonathan Babcock
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Brenda Kay Leavy, Appellant Pro Se
5036 Overview Ridge Cv
Memphis, TN 38141

4

*Tire & Rubber Co.*, 932 F.2d 510, 517 (6th Cir. 1991). It is the first and fifth elements that Leavy cannot prove.

    1.    Leavy's temporary condition was not substantially limiting a major life activity.

Similar to the plaintiff in *Alderdice v. American Health Holding, Inc.*, 118 F.Supp.2d 856 (S.D. Ohio 2000), Leavy's temporary condition is not substantially limiting under the factors enumerated in 29 C.F.R. § 1630.2(j)(2). As part of her *prima facie* case, Leavy must demonstrate she was disabled within the meaning of the ADA statute. *Alderdice,* 118 F.Supp.2d at 863. A disability within the meaning of the ADA, is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . or being regarded as having such impairment." *Id.* (*quoting* 42 U.S.C. § 12102(2)). The term "substantially limits" means an inability to perform or a significant restriction on the ability to perform as compared to the average person in the general population. *Id.* (*citing Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir. 1998); 29 C.F.R. § 1630.2(j)(1)). "Major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (quoting 29 C.F.R § 1630.2(j)(1)). Whether Leavy's breast cancer is a qualifying disability under the ADA is an individualized inquiry to be determined on a case-by-case basis. *Id.* (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 2142, 144 L.Ed.2d 450 (1999); *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 119 S.Ct. 2162, 2169, 144 L.Ed.2d 518 (1999); *Bragdon v. Abbott, 5*24 U.S. 624, 641-642, 118 S.Ct. 2196, 141 L.Ed2d. 540 (1998)).

There is no doubt Leavy's breast cancer constituted a physical impairment, and FedEx is not arguing that cancer can never be a disability for purposes of an ADA claim. But in order for Leavy to prove her cancer was a disability, she must also show that her physical impairment substantially limited a major life activity. *Alderdice*, 118 F.Supp.2d 856, 863. In determining whether an impairment substantially limits a major life activity, the Court must consider: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long-term

6